IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY<br><br>    Plaintiff,<br><br>v.<br><br>ALAN BLIZE and ASDI<br>INCORPORATED,<br>a Delaware Corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1. John J. Dougherty ("Dougherty") is an adult individual who is a citizen of the State of Pennsylvania and who was formerly employed by ASDI Incorporated ("ASDI") in New Castle County, Delaware.

2. Defendant Alan Blize is the co-owner and chief executive officer of ASDI, and as such has operational control over ASDI.

3. Defendant ASDI is a Delaware corporation with operations in the State of Delaware and with more than fifteen employees.

### JURISDICTION

4. This action is brought pursuant to this Court's jurisdiction over civil actions arising under the laws of the United States of America, under 29 U.S.C. § 1132 and 28 U.S.C. § 1331. Delaware state law claims are brought pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367.

## VENUE

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in this District.

## FACTUAL ALLEGATIONS

6. On August 16, 2006, ASDI sent Mr. Dougherty a written job offer (the "Agreement") for the position of Executive Director, Operations, which Mr. Dougherty accepted.

7. The Agreement provided for an annual salary of $87,500.00 plus bonuses.

8. The Agreement further provided benefits that included three weeks paid vacation, three sick days, two personal days, and six paid holidays (including New Years Day).

9. The Agreement also provided a benefit of a $25,000.00 life insurance policy, health and dental insurance, for which ASDI agreed to pay the premiums.

10. In connection with the Agreement, Mr. Blize asked Mr. Dougherty to assume the long-term responsibility of fixing many administrative problems at ASDI, which Mr. Blize estimated would take at least a year or two.

11. In reliance upon these and other representations, Mr. Dougherty left a secure, well-paying managerial position with Teva Pharmaceuticals in order to accept this high-level position with ASDI.

12. Mr. Dougherty reported to work on September 11, 2006.

13. On September 11, 2006, without prior notice or explanation, ASDI downgraded Mr. Dougherty's position from Executive Director to Senior Director.

14. Mr. Blize initially praised Mr. Dougherty for his performance and reassured him regarding the learning curve that the job entailed.

15. In late November 2006, an ASDI manager named Kabana Perkins advised Mr. Dougherty that Mr. Blize's wife, Trula K. Blize, Director of Staffing, had placed Mr. Perkins's safety at risk by divulging to an unsuccessful job applicant with a questionable background that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

16. Upon information and belief, Ms. Blize divulged this confidential information to the applicant even though she knew that the applicant was potentially dangerous.

17. Consistent with his administrative responsibilities, Mr. Dougherty met with Messrs. Perkins and Blize to discuss Mr. Perkins's concerns.

18. In that meeting, Mr. Dougherty reported the action by Ms. Blize and recommended that such confidential communications not be divulged to unsuccessful job applicants as a matter of workplace safety and in order to prevent violence in the workplace.

19. Mr. Blize initially assured Mr. Dougherty that he acted appropriately according to the duties of his position in proffering constructive criticism notwithstanding the fact that the Director of Staffing was Mr. Blize's wife.

20. However, a few days later, another ASDI employee warned Mr. Dougherty to "watch your back" because "Trula really has it in for you."

21. On December 1, 2006, Ms. Blize stated in an email directed to Mr. Perkins that Mr. Perkins had told her to inform the aforementioned applicant that it was Mr. Perkins's instructions not to hire the applicant.

22. Mr. Perkins informed Mr. Dougherty that Ms. Blize's claim was untrue, which Mr. Dougherty relayed to Mr. Blize.

23. Mr. Blize then threatened to fire Mr. Perkins for contradicting his wife.

24. On December 21, 2006, Mr. Blize told Mr. Dougherty that he was being stripped

...

of all "authority and responsibility" over operations, for a period of one month, so that he could be "re-trained."

25. Mr. Blize took this adverse employment action against Mr. Dougherty in retaliation for Mr. Dougherty's proper actions in reporting a potential workplace safety concern to Mr. Blize arising from Ms. Blize's handling of the unsuccessful applicant.

26. When Mr. Dougherty expressed his understanding that he would be only an "observer" during this one-month period, Mr. Blize confirmed that his role would be so limited.

27. Mr. Blize also told Mr. Dougherty that management responsibility was being reassigned to a committee that did not include him.

28. During the week of December 26, 2006, Mr. Dougherty asked Mr. Blize whether the weekly meetings between them, at which Mr. Dougherty would report on the status of projects over which he had responsibility, would be discontinued. Mr. Blize confirmed that such meetings would be discontinued and that, specifically, Mr. Dougherty would not meet with him during the week of December 26 because Mr. Dougherty no longer had responsibility over projects but rather was an "observer."

