IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-674-SLR |
| | ) |
| ALAN BLIZE and ASDI | ) JURY TRIAL DEMANDED |
| INCORPORATED, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Defendants hereby state their answer, general and specific denials, defenses and affirmative defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Admitted that Defendant, ASDI Incorporated ("ASDI") is a Delaware corporation with its principal place of business in New Castle County, Delaware. It is further admitted that ASDI has more than fifteen employees. Admitted that Defendant, Alan Blize, is Chief Executive Officer of ASDI, and that Plaintiff, John J. Dougherty ("Dougherty") is an adult individual who was formerly employed by ASDI. Defendants believe and, therefore, admit, upon information and belief, that Dougherty is a resident of the State of Pennsylvania.

Admitted that Plaintiff purports to bring this action pursuant to the laws of the United States of America, 29 U.S.C. § 1132 and 28 U.S.C. § 1331, and that Plaintiff asserts that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. It is likewise admitted that venue is appropriate in the U.S. District Court for Delaware. It is denied that there is any factual or legal merit to Plaintiff's allegations.

Admitted that Plaintiff was employed with Defendant ASDI, and began work on or about September 11, 2006. It is likewise admitted that ASDI sent Plaintiff a letter dated August 16, 2006, which speaks for itself. Admitted that Defendant Blize advised Plaintiff that he had performance problems. It is further admitted that Plaintiff was placed on a leave of absence due to his performance difficulties. Admitted that Plaintiff employed counsel who sent ASDI a letter dated February 15, 2007, which letter speaks for itself. It is further admitted that Plaintiff received a COBRA notification form on or about May 18, 2007, which notice speaks for itself. It is further admitted that Plaintiff received a rate sheet for COBRA continuation benefits. Defendants deny each and every other allegation of the Complaint and will demand strict proof thereof.

Defendants specifically deny that they violated the Federal Fair Labor of Standards Act of 1938, as amended, 29 U.S.C. § 2001, *et. seq.* ("FLSA") including the allegation that Defendant Blize is an "employer" within the meaning of the FLSA. It is further denied that any unpaid wages, damages, attorneys' fees, or costs are due.

Defendants likewise deny that they violated the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1661, *et seq.* and/or the Employer Retirement Income Security Act of 1974 ("ERISA") and that Defendant Blize is an employer or plan administrator within the meaning of that statute. It is further denied that Defendant Blize or Defendant ASDI are liable to Plaintiff in any respect for civil penalties, attorneys' fees, or costs.

It is further specifically denied that Defendants violated the Delaware Wage Payment and Collection Act, 19 *Del. C.* § 1101, *et seq.,* including the allegation that Defendant Blize is an "employer" within the meaning of the statute. It is further denied that Defendants unlawfully withheld wages, benefits, or wage supplements from Plaintiff as defined in the Act.

It is further denied that Defendants violated the Delaware Whistleblower Protection Act, 19 *Del. C.* § 1701, *et seq.*, and that Defendant Blize is an "employer" within the meaning of that statute. It is further denied that Plaintiff was discharged in violation of the Act and/or engaged in any actions protected by the statute.

Defendants further deny any violation of a Delaware Right to Inspect Personnel Files Act, 19 *Del. C.* § 730 *et seq.* including the allegation that Mr. Blize is an "employer" within the meaning of the statute. It is further denied that Defendants unlawfully refused Plaintiff's access to his personnel file and/or that Defendants are liable to Plaintiff for civil penalties, or in any other respect.

Defendants likewise deny that they violated any common law or other duty to Plaintiff including specifically the allegation that they violated the implied covenant good faith and fair dealing.

Defendants further deny that they commit any wrongful act and that any legal, equitable or other relief of any kind is due Plaintiff.

### SECOND DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## FOURTH DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

## SIXTH DEFENSE

Plaintiff has waived or is estopped from asserting his claims.

## SEVENTH DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. 1016)
Margaret M. DiBianca, Esquire (I.D. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; 5008
Facsimile: (302) 576-3345; 3476
Email: bwilloughby@ycst.com;
mdibianca@ycst.com
Attorneys for Defendants

Dated: November 26, 2007