IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, this case involves confidential information, and the parties believe that certain information in their possession, custody or control, and certain of their documents, which are or will be encompassed by discovery requests, contain confidential personnel and commercial information;

WHEREAS, each party plans to conduct discovery which, unless subject to protective order, will or is likely to require the other to disclose confidential information which is, or may be, relevant to the subject matter of this proceeding;

WHEREAS, each party has consented and agreed to conduct discovery under and be bound by this Confidentiality Stipulation and Protective Order, starting from the dates of the signatures of their undersigned attorneys of record; and

WHEREAS, there is good cause for this Confidentiality Stipulation and Protective Order, and it will not compromise the public interest in any way;

IT IS HEREBY STIPULATED AND AGREED THAT:

1. This Confidentiality Stipulation and Protective Order governs the handling of "discovery material," which term as used herein means all documents, records, tangible materials, depositions, testimony, exhibits, interrogatories and answers thereto, requests for production and responses thereto, requests for admission and responses thereto, and all other material or information produced, disclosed, served or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries in connection with this action.

2. The provisions of this Confidentiality Stipulation and Protective Order shall apply to: (1) the parties to this action; (2) counsel of record for the parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action; (3) court reporters; (4) experts or consultants retained by any party; and (5) any person who agrees to be bound by the terms of this Confidentiality Stipulation and Protective Order.  As used herein, "person" includes the named parties and others who have agreed to be bound by this Stipulation and Protective Order.  "Parties" is limited to the named parties in this action.

3. A party or person who provides, serves, discloses or files any non-public information in connection with this action, and who in good faith believes such discovery material contains trade secrets or non-public technical, commercial, financial, or business information, is defined herein as the "designator."

4. Confidential information shall be defined for purposes of this Order to include information that is not otherwise publicly available (i.e., information a party obtains through a source other than the opposing party) and that includes the following:

(a) Personnel files, employee lists, wage, salary, or other employment information, business plans or reports; technical data; customer need and design information; bid documents; company policies, procedures and practices; and information concerning market strategy, customers, personnel and endorsing organizations; or other proprietary data or trade secrets;

(b) Any document or information required by contract or agreement to be kept confidential, including settlement agreements.

5. Confidential information shall be subject to the following restrictions:

(c) Confidential information shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in subparagraph (b).

(d) Confidential information may be disclosed solely for the purposes set forth above, only to:

    (1) The parties;

    (2) Counsel of record for the parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action;

    (3) The Court, court personnel, and court reporters;

    (4) Persons reasonably designated in good faith by counsel for the purpose of acting as witnesses in this case; or

    (5) Any person to whom the designator agrees in writing.

(e) All submissions to the Court which disclose confidential information shall be filed under seal, the procedures for which are set forth in the Local Rules.

6. Confidential information shall be designated as follows:

(f) In the case of documents, designation shall be made by providing a list of the documents (referenced by bates numbers) that the designator deems confidential. The receiving party may contest the designation, in which case paragraph seven (7) shall apply.

(g) In the case of depositions, designation of the portion of the transcript (including exhibits), which contains confidential information shall be made in writing, by the party seeking clarification of the matter, and sent to all counsel within twenty business days after receipt of the transcript. The list of designated portions shall be provided to all other parties, and to the Court Reporter for attachment to the final transcript.

7. If a party challenges a designation, it shall give notice to the designator, and they shall attempt to reach agreement without resort to the Court. If the challenge cannot be expeditiously and informally resolved, either the designator or the challenging party may apply for a ruling from the Court in accordance with the Court's Order herein. The discovery material in issue shall continue to be treated as designated until the Court orders otherwise.

8. Any designator may, at any time, withdraw the designation of any confidential information identified as such by that designator.

9. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall, promptly upon discovery of such inadvertent disclosure, inform the receiving party in writing and the receiving party shall thereafter treat the information as confidential information under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party immediately shall so inform

the designator and shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

10. If it should appear as discovery progresses in this proceeding that one or more provisions of this Confidentiality Stipulation and Protective Order are not practicable, or that additional provisions would make it more practicable, then upon agreement of the parties and their attorneys, this Confidentiality Stipulation and Protective Order may be amended by means of a stipulation signed by the attorneys for the parties and approved by the Court.

11. This Confidentiality Stipulation and Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

12. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to affect in any way the admissibility or use of any document, tangible thing, testimony, or other evidence at trial, nor shall anything herein be construed to limit in any way a designator's use of its own discovery material or confidential information.

13. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

[Signatures continued onto next page]

| CONNOLLY BOVE LODGE & HUTZ, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Timothy M. Holly, Esq.* | */s/ Margaret M. DiBianca, Esq.* |
| Timothy M. Holly (Bar I.D. 4106) | Barry M. Willoughby, Esquire (Bar I.D. 1016) |
| The Nemours Building | Margaret M. DiBianca, Esquire (Bar I.D. 4539) |
| 1007 North Orange Street | 1000 West Street |
| P.O. Box 2207 | The Brandywine Building, 17th Floor |
| Wilmington, DE 19899 | Wilmington, Delaware 19801 |
| Telephone: (302) ) 252-4217 | Telephone: (302) 571-5008 |
| Facsimile: (302) 658-0380 | Facsimile: (302) 576-3476 |
| E-mail: tholly@cblh.com | E-mail: mdibianca@ycst.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge