## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION TO DEFENDANT ASDI INCORPORATED

TO:    Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff John J. Dougherty ("Dougherty") will take the deposition of the person most knowledgeable at ASDI Incorporated ("ASDI") on the topics identified below at the law offices of Connolly Bove Lodge & Hutz LLP, 1007 North Orange Street, Wilmington, Delaware 19899 immediately after the deposition of Alan Blize, which is noticed for May 19, 2008, at 9:00 a.m.

Said deposition will be taken before a certified shorthand reporter authorized to administer oaths in the United States, and may be videotaped and done in real time. The oral examination will continue from day to day, weekends and holidays excepted, until completed.

ASDI is requested to designate one or more persons most knowledgeable with respect to the topics identified in the attached Exhibit A, who shall be prepared to testify as to those topics, and shall testify as to matters known or reasonably available to the deponent.

## Subpoena Duces Tecum

The deponents are requested to bring to the deposition the documents responsive to the issues listed in Exhibit B for inspection and copying. It is requested that, if possible, the documents be produced at least three (3) business days prior to the deposition in lieu of production on the date of deposition.

CONNOLLY BOVE LODGE & HUTZ LLP

_Tim M. Holly_

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Date: April 14, 2008                    *Attorneys for John J. Dougherty*
CBLH: 599848

# EXHIBIT A

## EXHIBIT A

The matters which are to be the subject of inquiry are:

1.     All subjects included in Dougherty's First Set of Interrogatories.

2.     Every person and / or entity responsible for notification under any ERISA qualified plan of ASDI.

3.     All practices and procedures of conducting and recording evaluations / reviews of the performance as any ASDI employee, including Dougherty.

4.     All practices and procedures of preparing, distributing and recording pay records for any employee of ASDI, including Dougherty.

5.     The number of employees of ASDI who are classified as tax exempt on each of the following dates:  January 1, 2006, August 16, 2006, January 1, 2007, the date of this deposition, and on the date of trial.

6.     Every tax exempt employee of ASDI that was placed on suspension since January 1, 2006 and how they were paid by ASDI, if they were paid.

7.     All policies and procedures applicable to all employees pertaining to non-payment of wages during any suspension.

8.     The contents of Dougherty's personnel file.

9.     All standards acknowledged by ASDI as applying to ASDI for the protection of its employees from health, safety, or environmental hazards.

10.     All documents, communications and conversations relating to the November 2006 Complaint and the meeting between Dougherty, Kabana Perkins, and Alan Blize described in the Complaint.

       11.    All practices and procedures used by ASDI to notify employees of the right to receive COBRA benefits.

# EXHIBIT B

**EXHIBIT B**

**DUCES TECUM:** The deponents shall bring to the deposition all documents that refer or relate in any way to:

1.      All documents included in Dougherty's First Request for the Production of Documents.

2.      All documents which relate or refer in any way to Plaintiff's employment with ASDI, including but not limited to, employment applications, performance evaluations / reviews of Plaintiff's performance as an ASDI employee, records of wages and fringe benefits, other pay records, employee handbooks, acknowledges of receipt of employee handbooks, policy manuals, disciplinary rules, notification of wage changes, notification of awards and honors, notification of warnings or other disciplinary actions taken against Plaintiff, correspondence or memoranda and documents to and from Plaintiff.

3.      From August 16, 2006 forward (including specifically, but not limited to, the dates of January 2, 2007, January 4, 2007, January 19, 2007, January 23, 2007, and May 23, 2007), all emails, reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff, Alan Blize, Trula Blize, Kabana Perkins concerning Plaintiff's employment or termination of employment.

4.      All documents, including, but not limited to, any statement from any person (signed or unsigned), concerning the allegations or defense(s) in this case.

5.      All documents which mention, discuss, describe, relate to, refer to, or embody in any way any defense on which Defendants intend to rely in defense of this case.

6.    All documents which relate or refer in any way to Plaintiff's November 2006 Complaint regarding Trula Blize.

7.    All documents which relate or refer in any way to any discipline of Plaintiff by ASDI.

8.    All documents which relate or refer in any way to the knowledge of any person who was involved in Plaintiff's November 2006 Complaint regarding Trula Blize.

9.    All documents which relate or refer in any way to Plaintiff's COBRA rights and / or ASDI and / or Blize's obligations attendant thereto.

10.    All documents which pertain to health, safety, or environmental hazards.

11.    All documents which relate or refer in any way to the termination of Plaintiff's employment with ASDI.

12.    All documents which relate or refer in any way to communications between ASDI employees regarding the events that gave rise to this lawsuit, or the subject matter of this litigation.

## DEFINITIONS

1.      "Complaint" means the complaint filed in Civil Action No. 07-674-SLR-LPS.

      a.  "November 2006 Complaint" means Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

2.      "You"," "your," and "Defendants" mean Alan Blize ("Blize") and / or ASDI.

3.      "Document" means any written, printed, typed or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and any copies bearing notations or marks not found on the original, and includes, but is not limited to:

      a.  all contracts, agreements, representations, warranties, certificates, opinions;

      b.  all letters or other forms of correspondence or communications, including envelopes, notes, electronic mail, telegrams, cables, telex messages, messages (including reports, notes, notations and memoranda of or relating to telephone conversations or conferences);

      c.  all memoranda, reports, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate

records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations;

      d.    all desk calendars, appointment books, diaries;

      e.    all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals;

      f.    all minutes or transcripts of all meetings;

      g.    all photographs, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained; and

      h.    all files from any personal computer, notebook, or laptop computer, file server, minicomputer, mainframe computer, or other storage device, including but not limited to hard disk drives or backup or archival tapes (whether stored on-site or at an off-site storage facility) and any other form or manifestation of electronically stored and/or retrieved electronic information, including but not limited to e-mail.

    4.    "Identify", "Identity" or "Identification":

      a.    When used in reference to a natural person, the terms "identify", "identity" or "identification" mean provide (i) full name; (ii) present or last known business address and telephone number and residence address and telephone number; (iii) present or last known business affiliation; and (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities).

b.    When used with reference to any entity other than a natural person, the terms "identify", "identity" or "identification" mean provide (i) its full name; (ii) the address of its principal place of business; and (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these requests.

c.    When used in reference to a document, the terms "identify", "identity" or "identification" mean provide (i) the nature of the document (e.g., letter, contract, memorandum, electronic mail) and any other information (i.e., its title, index or file number) that would facilitate the identification thereof; (ii) its date of preparation; (iii) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and its disposition; (iv) its subject matter and substance; (v) the identity (as defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vi) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

d.    When used in connection with an oral communication, the terms "identify", "identity" or "identification" mean provide (i) its general nature (i.e., conference, telephonic communication, etc.); (ii) the time and place of its occurrence; (iii) its subject matter and substance; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any

knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

     5.     Miscellaneous:

     a.     The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter genders; the neuter gender includes the masculine and feminine genders.

     b.     "And" means and/or; "or" means and/or.

     c.     "Include", "includes" and "including" shall be construed to mean "without limitation".

     d.     "Any" means and any and all; "all" means any and all.

     e.     "Each": Whenever any interrogatory calls for information with respect to "each" one of a particular type of matter, event, person or entity, of which there is more than one, separately list, set forth or identify for each thereof all of the information called for.