Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN BLIZE and ASDI INCORPORATED,<br>a Delaware corporation,<br><br>    Defendant. | C.A. No. 07-674-SLR<br><br>**JURY TRIAL DEMANDED** |

TO:    Ms. Trula K. Blize
          c/o Margaret M. DiBianca, Esquire
          Young Conaway Stargatt & Taylor LLP
          1000 West Street, 17th Floor
          P.O. Box 391
          Wilmington, Delaware 19899

**[ ] YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | | DATE DATE AND TIME |

**[X] YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street, 10th Floor<br>Wilmington, Delaware 19899 | May 21, 2008, at 9:00 a.m. |

**[X] YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Connolly Bove Lodge & Hutz LLP<br>The Nemours Building, 1007 N. Orange St., P.O. Box 2207 | May 14, 2008, at 12:00 p.m. |

**[ ] YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Timothy M. Holly, Esq., Attorney for Plaintiff John Dougherty | April 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy M. Holly, Esquire
Connolly Bove Lodge & Hutz LLP, The Nemours Building, 1007 N. Orange St., P.O. Box 2207
Wilmington, DE 19899, (302)-252-4217

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)
1 If action is pending in district other than district of issuance, state district under case number.

600379-1

## PROOF OF SERVICE

| | | |
|---|---|---|
| SERVED | DATE 4/14/08 | PLACE Young Conaway Stargatt + Taylor 1000 West St. Ste 1700 Wilmington DE 19899 |
| SERVED ON (PRINT NAME) Tryla K. Blize c/o Margaret DiBianca | | MANNER OF SERVICE By Hand |
| SERVED BY (PRINT NAME) Shaina Carl | | TITLE |
| Ronald Lennon | | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/14/08
DATE

SIGNATURE OF SERVER Ronald F. Lennon

ADDRESS OF SERVER
230 N Market St.
Wilmington DE
19801

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
  (B) If a subpoena
   (i) requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party o contest the claim.

600379-1

# EXHIBIT A

## EXHIBIT A

**DUCES TECUM:** The deponent shall produce prior to the deposition all documents that refer or relate in any way to:

1. All emails, letters and other documents to, from, or regarding Plaintiff, which are in or subject to your custody and control.

2. All documents, including personal notes, memoranda, diary entries, and all other forms of communications reduced to writing, regarding Plaintiff.

3. All emails, letters, and other documents regarding placing tax exempt employees on disciplinary leave and the methods and means by which such employees were paid, if they were paid at all.

4. All emails, letters, and other documents regarding the November 2006 Complaint and meeting between Alan Blize, Plaintiff, and Mr. Kabana Perkins.

5. All emails, letters, and other documents regarding Plaintiff's request for a copy of his personnel file.

6. All emails, letters, and other documents regarding sending to Plaintiff the notice regarding any COBRA benefits that he may have had.

7. All documents, including personal notes, memoranda, diary entries, and all other forms of communications reduced to writing, regarding health, safety, or environmental hazards within the workplace, specifically within ASDI.

600379-1

## DEFINITIONS

1.  "Complaint" means the complaint filed in Civil Action No. 07-674-SLR-LPS.

    a.  "November 2006 Complaint" means Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

2.  "You" or "your" mean Trula K. Blize.

3.  "Document" means any written, printed, typed or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and any copies bearing notations or marks not found on the original, and includes, but is not limited to:

    a.  all contracts, agreements, representations, warranties, certificates, opinions;

    b.  all letters or other forms of correspondence or communications, including envelopes, notes, electronic mail, telegrams, cables, telex messages, messages (including reports, notes, notations and memoranda of or relating to telephone conversations or conferences);

    c.  all memoranda, reports, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations;

    d.  all desk calendars, appointment books, diaries;

    e.  all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals;

    f.  all minutes or transcripts of all meetings;

    g.  all photographs, microfilms, phonographs, tapes or other records, punch cards,

600379-1

magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained; and

      h.    all files from any personal computer, notebook, or laptop computer, file server, minicomputer, mainframe computer, or other storage device, including but not limited to hard disk drives or backup or archival tapes (whether stored on-site or at an off-site storage facility) and any other form or manifestation of electronically stored and/or retrieved electronic information, including but not limited to e-mail.

    4.    "Identify", "Identity" or "Identification":

      a.    When used in reference to a natural person, the terms "identify", "identity" or "identification" mean provide (i) full name; (ii) present or last known business address and telephone number and residence address and telephone number; (iii) present or last known business affiliation; and (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities).

      b.    When used with reference to any entity other than a natural person, the terms "identify", "identity" or "identification" mean provide (i) its full name; (ii) the address of its principal place of business; and (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these requests.

      c.    When used in reference to a document, the terms "identify", "identity" or "identification" mean provide (i) the nature of the document (e.g., letter, contract, memorandum, electronic mail) and any other information (i.e., its title, index or file number) that would facilitate the identification thereof; (ii) its date of preparation; (iii) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and its disposition; (iv) its subject matter and substance; (v) the identity (as

defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vi) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

    d.    When used in connection with an oral communication, the terms "identify", "identity" or "identification" mean provide (i) its general nature (i.e., conference, telephonic communication, etc.); (ii) the time and place of its occurrence; (iii) its subject matter and substance; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

5.    Miscellaneous:

    a.    The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter genders; the neuter gender includes the masculine and feminine genders.

    b.    "And" means and/or; "or" means and/or.

    c.    "Include", "includes" and "including" shall be construed to mean "without limitation".

    d.    "Any" means and any and all; "all" means any and all.

    e.    "Each": Whenever any interrogatory calls for information with respect to "each" one of a particular type of matter, event, person or entity, of which there is more than one, separately

list, set forth or identify for each thereof all of the information called for.

600379-1