IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 07-674-SLR/LPS |
| ) | |
| ALAN BLIZE and ASDI ) | |
| INCORPORATED, a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

Defendants Alan Blize and ASDI Incorporated ("ASDI") hereby respond to Plaintiff's Motion for Leave to Amend the Complaint (D.I. 26), as follows:

1. Plaintiff John J. Dougherty has moved this Court for leave to amend his Complaint, which was first filed with the Court on October 26, 2007.[1] By his Motion, Plaintiff seeks to amend Count One, which alleges a claim under the Fair Labor Standards Act ("FLSA").

2. As originally pled, Count One asserts that Defendants "unlawfully paid / failed to pay" Plaintiff. Count One seeks remedies in the form of "unpaid wages," liquidated damages, and fees and costs. If amended, Count One would also assert that, "through the implementation of an unlawful deduction policy, the exemption was lost."[2] The amendment requests an additional remedy in the form of "non-paid overtime."[3]

3. Subsequent to the filing of the present Motion, Plaintiff's counsel notified the undersigned that Plaintiff would withdraw the claim alleging a violation of the Delaware Wage

---

[1] (D.I. 1).

[2] Although not stated directly, Defendants believe that the term "exemption" is actually referring to the "overtime exemption" as provided by the FLSA. (D.I. 26-2 at ¶ 48).

[3] (D.I. 26-2 at ¶ 49).

Payment and Collection Act, 19 Del. C. § 1101 ("DWPCA"), as asserted in Count Three of the Complaint.[4]  It is Defendants' understanding based on the correspondence between parties' counsel that Plaintiff will formally withdraw Count Three in his response to the present filing.[5]

4.  Simply put, Plaintiff contends that, during his approximately four months of employment by Defendant ASDI, he was properly classified as an exempt employee under the FLSA.[6]  Plaintiff contends that Defendants somehow fail[ed] to treat Dougherty as an exempt employee, thus converting him to a non-exempt employee."[7]  On Tuesday, January 2, 2007, Plaintiff was put on unpaid administrative leave as a result of his role in an unsuccessful project for a new client (the "Cephalon Project').[8]  Plaintiff did not return to work at ASDI at any time after January 2, 2007.[9]

5.  In his request for leave to amend, Plaintiff asserts that he is owed retrospective overtime for all hours worked in excess of forty per workweek.  He contends that, by failing to pay Plaintiff for the remainder of the week of January 1, 2007, his status as an exempt employee was removed and he was converted to non-exempt status.[10]

6.  The proposed amendment cannot save Count One from dismissal.  Under a Rule 12(b) standard, Count One fails to state a claim as a matter of law.  Thus, amendment

---

[4] See Ltr. from T. Holly, Esq. to M. DiBianca, Esq. dated April 16, 2008, attached as Exhibit 1.

[5] See E-mail from T. Holly, Esq. to M. DiBianca, Esq. dated April 16, 2008 at 4:46 pm, attached as Exhibit 2.

[6] An "exempt" employee under the FLSA is one who, because he meets certain criteria, is considered to be exempt from the normal overtime laws.  Hence, employers need not compensate a exempt employee for time worked in a single workweek in excess of forty hours.

[7] (D.I. 26 at ¶ 1).

[8] (D.I. 1 at ¶ 9).

[9] (D.I. 1 at ¶ 35).

[10] (D.I. 26 at ¶ 3).

2

would be futile.  Due to the futility of the proposed amendment, the Court should, in its discretion, deny Plaintiff's request to amend.[11]

7. Leave to amend should be granted "when justice so requires."[12] But amendment is not automatic.[13]  Leave to amend should be denied where the proposed amendment would be futile.[14]  "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted."[15]

8. Here, Plaintiff seeks compensation for overtime hours (those worked in excess of forty in a single workweek) from September 11, 2006 until the week ending January 5, 2007, the last day of the last workweek Plaintiff worked for ASDI.  He claims that, by putting on administrative leave without pay, he was retroactively converted to a non-exempt employee.  The FLSA does not recognize such a claim for "retroactive conversion."  Plaintiff's claim is without basis in law or fact and, therefore, subject to dismissal.