29. Monday, January 1, 2007, was a paid holiday. On Tuesday, January 2, 2007, Mr. Dougherty reported to work and was called into a conference room at approximately 1:00 p.m. Notwithstanding the fact that ASDI had previously stripped Mr. Dougherty of all management authority and responsibility, Mr. Blize blamed Mr. Dougherty for a delay in a project for Cephalon that occurred in the week between Christmas and New Year's Day. Mr. Blize indicated that he was placing Mr. Dougherty on a "leave of absence." Mr. Blize did not indicate, either orally or in writing, that such leave would be without pay.

30. Mr. Dougherty was immediately escorted from the premises.

31. ASDI did not have in place at that time any written policy applicable to all employees regarding unpaid suspension for violation of conduct rules or otherwise.

32. On January 4, 2007, Mr. Dougherty emailed Mr. Blize requesting clarification of his employment status. Mr. Blize and ASDI ignored his inquiry.

33. On Friday, January 19, 2007, Mr. Dougherty inquired about ASDI's failure to deposit his semi-monthly pay check into his bank account, as was its normal practice.

34. In response, ASDI's director of finance informed Mr. Dougherty that Mr. Blize had decided, just that week, not to pay Mr. Dougherty for the pay period beginning January 1.

35. Throughout that time, Mr. Dougherty remained ready and willing to return to work.

36. At no point through January 19 did ASDI (or any agent thereof) either advise Mr. Dougherty of any change in the rate of his pay, or that his "leave of absence" had been transformed into termination of employment.

37. On January 23, 2007, Mr. Dougherty sent to Ms. Blize an email requesting that he be permitted to inspect his personnel file. Mr. Blize and ASDI refused that request by ignoring it.

38. On February 15, 2007, Mr. Dougherty, through counsel, wrote to ASDI seeking an amicable resolution of this matter.

39. ASDI kept Mr. Dougherty on its health insurance plan until May 3, 2007.

40. On May 18, 2007, Mr. Dougherty received a COBRA notification form from ASDI notifying him of his right to health care continuation benefits.

41. The COBRA notice form states that the date of Mr. Dougherty's termination (the date he qualified for COBRA coverage) was May 3, 2007.

42. ASDI failed to supply a rate sheet at any time through the end of May 2007.

43. On May 22, 2007, Mr. Dougherty requested via email information required by COBRA. Mr. Dougherty received no reply.

44. ASDI finally sent Mr. Dougherty a rate sheet on June 13, 2007.

45. Mr. Dougherty has continued to attempt to find comparable full-time employment since the end of January 2007 but has been unsuccessful.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT

46. Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

47. In violation of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), Defendants Mr. Blize and ASDI, who both are employers under FLSA, unlawfully paid / failed to pay Mr. Dougherty.

48. Through such acts, pursuant to 29 U.S.C. § 216, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) unpaid wages; (2) an additional equal amount as liquidated damages; (3) mandatory reasonable attorney's fees; and (4) mandatory costs of the action.

## COUNT TWO
## VIOLATION OF COBRA / ERISA

49. Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

50. In violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161 et seq., which amended the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendants Mr. Blize and ASDI, who both were employers and plan administrators, failed to notify Mr. Dougherty, who was a qualified beneficiary of a

group health plan, of his entitlement to continuation coverage, within the time period required by COBRA.

51.  In further violation of COBRA, Mr. Blize and ASDI included in the untimely notice false and / or deceptive information.

52.  Also in violation of COBRA, Mr. Blize and ASDI failed to supply required information including a rate sheet.

53.  Through such acts, pursuant to 29 U.S.C. § 1132, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) civil penalties for each violation from the date of each such violation; (2) discretionary reasonable attorney's fees; and (3) discretionary costs of action.

## COUNT THREE
## VIOLATION OF DELAWARE'S WAGE PAYMENT & COLLECTION ACT

54.  Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

55.  In violation of Delaware's Wage Payment and Collection Act, 19 Del. C. § 1101 *et seq.* (the "Wage Act"), Defendants Mr. Blize and ASDI, who both were employers under the Wage Act, unlawfully withheld from Mr. Dougherty wages and / or benefits and wage supplements, as those terms are defined by the Wage Act.

56.  Mr. Blize and ASDI further violated the Wage Act by failing to notify Mr. Dougherty of a reduction in his regular rate of pay, through a posted notice maintained in a place accessible to Mr. Dougherty where he normally passed, prior to the time of such reduction.