9. The insufficiency of Plaintiff's allegations is undeniable in light of Sections 541.602-603 of Chapter 29 of the federal regulations, which govern FLSA claims.[16]  Section 541.602 sets forth the general rule for an employee to satisfy the salary-basis test, one of the three requirements for classification as an exempt employee.[17]

---

[11] Koken v. GPC Int'l, Inc., 443 F. Supp. 2d 631, 633 (D. Del. 2006) (citing Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005)).

[12] Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)).

[13] Koken, 443 F.3d at 633.

[14] See Heyl & Patterson Int'l, Inc., 663 F.2d 419, 426 (3d Cir. 1981).

[15] Koken, 443 F.3d at 634 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

[16] 29 C.F.R. § 541.602 ("Salary basis"); 29 C.F.R. § 541.603 ("Effect of improper deductions from salary").

[17] 29 C.F.R. § 541.602(a).

10. To satisfy the salary-basis requirement, an employee must be paid a predetermined amount, which is "not subject to reduction because of variations in the quality or quantity of the work performed."[18] An employee is not paid on a salary basis if deductions "are made for absences occasioned by the employer . . .".[19]

11. There are several exceptions to the prohibition against deductions from pay.[20] For example, an employee who is suspended without pay for one or more full days may be subject to deductions during the suspension so long as the suspension was imposed in good faith for infractions of workplace conduct rules applicable to all employees pursuant to a written policy.[21] Additionally, an employer is not required to pay the full salary in the "initial or terminal week of employment."[22] And, significantly, "exempt employees need not be paid for any workweek in which they perform no work."[23]

12. Plaintiff does not contend that he performed any work for Defendant ASDI at any time subsequent to being put on leave during the week ending January 7, 2007. Therefore, Plaintiff cannot, as a matter of law, pursue "wages" for these weeks during which he did not work.[24]

---

[18] Id.

[19] Id.

[20] 29 C.F.R. § 541.602(b).

[21] Id. at (b)(5).

[22] Id. at (b)(6).

[23] 29 C.F.R. § 541.602(a).

[24] 29 C.F.R. § 541.602(a).

13. Nor does Plaintiff contend that his pay was ever "actually *subject to* such deductions."[25] Instead, Plaintiff claims that he was put on administrative leave and, despite being "ready and willing to return to work," he was never recalled by ASDI and was eventually terminated.[26]

14. The Supreme Court has rejected such a claim. In Auer v. Robbins, the Supreme Court endorsed the view "that employees whose pay is adjusted for disciplinary reasons do not deserve exempt status because as a general matter true 'executive, administrative, or professional' employees are not 'disciplined' by piecemeal deductions from their pay, but are *terminated, demoted, or given restricted assignments.*"[27] The FLSA's prohibition against deductions specifically addresses "piecemeal deductions" for disciplinary infractions, not demotions or terminations.[28]

15. This holding was explained in more detail in Mendoza v. New Orleans, where the plaintiff-police officer claimed that his status was converted from exempt to non-exempt as a result of a demotion and subsequent termination.[29] The court found that, following Auer, demotions and terminations based on quality or quantity of work are insufficient to render an employee nonexempt under the FLSA.[30] Similarly, Plaintiff here does not make any allegation that his pay was improperly reduced a deduction because of a disciplinary infraction. He simply claims that he was put on administrative leave and later terminated and that, during

---

[25] Mendoza v. New Orleans, No. 06-3040, 2007 U.S. Dist. LEXIS 38474, at *18 (E.D. La. May 24, 2007) (emphasis supplied), objection overruled by 2007 U.S. Dist. LEXIS 40398 (E.D. La. June 1, 2007) (citing Cowart v. Ingalls Shipbuilding, Inc., 213 F.3d 261, 266 (5th Cir. 2000)).

[26] (D.I. 1 at 35).

[27] 519 U.S. 452, 456 (1997) (emphasis supplied).