57.  Through such acts, pursuant to 19 Del. C. §§ 1103, 1112, and 1113, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) a civil penalty of not less than $1,000 nor more than $5,000 for each violation or act of non-compliance with the Wage Act; (2) the amount of all unpaid wages and / or benefits and wage supplements; (3) an additional amount of 10 percent of

the unpaid wages for each day, except Sunday and legal holidays, upon which such failure has continued (and will continue) after the days upon which payments were required or in an amount equal to the unpaid wages, whichever is smaller; (4) mandatory reasonable attorney's fees; and (5) mandatory costs of this action.

## COUNT FOUR
### VIOLATION OF DELAWARE'S WHISTLEBLOWER PROTECTION ACT

58.  Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

59.  In violation of the Delaware Whistleblowers' Protection Act, 19 Del. C. § 1701, *et seq.*, (the "Whistleblower Act"), Defendants Mr. Blize and ASDI, who both are employers under the Whistleblower Act, unlawfully discharged Mr. Dougherty primarily because he verbally reported to Mr. Blize an act that was materially inconsistent with, and a serious deviation from, standards implemented pursuant to a law, rule, or regulation promulgated under the laws of Delaware, a political subdivision of Delaware, and the United States, to protect employees or other persons from health, safety, or environmental hazards while on the employer's premises or elsewhere.

60.  Through such act, pursuant to 19 Del. C. §1704, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) back wages; (2) expungement of records relating to disciplinary action and discharge; (3) actual damages; (4) discretionary attorneys' fees; and (5) discretionary costs of litigation.

## COUNT FIVE
### VIOLATION OF DELAWARE'S RIGHT TO INSPECT PERSONNEL FILE ACT

61.  Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

62. In violation of Delaware's Right to Inspect Personnel Files Act (the "Personnel Files Act"), 19 Del. C. § 730, *et seq.*, Mr. Blize and ASDI, who both are employers under the Personnel Files Act, unlawfully refused Mr. Dougherty access to a personnel file.

63. Through such act, pursuant to 19 Del. C. § 735, Mr. Blize and ASDI are liable to Mr. Dougherty for a civil penalty of not less than $1,000 nor more than $5,000 for each violation.

## COUNT SIX
## VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING

64. Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

65. Under Delaware law, Mr. Dougherty's employment relationship with ASDI included an implied covenant of good faith and fair dealing.

66. ASDI, acting by and through its agent, servants and employees, terminated Mr. Dougherty's employment due to his verbal report to Mr. Blize regarding Ms. Blize's singling-out of the employee responsible for an applicant's failure to be hired, to which Mr. Dougherty occupied a position at ASDI to oppose.

67. The actions of ASDI were taken with malice and/or disregard of Mr. Dougherty's protected rights, in that ASDI, through fraud, deceit and misrepresentation, manufactured false grounds to terminate Mr. Dougherty's employment.

68. In addition, the actions of ASDI were in violation of federal public policy and / or public policy of the State of Delaware.

69. ASDI, rather than conducting an employment relationship in good faith based upon fair dealing, breached the implied covenant of good faith and fair dealing under Delaware law through its actions as described in the foregoing paragraphs, and as a result, breached the

employment contract with Mr. Dougherty causing significant financial injury to him.

**WHEREFORE**, Mr. Dougherty respectfully requests this Court enter judgment in favor of Mr. Dougherty and against Mr. Blize and ASDI as follows:

1. Declaring the conduct engaged in by Mr. Blize and ASDI to be in violation of Mr. Dougherty's rights.

2. Ordering expungement of records relating to any disciplinary action and discharge of Mr. Dougherty's employment;

3. Awarding past lost wages and wage supplements;

4. Awarding future lost wages and wage supplements in lieu of reinstatement;

5. Awarding statutory liquidated damages and/or punitive damages;

6. Awarding statutory penalties;

7. Awarding attorneys' fees;

8. Awarding costs;

9. Awarding pre and post judgment interest; and

10. Ordering any other relief that the Court deems just and appropriate.

                                                    CONNOLLY BOVE LODGE & HUTZ LLP

                                                    /s/ Timothy M. Holly
                                                    Matthew F. Boyer (Del. Bar No. 2564)
                                                    Email: Mboyer@cblh.com
                                                    Timothy M. Holly (Del. Bar No. 4106)
                                                    Email: Tholly@cblh.com
                                                    Josiah R. Wolcott (Del. Bar No. 4796)
                                                    Email: Jwolcott@cblh.com
                                                    The Nemours Building
                                                    1007 North Orange Street
                                                    P.O. Box 2207
                                                    Wilmington, Delaware 19899