[28] Mendoza, 2007 U.S. Dist. LEXIS 38474, at *16.

[29] Id. at *15.

[30] Id.

that time, he was not paid. The law is clear—an employee need not be paid for weeks during which no work was performed; and the "deduction" of an employee's *entire* salary (i.e., to $0 per workweek), due to suspension or termination. Thus, Plaintiff's proposed amendment would be futile under a Rule 12(b) standard.

16. There are even more reasons that support the conclusion that Plaintiff's amended complaint would be futile. First, Plaintiff has alleged no facts to support that ASDI had an "actual practice" of making improper deductions.[31] The exemption is not lost if the deductions were isolated or inadvertent.[32] During his entire period of employment with ASDI, Plaintiff was paid regularly in a predetermined amount, consistent with the salary-basis requirements. One "aberrant paycheck out the approximately 24 that the plaintiff received do[es] not amount to an "actual practice."[33] To find that a "salary deduction occuring along with Plaintiff's suspension would result in Plaintiff's being paid on a non-salary basis 'would yield a perverse result.'"[34]

17. Second, the regulations are clear that, even if the employer did have an actual practice of making improper deductions, the exemption is lost only during the time period in which the improper deductions were made for the employees in the *same job classification*

---

[31] Id. at *22 (citing 29 C.F.R. § 541.603(a)).

[32] 29 C.F.R. § 541.603(c).

[33] Cash v. Cycle Craft Co., Inc. 508 F.3d 680, 684 (1st Cir. 2007); accord O'Brien v. Town of Agawam, 350 F.3d 279, 292-93 (1st Cir. 2003) (four isolated incidents of disciplinary pay reductions did not establish an 'actual practice' of docking salaried employees' pay for work-rule violations).

[34] McDowell v. Cherry Hill Twp., No. 04-1350, 2005 U.S. Dist. LEXIS 29327, at *24-25 (D.N.J. Nov. 21, 2005); see also Wright v. Monroe County, 05-6268T, 2007 U.S. Dist. LEXIS 35143, at * (W.D.N.Y. May 14, 2007) (holding that the plaintiff's suspension without pay for violation of work rules—as opposed to work rules, does not create an "actual practice" of docking the pay of salaried employees with a "clear and particularized policy . . . which effectively communicates that deductions will be made in specified circumstances) (internal quotations omitted.

*working for the same managers.*[35] Plaintiff makes no such allegation in either his original or proposed amended Complaint. Instead, he seeks to add "a new paragraph 46 that states . . . ASDI failed to pay . . . other ASDI exempt employees during disciplinary leave."[36] He does not allege, nor could he, that these "exempt employees" were in the same job classification with the same manager. Plaintiff identifies the "other ASDI exempt employees" in his Motion for Leave to Amend as just one, "ostensibly exempt employee," Mike Regusters, who was also put on administrative leave without pay on January 2, 2007, as a result of the Cephalon Project.[37]

       18. During his employment, the department Directors reported to Plaintiff, who, in turn, reported directly to ASDI President and CEO Alan Blize. No other employee reported directly to Blize. It is, therefore, impossible for Plaintiff to satisfy the comparator element of the deduction analysis. Employees, like Regusters, in different job classifications or who work for different managers do not lose their exempt status.[38] Therefore, Plaintiff has no claim that he was converted at any time from exempt to non-exempt.[39]

       19. Third, even if Plaintiff could surpass these hurdles, there still is no legal basis to support the requested amendment, which would *retroactively* convert Plaintiff's status to non-exempt, therefore rendering Defendants liable for untracked and unknowable amounts of overtime Plaintiff claims to have worked beginning in the very infancy of his employment. This claim has neither merit nor support in the law. To the contrary, the statute expressly states that

---

[35] Id.

[36] (D.I. 26 at ¶ 3).

[37] (D.I. 1 at ¶ 9)

[38] McDowell, 2005 U.S. Dist. LEXIS 29327, at *24-25.