Date: October 26, 2007                  (302) 658-9141
555666 14906*00007                     *Attorneys for John J. Dougherty*

11

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by the Rules of Court. This form, approved by the Judicial Conference of the united States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the Civil Docket Sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF
John J. Dougherty

## DEFENDANTS
Alan Blize and ASDI Incorporated

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   NCC, DE
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEY'S (Firm Name, Address, and Telephone Number)
Timothy M. Holly, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899,
(302)-658-9141

ATTORNEYS (IF KNOWN)

Barry M. Willoughby, Esquire

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not A Party)
☐ 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [X]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [X]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐110 Insurance
- ☐120 Marine
- ☐130 Miller Act
- ☐140 Negotiable Instrument
- ☐150 Recovery of Overpayment & Enforcement of Judgment
- ☐151 Medicare Act
- ☐152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐153 Recovery of Overpayment of Veteran's Benefits
- ☐160 Stockholders' Suits
- 190 Other Contract
- ☐195 Contract Product Liability

**REAL PROPERTY**
- ☐210 Land Condemnation
- ☐220 Foreclosure
- ☐230 Rent Lease & Ejectment
- ☐240 Torts to Land
- ☐245 Tort Product Liability
- ☐290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐310 Airplane
- ☐315 Airplane Product Liability
- ☐320 Assault, Libel & Slander
- ☐330 Federal Employers' Liability
- ☐340 Marine
- ☐345 Marine Product Liability
- ☐350 Motor Vehicle
- ☐355 Motor Vehicle Product Liability
- ☐360 Other Personal Injury

CIVIL RIGHTS
- ☐441 Voting
- 442 Employment
- ☐443 Housing/Accommodations
- ☐444 Welfare
- ☐440 Other Civil Rights

**PERSONAL INJURY**
- ☐362 Personal Injury - Med. Malpractice
- ☐365 Personal Injury - Product Liability
- ☐368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- ☐371 Truth in Lending
- ☐380 Other Personal Property Damage
- ☐385 Property Damage Product Liability

PRISONER PETITIONS
- ☐510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐530 General
- ☐535 Death Penalty
- ☐540 Mandamus & Other
- ☐550 Other

**FORFEITURE/PENALTY**
- ☐610 Agriculture
- ☐620 Other Food & Drug
- ☐625 Drug Related Seizure of Property 21 USC 881
- ☐630 Liquor Laws
- ☐640 R.R. & Truck
- ☐650 Airline Regs.
- ☐660 Occupational Safety/Health
- ☐690 Other

LABOR
- 710 Fair Labor Standards Act
- ☐720 Labor/Mgmt. Relations
- ☐730 Labor/Mgmt. Reporting & Disclosure Act
- ☐740 Railway Labor Act
- ☐790 Other Labor Litigation
- [X] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐422 Appeal 28 USC 158
- ☐443 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐820 Copyrights
- X 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐400 State Reapportionment
- ☐410 Antitrust
- ☐430 Banks and Banking
- ☐450 Commerce/ICC Rates/etc.
- ☐460 Deportation
- ☐470 Racketeer Influenced and Corrupt Organizations
- ☐810 Selective Service
- ☐850 Securities/Commodities/Exchange
- ☐875 Customer Challenge 12 USC 3410
- ☐891 Agricultural Acts
- ☐892 Economic Stabilization Act
- ☐893 Environmental Matters
- ☐894 Energy Allocation Act
- ☐895 Freedom of Information Act
- ☐900 Appeal of Fee Determination Under Equal Access to Justice
- ☐950 Constitutionality of State Statutes
- ☐890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1331
28 U.S.C. §1367
28 U.S.C. §1391
29 U.S.C. §1132

## VII REQUESTED IN complaint:
☐ CHECK IF THIS IS A CLASS ACTION COMPLAINT: UNDER F.R.C.P. 23

**DEMAND $** To be determined at trial
**JURY DEMAND:** [X] YES [ ] NO
CHECK YES only if demanded in

## VIII RELATED CASE(S) IF ANY (See instructions) _____  DOCKET NUMBER _____

DATE 10/26/07   SIGNATURE OF ATTORNEY OF RECORD  *Tim M. Holly*

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____07-674_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

___10/26/07___
(Date forms issued)

_____[signature]_____
(Signature of Party or their Representative)

John D. Ritter
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action