[39] See Baden-Winterwood v. Life Time Fitness, No. 06-99, 2007 U.S. Dist. LEXIS 49777, at *42-43 (S.D. Oh. July 10, 2007) (awarding summary judgment to the plaintiffs who were group leaders all working for the defendant but not to employees who were not group leaders).

the exemption, if lost at all, is lost only "during the time period in which the improper deductions were made for [Plaintiff's comparators]." Here, Plaintiff has not alleged any proper comparators.

20. For the reasons set forth above, Plaintiff's proposed amendment to the Complaint would be futile as subject to dismissal under a Rule 12(b) standard. Where an amendment would prove futile, the Court has the discretion to deny the request to amend.[40] Therefore, Defendants respectfully request that Plaintiff's Motion to Amend the Complaint (D.I. 26) be denied.

Respectfully submitted,

*/s/ Margaret M. DiBianca, Esq.*
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
E-mail: mdibianca@ycst.com
*Attorneys for Defendants*

Dated: April 18, 2008

---

[40] Koken, 443 F. Supp. 2d at 633.

# EXHIBIT 1



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**            tholly@cblh.com
**REPLY TO:**     Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 16, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**

Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

   RE: **Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

  We are in receipt of your letter dated April 14, 2008. We do not believe our seeking of unpaid salary through the date of termination is any less absurd than: (1) Defendants' clear violation of FLSA for the non-payment of salary during any workweek where Mr. Dougherty (and other ASDI employees) performed work, (2) the Defendants refusal to pay such wages for more than one year and four months (and then only after costly litigation was pursued), (3) the Defendants refusal for several months to give Mr. Dougherty the courtesy of clarifying his employment status, and (4) your continued refusal to acknowledge a violation of FLSA.

  We will still seek salary after the first week of January 1, 2007 (e.g., for violation of the Whistle-Blower Protection Act and breach of the implied covenant of good faith and fair dealing). However, to avoid unnecessary issues, we will not seek the same relief for Defendants' violation of the existing FLSA claim.[1] Nonetheless, the existing FLSA claim is still valid as to the week of January 1, 2007. As you know, attorneys' fees are mandatory under FLSA. As set forth in your letter of April 8, 2008, Defendants have only agreed to pay attorneys' fees incurred as of April 8, 2008, "in an amount to be determined by a

---

[1] In a further effort to simplify this case, we will seek, at an appropriate time, to include within our Motion to Amend our Complaint the removal of our claim under the Wage Payment and Collection Act. Thus, we will seek: (A) the inclusion of the loss of exempt status FLSA claim (and obligation to pay Mr. Dougherty for the considerable overtime that he worked in 2006) and (B) removal of the Wage Payment and Collection Act claim. If you have decided to stipulate to the amendment of our Complaint in both regards, please let me know and I will draft and send to you for your approval a proposed stipulation including a redlined and clean Amended Complaint. Otherwise, we will raise the additional amendment issue as soon as practicable.

605065

Margaret M. DiBianca, Esquire
April 16, 2008
Page 2

court of competent jurisdiction." Therefore, the existing FLSA claim remains valid.

We will cash ASDI's long overdue check, reserving all claims of additional remedies available under FLSA (not including a claim for salary after the first week of January 2007).

Sincerely,

*Timothy M. Holly* (signature)

Timothy M. Holly

cc: John J. Dougherty (via electronic mail)
    Matthew F. Boyer, Esquire (via electronic mail)
    Barry Willoughby, Esquire (via hand delivery)

# EXHIBIT 2

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | Timothy M. Holly [THolly@cblh.com] |
| **Sent:** | Wednesday, April 16, 2008 4:46 PM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Dougherty Matter |
| **Attachments:** | Dougherty Matter |



Dougherty Matter

    By "removal" I meant exclusion of the Wage Payment Act claim from the Complaint (not removal to State court). Although we feel the claim has merit, we have decided to streamline the case and avoid the inevitable complexity of arguing about the definition of "wage", which includes "labor or services." Stated most simply, we will be dropping our Wage Payment claim. We will still seek similar damages under different theories (e.g., Whistler Blower and Implied Covenant).

This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.