IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE, and ASDI | ) | |
| INCORPORATED, a Delaware | ) | |
| Corporation | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants Alan Blize and ASDI Inc. ("ASDI"), by and through their

undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby

move for the entry of an Order compelling Plaintiff John J. Dougherty, to respond fully and

completely to document requests and interrogatories propounded by Defendants.  The grounds

for this motion are as follows:

1.      On February 27, 2008, Defendants served on Plaintiff a set of document

requests (D.I.18) (Exhibit 1), and a set of Interrogatories (D.I. 19) (Exhibit 2).

2.      On March 27, 2008, Plaintiff served incomplete answers to Defendants'

First Set of Interrogatories (D.I. 24) (Exhibit 3), and incomplete responses to Defendants' First

Request for Production (D.I. 25) (Exhibit 4).  Plaintiff makes baseless objections and, to the

limited extent any response is provided, such response is evasive and incomplete.

3.      In a letter dated April 16, 2008, Defendants informed Plaintiff of their

contention that Interrogatories 1-5, 7-10, and 12, as well as Document Requests 6 and 9 were

deficient.  (Exhibit 5).  Defendants' letter provided a thorough explanation of the grounds for

each asserted deficiency.  Defendants requested Plaintiff supplement his responses where

deficient on or before April 21, 2008.  No response was received by that date.

1

4.      At 5 p.m. on Friday, April 25, 2008, the undersigned received via e-mail a letter from Plaintiff's counsel.  (Exhibit 6).  The letter did not provide any of the information requested.  Instead, using terms such as "bad faith," and "insincere" plaintiff's counsel asserts that Defendants' requests were "deliberately designed" to circumvent their discovery obligations and characterizes the requests as a continued "rant" by defense counsel.  (Exhibit 6 at pp.1, 3, 5, and 6).

5.      The information sought by Defendants is well within the scope of permissible discovery.  For example, Plaintiff refuses to provide the date upon which he applied for unemployment.  (Exhibit 3 at No. 4).  Plaintiff further refuses to provide information about his mitigation efforts.  (Exhibit 3 at No. 6).

6.      Most troubling is Plaintiff's repeated refusal to provide the damages information required by Rule 26(a) of the Federal Rules of Civil Procedure and later requested by written Interrogatory.  (D.I. 10 at p.4(E); Exhibit 3 at No. 2).  Defendants have made numerous requests for Plaintiff's damages calculations.  (Exhibits 7, 9, 11, 13, and 14).[1]  Plaintiff has responded to each request with either no information or information limited to Count I of the Complaint.  (Exhibits 8, 10, and 12).  Plaintiff has provided no damages information as to Counts II – VI of the Complaint.

7.      As a result of Plaintiff's repeated refusal to comply with his discovery obligations, Defendants have had to divert an inordinate amount of time away from the merits of this case to address collateral discovery issues.  Further, Plaintiff's refusal to provide any damages information has precluded the parties from any reasonable effort of settlement, should

---

[1] Where correspondence between counsel has been cited as an Exhibit, the entire piece of correspondence has been included but the cited portion of the text has been indicated so to make the referenced material easier to locate.

2

they be so inclined.  Consequently, Defendants have incurred additional fees and costs, for which they now seek reimbursement.

8.     Pursuant to **Local Rule 7.1.1**, the undersigned hereby attests and avers that numerous efforts have been made to resolve this matter with opposing counsel but, as set forth above and in the attached exhibits, has been unable to obtain a reasonable resolution.

WHEREFORE, Defendants Alan Blize, and ASDI Inc. respectfully request that this Court enter an Order in the form attached hereto, compelling Plaintiff John J. Dougherty to respond fully and completely to their Interrogatories and Document Requests to order Plaintiff to pay Defendants' reasonable attorney's fees incurred in connection with this motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esq.*
Barry M. Willoughby (Bar I.D. 1016)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendants*

DATE:  May 15, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN J. DOUGHERTY,                       )
                                         )
                         Plaintiff,      )
             v.                          )   C.A. No. 07-674-SLR/LPS
                                         )
ALAN BLIZE, and ASDI                     )
INCORPORATED, a Delaware                 )
Corporation                             )
                                         )
                        Defendants.      )

**ORDER**

AND NOW, this _____ day of _____, 2008, the Court having heard

Defendants' Motion to Compel Discovery Responses, IT IS HEREBY ORDERED as follows:

1.      Plaintiff shall answer Interrogatories numbered 1-5, 7-10, and 12 in

Defendants' First Set of Interrogatories Directed to Defendants.

2.      Plaintiff shall respond fully to all document production requests, including

but not limited to, Requests 6 and 9 of Defendants' First Request for Production of Documents

Directed to Plaintiff.

3.      All of the foregoing answers and responses shall be without objection.

4.      All of the foregoing answers and responses shall be denominated

"Plaintiff's First Supplemental Answers" or "Plaintiff's Second Supplemental Responses" and

shall be added below previous answers or responses so that all discovery answers and responses

are contained within one document.

5.      The foregoing shall be served on or before _____  _____,

2008; and

6.    Plaintiff shall pay to Defendants' counsel the sum of $_____

as reasonable counsel fees and the sum of $_____ in costs incurred in connection

with the preparation and presentation of Defendants' Motion to Compel Discovery Responses.


_____
United States Magistrate Judge

# EXHIBIT

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-674-SLR |
| | ) | |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants hereby request that Plaintiff produce to the offices of Young Conaway Stargatt & Taylor, LLP, on or before thirty (30) days from the date of receipt of this Request, the following documents:

### DEFINITIONS AND INSTRUCTIONS

A.      The word "document" or "documents" as used herein is employed in the broadest possible sense and shall include without limitation the original and any non-identical copy of any written, printed, typed, photographic, recorded or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes, logs, telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of telephone or other conversations or any other writings of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff and/or his attorneys.

B.      "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

1

C.      "You" and "your," as used in this Request, shall mean the Plaintiff, his

agents, and all other persons acting on his behalf, including his attorneys.

D.      If you claim that the attorney-client, attorney work product, or any other

privilege applies to any document which is sought by this Request, then with respect to that

document:

(1)      State the date of the document;

(2)      Identify the author(s) of the document;

(3)      Identify each and every person who prepared or participated in the

preparation of the document;

(4)      Identify each and every person for whom the document was

intended as either an addressee or the recipient of a copy;

(5)      Identify each and every person who has ever had possession of the

document if other than the person identified in (4); and

(6)      State the factual and legal basis for the claimed privilege, or

specific statutory authority which provides the claimed ground for non-production.

E.      This Request shall be deemed continuing so as to require further

supplemental production in the event Plaintiff, or any attorney, agent, representative or

professional employed by Plaintiff in connection with this litigation obtains or discovers

additional documents between the time of initial production and the time of hearing or trial.

<u>REQUESTS</u>

1.      All audio or videotapes, tape recordings, notes, diaries, logs, calendars,

chronologies, reports of investigation, and other documents taken, made, or prepared by you or

2

on your behalf concerning any fact in issue in this case including without limitation summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

2.      All correspondence between Plaintiff and Defendants referring or relating to any of Plaintiff's claims against Defendants.

3.      All correspondence between Plaintiff and any other person or entity (other than privileged documents) referring or relating to any of Plaintiff's claims against Defendants.

4.      All documents which you contend form the factual basis for or support your contention that Defendants committed any wrongful act, unlawful discrimination, and/or unlawful retaliation.

5.      All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief Plaintiff seeks in his Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief Plaintiff requests.

6.      All documents which relate or refer to your employment with Defendants, including, but not limited to, all documents concerning any alleged changes in your working conditions, assignments, changes in your rate of pay, and evaluations or other documents concerning your performance.

7.      Copies of all medical records of each physician, psychologist, psychiatrist, or other health care provider for treatment or consultations with Plaintiff for physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint.

8.      All income records for the past ten years, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules.

9.      All documents concerning your efforts to secure employment in any job or position made any time during or after your employment with Defendants, including without limitation correspondence, employment applications, resumes, curriculum vitae ("CV"), or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents you received from any prospective employer or employment agency.

10.      All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleadings, including without limitation any such documents that you contend support any allegation you make against Defendants.

11.      Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

12.      Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

13.      All documents identified or referred to, in your answers to Defendants' First Set of Interrogatories Directed to Plaintiff.

14.      Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this request for production which is

relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willougby
Barry M. Willoughby, Esquire (I.D. No. 1016)
Margaret M. DiBianca, Esquire (I.D. No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; 5008
Facsimile: (302) 576-3345; 3476
E-mail: bwilloughby@ycst.com; mdibianca@ycst.com
Attorneys for Defendants

Dated:  February 26, 2008

# EXHIBIT

# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-674-SLR |
| | ) | |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

Defendants, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby

propound and serve the following written interrogatories to be answered under oath 30 days after

service of these interrogatories.  These interrogatories are deemed to be continuing, the answers

to said interrogatories are to be kept current so as to require further or supplemental answers

between the time the interrogatories are served and the time of hearing or trial.  If any of the

interrogatories cannot be answered in full, they should be answered to the extent possible.

Please answer each question separately and fully in writing, under oath, and serve a copy on the

attorney whose name and address is attached on the last page hereof.

## <u>INSTRUCTIONS</u>

1.      For each document asserted to be privileged or otherwise excludable from

discovery, the document shall be identified, and the basis for such claim of privilege or other

ground for exclusion shall be stated.

2.      For any document no longer in existence or which cannot be located,

identify the document; state how and when it passed out of existence or why it can no longer be

located and the reasons therefore, and identify each person having knowledge concerning such

disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

       3.      Unless otherwise specified, each interrogatory relates to, covers, and requests information for any and all periods prior to the date answers are filed, and each requires a continuing answer.

       4.      Whenever you are requested to give a date, give the exact day, month, and year, but if you cannot do so, give your best estimate thereof.

       5.      You are requested seasonably to supplement or amend your responses to these interrogatories based upon any and all information obtained after filing such responses.

       6.      "Describe in detail," or words of similar import, means to state what is requested to be described including each opinion or contention that relates to facts or the application of law to the facts known and held concerning what is requested to be described, including (i) the identity of each person you believe to have any knowledge of each fact and/or opinion relating to what is described, (ii) the identity of each document evidencing the answer given or in any way related to, reflecting, evidencing, or arising out of what is disclosed in your answer, and (iii) all relevant or material dates or time periods.

## **INTERROGATORIES**

       1.      Please identify each and every person who has, or may have, knowledge of any fact that supports or refutes any claim or defense in this action, and for each such person, state the following:  (a) name; (b) last known home address and telephone number; (c) last known employer; (d) last known employer's address; and (e) a detailed explanation of the relevant facts about which the individual may have knowledge or other information.

**ANSWER:**

2.     Describe in detail each way in which you contend you were injured by Defendants, including, but not limited to, (a) stating the total amount of damages claimed; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or groups upon which you rely to support each element of damages claimed; and (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed.

**ANSWER:**

3.     Identify any and all facts which you contend support your claim that Alan Blize constitutes an "employer" or "Plan Administrator" as asserted in Counts One through Six of your Complaint.

**ANSWER:**

4.     State whether you have ever previously been a party or a witness in a lawsuit, other court proceeding, or administrative agency, either criminal or civil, and, if so, (a) state the style of each such matter; (b) the date on which it was filed and the name of the filing party; (c) the court or agency with which it was filed; (d) and describe the nature and the outcome of each such matter.

**ANSWER:**

5.     Please identify all communications relating to the subject matter of this action between you and Defendants, or any representative or agent thereof, at any time since Friday, December 29, 2006, and for each communication please state: (a) the date(s) and time(s); (b) the representative or agent; (c) the substance of the communication; and (d) who initiated the communication.

**ANSWER:**

066253.1003

6.    Please identify the date upon which you contend that your employment with Defendant ASDI was terminated and explain the reasons for such conclusion.

**ANSWER:**

7.    Identify each person or entity with which you have sought employment from December 2006 to the present, including: (a) the name of the employer; (b) the employer's address; (c) whether you received an offer of employment; (d) if you received an offer, the starting salary; and, if you accepted the offer, whether you are still employed by that employer.

**ANSWER:**

8.    For each source of income you have had since December 2006, please state: (a) the name, address and telephone number of the employer; (b) your title in each position; (c) dates of employment; and (d) monthly wages, salary, commission, or other earnings; and (e) other relevant description of sources not considered employment.

**ANSWER:**

9.    Please identify with specificity each fact that you contend supports the claim asserted in Count Four of your Complaint, including but not limited to: (a) the identity of the "public body," as that term is defined in 19 Del. C. § 1702, and, if applicable, the employee of Defendant ASDI or agent thereof, to which you made a report; (b) the report was made verbally or in writing and the substance and content of the same; (c) the action or actions taken by Defendants that you contend constitutes discrimination and the harm incurred as a result of such discrimination; and (d) the state, federal, or local law that you contend was materially inconsistent with the behavior or conduct that you contend to have reported.

**ANSWER:**

4

10.     Identify any and all requests you made to Defendants with regard to documents relating to your health care plan, to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any document likely contained in your personnel file or otherwise in the possession of Defendants, including the date or dates upon which such request or requests were made, to whom the request was made, whether the request was made verbally or in writing, the substance of such request or requests, and the response provided by Defendants.

**ANSWER:**

11.     Describe in detail the meeting held on or about January 2, 2007, which you, Defendant Blize, Michael Regusters, and others attended regarding a project for Defendant ASDI-client Cephalon, including but not limited to (a) the identities of the persons in attendance; (b) the approximate time and duration of the meeting; (c) the location of the meeting; (d) the purpose of the meeting, as explained to you and as you perceived it to be; (e) the substance of the discussion including what comments were made by which individuals; (f) how the meeting was concluded; (g) what were your actions in the final moments of the meeting and after the conclusion thereof.

**ANSWER:**

12.     If you contend that Defendants have made any admissions with respect to the subject matter involved in this action, please state the substance of such admission(s), identify the person(s) who made the admission, the date(s) upon which each admission was made, and identify all witnesses to the admission.

**ANSWER:**

13.     Identify each and every person from whom you or any person acting on your behalf has obtained letters or written or tape recorded statements regarding facts relating to the allegations in the Complaint and describe the substance of those communications.

**ANSWER:**

5

14.    Identify any expert you expect to call as an expert witness at trial and; state the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

**ANSWER:**

15.    Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trial; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

**ANSWER:**

16.    Identify and attach to your answers to these Interrogatories any documents referred to or relied upon in the preparation of, or previously identified in, the responses to these Interrogatories.

**ANSWER:**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801-0391
Telephone: (302) 571-6666; 5008
Facsimile : (302) 576- 3345; 3476
E-mail: bwilloughby@ycst.com; mdibianca@ycst.com
*Attorneys for Defendants*

Dated:  February 26, 2008

6

# EXHIBIT

# 3


received
3/28/08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY<br>a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE AND ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| A Delaware Corporation | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF SERVICE

The undersigned hereby certifies that on this 27th day of March, 2008, counsel for John J.

Dougherty caused true and correct copies of Plaintiff's Objections and Responses to Defendants' First

Request for Production of Documents Directed to Plaintiff to be served upon counsel below in the manner

indicated:

**BY HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Defendants*

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for John J. Dougherty*

595683_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO
## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff John J.

Dougherty ("Dougherty"), through the undersigned counsel, hereby responds and objects (the

"Response") to Defendant Alan Blize ("Blize") and ASDI Incorporated's ("ASDI" and together

with Blize "Defendants") First Request For Production of Documents Directed to Plaintiff (the

"Request") as follows:

The Response is based on documents known and in Dougherty's possession at this time

that have been reviewed by counsel. Dougherty expressly reserves the right to assert additional

objections as additional responsive documents are found or identified. Dougherty also expressly

reserves the right to supplement or amend the Response.

Neither the Response nor the production of documents by Dougherty constitutes a waiver

of Dougherty's right to challenge the relevance, materiality, authenticity or admissibility of the

documents provided, or to object to the use of any such documents in any subsequent proceeding

or trial in this litigation. Neither anything contained in the Response nor the production of

1

documents by Dougherty shall be interpreted to concede the truth of any factual assertion or implication contained in the Request, including, without limitation, the Definitions contained therein.

## GENERAL OBJECTIONS

Dougherty asserts the following General Objections to the Request, each of which is hereby incorporated into each particular response to the specific paragraphs of the Request:

1.    Dougherty objects to the Request insofar as the Request is overly broad and seeks the production of documents that are neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, or is unduly burdensome so that the value of the production of such documents would be far outweighed by the burden of producing them.

2.    Dougherty objects to the Request insofar as it seeks documents that are protected from discovery by the attorney-client privilege, the work product immunity, the community of interest doctrine, and other privileges and immunities protecting confidential information from discovery.

3.    Dougherty objects to the Request insofar as it seeks the production of documents that are publicly available or already in the possession of Defendant.

4.    Dougherty objects to the Request insofar as it seeks discovery beyond the scope permitted by the Federal Rules of Civil Procedure.

5.    Dougherty objects to the Request insofar as the definition of "Documents" is broader than that provided by Fed. R. Civ. P. 34(a).

Case 1:07-cv-00674-SLR-LPS   Document 37-2   Filed 04/28/2008   Page 18 of 90

6.      Dougherty objects to the Definitions to the Request insofar as by virtue of those Definitions, or otherwise, the Request is not expressly limited to documents within Dougherty's possession, custody or control.

7.      Dougherty objects to the Definitions and to the Request insofar as by virtue of those Definitions, or otherwise, the Request purports to require Dougherty to do more by way of response or production than is required by Fed. R. Civ. P. 26(a).

8.      Dougherty objects to the Definitions and to the Request insofar as by virtue of those Definitions, or otherwise, the Request purports to require Dougherty to provide for each document withheld from production information beyond that which is necessary to substantiate the right to withhold such document on the grounds that the Request is unduly burdensome and oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Dougherty objects to each specific Request which seeks documents "relating" to the subject matter of the specific Request without limit as to the nature of such relationship on the grounds that each such specific Request is thereby rendered overly broad and unduly burdensome.

Case 1:07-cv-00674-SLR-LPS    Document 37-2    Filed 04/28/2008    Page 19 of 90

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Objections, Dougherty responds and objects to Defendants' specific requests for the production of documents as follows:

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1:  All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact in issue in this case including without limitation summaries, statements or recorded interviews of any person concerning any matter in issue in the pleadings.

RESPONSE:  Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 2:    All correspondence between Plaintiff and Defendants referring or relation to any of Plaintiff's claims against Defendants.

RESPONSE:  Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 3:  All correspondence between Plaintiff and any other person or entity (other than privileged documents) referring or relating to any of Plaintiff's claims against Defendants.

RESPONSE:  Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

4

REQUEST NO. 4:  All documents which you contend form the factual basis for or support your contention that Defendants committed any wrongful act, unlawful discrimination, and/or unlawful retaliation.

RESPONSE:   Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 5:    All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief Plaintiff seeks in his Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief Plaintiff requests.

RESPONSE:   Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 6:  All documents which relate or refer to your employment with Defendants, including, but not limited to, all documents concerning any alleged changes in your working conditions, assignments, changes in your rate of pay, and evaluations or other documents concerning your performance.

RESPONSE: Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.  By way of further explanation,

Dougherty had requested to see his personnel file, which presumably contains such information, but Defendants refused his request.

REQUEST NO. 7:  Copies of all medical records of each physician, psychologist, psychiatrist, or other health care provider for treatment or consultations with Plaintiff for physical or emotional injuries allegedly sustained as a result of the fact alleged in the Complaint.

RESPONSE:  Dougherty is not seeking compensatory damages for physical or emotional injuries allegedly sustained as a result of the facts alleged in his complaint; therefore, he has no responsive document.

REQUEST NO. 8:  All income records for the past ten years, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules.

RESPONSE:  Dougherty specifically objects to this request as being overly broad and unduly burdensome.  Dougherty has only been able to obtain responsive documents from the past three (3) years.  Therefore, subject to and without waiving this objection and the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 9:  All documents concerning your efforts to secure employment in any job or position made any time during or after your employment with Defendants, including without limitation correspondence, employment applications, resumes, curriculum vitae ("CV"), or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents you received from any prospective employer or employment agency.

RESPONSE:  Dougherty specifically objects to this request as being overly broad

6

Case 1:07-cv-00674-SLR-LPS    Document 37-2    Filed 04/28/2008    Page 22 of 90

and unduly burdensome.  Specifically, Dougherty has completed numerous online documents, which failed to generate any copy of such document.  However, subject to and without waiving this objection and the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 10:  All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleading, including without limitation any such documents that you contend support any allegation you make against Defendants.

RESPONSE:  Dougherty has no responsive documents, because he has not yet retained an expert witness.

REQUEST NO. 11:  Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

RESPONSE:  Dougherty has no responsive documents, because he has not yet retained an expert witness.

REQUEST NO. 12:  Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

RESPONSE:  Dougherty has no responsive documents, because he has not yet retained an expert witness.

REQUEST NO. 13:  All documents identified or referred to, in your answers to

Defendants' First Set of Interrogatories Directed to Plaintiff.

RESPONSE:    Subject to and without waiving the General Objections or objections referenced in Dougherty's responses to such discovery requests, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

REQUEST NO. 14:   Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this request for production which is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

RESPONSE: Subject to and without waiving the General Objections, Dougherty is producing with this Response all non-privileged, non-attorney work product documents responsive to this Request, which are in Dougherty's possession.

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Date: March 27, 2008
CBLH: 595383

**Discovery Documents**
1:07-cv-00674-SLR-LPS Dougherty v. Blize et al
CASREF

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Holly, Timothy on 3/27/2008 at 11:36 AM EDT and filed on 3/27/2008

| | |
|---|---|
| **Case Name:** | Dougherty v. Blize et al |
| **Case Number:** | 1:07-cv-674 |
| **Filer:** | John J. Dougherty |
| **Document Number:** | 25 |

**Docket Text:**
**NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendant's First Request for Production of Documents Directed to Plaintiff by John J. Dougherty.(Holly, Timothy)**

**1:07-cv-674 Notice has been electronically mailed to:**

Timothy Michael Holly     tholly@cblh.com, cphillips@cblh.com, dkt@cblh.com

Barry M. Willoughby     bwilloughby@ycst.com, bagostini@ycst.com, dcoles@ycst.com, employmentcmecf@ycst.com, kyuen@ycst.com, mmcmillan@ycst.com, mstafford@ycst.com, rruggieri@ycst.com

**1:07-cv-674 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2008] [FileNumber=540710-0]
[df9a20d5fa80a8f5beef2b33ff07c812b2ebc98c18dcccf37bcad76d779a61574574
79877990c514939165ae917639387dfbda34eda927a860a6e68b31da4cad]]

## Christina Phillips

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Thursday, March 27, 2008 11:37 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:07-cv-00674-SLR-LPS Dougherty v. Blize et al Notice of Service |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND
to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or
directed by the filer. PACER access fees apply to all other users. To avoid later charges,
download a copy of each document during this first viewing.

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was entered by Holly, Timothy on 3/27/2008 at 11:36 AM EDT and
filed on 3/27/2008
Case Name:  Dougherty v. Blize et al
Case Number:      1:07-cv-674 <http://console.mxlogic.com/redir/?
IKfEIff8CSm4Sm1MWVIDeqR4IPXeYxW7dQJlKcWshGpM12V2kc3yIMmJfBzOj9EVhojdTWZXETjKDuVKVJ3Q1m7KNZ
oYI2AfgVKBGJNDjydj9JAQsLK6QkXKecFFTsdL8CN2QV6pjb6y2k3h09rjPh0yBssnIpbTKUeobz0l1psaxood4otl
Iyj-cONEwcYq81A-gFVEw-pEwQYQg0OIVmYQgltd40NYjcHurDUvf5zZB0SyrjdII9II3APhOrpQeL>
Filer:      John J. Dougherty
Document Number:      25 <http://console.mxlogic.com/redir/?
mn7Qm7DAjrb2rb0UtsSjDdqympZDugZ3CWmGT6te8RcUxmOenopKUyUYqehN9nicH2I6RjAnXCzBUsOqemAf5qub2I
6RjxMVGSQ-
i1P9EVhojdTWZXETjKDuVKVJ3Q1m7KNZoYI2AfgVKBGJNDjydj9JAQsLK6QkXKecFFTsdL8CN2QV6pjb6y2k3h09rj
Ph0yBssnIpbTKUeobz0l1psaxood4otlIyj-cONEwcYq81A-gFVEw-
pEwQYQg0OIVmYQgltd40NYjcHurDUvf5zZB0SCrjdII9II3APhOrpQeL>

Docket Text:
NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendant's First Request for
Production of Documents Directed to Plaintiff by John J. Dougherty.(Holly, Timothy)


1:07-cv-674 Notice has been electronically mailed to:

Timothy Michael Holly      tholly@cblh.com, cphillips@cblh.com, dkt@cblh.com

Barry M. Willoughby      bwilloughby@ycst.com, bagostini@ycst.com, dcoles@ycst.com,
employmentcmecf@ycst.com, kyuen@ycst.com, mmcmillan@ycst.com, mstafford@ycst.com,
rruggieri@ycst.com

1:07-cv-674 Notice has been delivered by other means to:


The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2008] [FileNumber=540710-0]
[df9a20d5fa80a8f5beef2b33ff07c812b2ebc98c18dcccf37bcad76d779a61574574
79877990c514939165ae917639387dfbda34eda927a860a6e68b31da4cad]]

# EXHIBIT

# 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

received
3/28/08

| | | |
|---|---|---|
| JOHN J. DOUGHERTY<br>a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE AND ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| A Delaware Corporation | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on this 27th day of March, 2008, counsel for John J.

Dougherty caused true and correct copies of Plaintiff's Objections and Responses to Defendants' First Set

of Interrogatories Directed to Plaintiff to be served upon counsel below in the manner indicated:

**BY HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendants*

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Plaintiff*

595681_1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Rules of the Federal Rules of Civil Procedure, Plaintiff John J. Dougherty ("Dougherty"), by and through his undersigned counsel, hereby responds to Defendant Alan Blize ("Blize") and ASDI Incorporated's ("ASDI" and together with Blize "Defendants") First Set of Interrogatories Directed to Plaintiff (the "Interrogatories") as set forth below. The service of this response and the act of answering any interrogatory herein does not constitute an admission that any interrogatory or the subject matter thereof is relevant to the issues raised in this action, and does not constitute a waiver of the attorney-client privilege, the work product doctrine or any other privilege or immunity from disclosure that may be applicable to any information provided, or to any document identified or information contained in any of such documents.

## GENERAL OBJECTIONS

Dougherty asserts the following General Objections, which are hereby specifically incorporated into each and every response to the numbered Interrogatories:

595681_1

Case 1:07-cv-00674-SLR-LPS    Document 37-2    Filed 04/28/2008    Page 29 of 90

1.    Dougherty objects to the Interrogatories to the extent that they seek information and/or documents that are not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.    Dougherty objects to the Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome and/or oppressive.

3.    Dougherty objects to the Interrogatories to the extent that they seek information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity from discovery.  Inadvertent disclosure of any documents or information shall not be a waiver of any claim of privilege, work product protection or any other exemption. Dougherty specifically reserves the right to demand the return of any documents that may be produced inadvertently during discovery if it determines that such documents may contain privileged material as broadly defined above.

5.    Dougherty objects to the Interrogatories to the extent that they seek information or the identification of "each" person, fact, reasons, location, opinions, documents, or other things or "any" or "all" persons or transactions or documents in a broadly defined class or the "complete bases" for certain beliefs, on the grounds that said Interrogatories do not describe said information with reasonable specificity and that, in light of the expansive compass of those terms, they are oppressive, burdensome and/or cumulative.

6.    Dougherty objects to the Interrogatories to the extent they seek information and/or documents that are not a proper subject of interrogatories under the Fed. R. Civ. P. and/or purport to impose obligations beyond those imposed by said Rules.

7.    The specific responses set forth below and the information Dougherty provides therein are based upon information now available to Dougherty after having made diligent

2

efforts to ascertain information responsive to the Interrogatories. Dougherty objects to the Interrogatories to the extent they purport to demand information not in Dougherty' possession, custody or control, or to require Dougherty to undertake efforts to respond to the Interrogatories that are not reasonably calculated to ascertain information responsive to one or more of the specific requests contained in the Interrogatories. Dougherty reserves the right at any time to revise, correct, add to, supplement, modify or clarify the specific responses set forth below or the information contained therein, although Dougherty does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

       8.      Dougherty objects to the Interrogatories to the extent that they are not limited in time on the ground that said Interrogatories are overly broad, unduly burdensome, and seek information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

       9.      Dougherty also objects to the Interrogatories to the extent that (a) the discovery they seek is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or (b) compliance with the Interrogatories would otherwise be unduly burdensome, expensive, and oppressive.

       These general objections are continuing and are incorporated by reference in response to each of the Interrogatories set forth below. By responding to these Interrogatories and providing information, Dougherty does not concede that any of the answers or the information is relevant to the issues in this case.

# INTERROGATORIES

INTERROGATORY NO. 1:  Please identify each and every person who has, or may have, knowledge of any fact that supports or refutes any claim or defense in this action, and for each such person, state the following:  (a) name; (b) last known home address and telephone number; (c) last known employer; (d) last known employer's address; and (e) a detailed explanation of the relevant facts about which the individual may have knowledge or other information.

RESPONSE:  See  General  Objections.    Dougherty  further  objects  to Interrogatory No. 1 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, Dougherty states that individuals who may have responsive knowledge include, but may not be limited to the following:  John J. Dougherty, Alan Blize, Trula K. Blize, Kabana Perkins, Brian Pearce, Linda Tribit, Ron Paolini, Jr., Brian Maduskuie, Mike Kates, and Anthony Macherone.  All information known at this time regarding these individuals is set forth in Dougherty's Initial Disclosures.

INTERROGATORY NO. 2:   Describe in detail each way in which you contend you were injured by Defendants, including, but not limited to, (a) stating the total amount of damages claimed; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or groups upon which you rely to support each element of damages claimed; and (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed.

RESPONSE:  See  General  Objections.    Dougherty  further  objects  to Interrogatory No. 2 on the grounds that such request is overly broad and unduly burdensome.

4

Subject to the foregoing, Dougherty states that his claim of damages is based on information that has not yet been provided by Defendants or by other witnesses necessary to calculate damages (e.g., the date that his employment was terminated).  Dougherty's investigation in this regard is ongoing and he will supplement his answers as appropriate.

INTERROGATORY NO. 3:   Identify any and all facts which you contend support your claim that Alan Blize constitutes an "employer" or "Plan Administrator" as asserted in Counts One through Six of your Complaint.

RESPONSE: See General Objections.   Dougherty further objects to Interrogatory No. 3 on the grounds that such request seeks legal conclusions.  Such terms are statutorily defined and Defendants are in the best position to know their role in the events outlined in the complaint filed in this action.  Subject to the foregoing, Dougherty states that his claims are based on allegations set forth in the complaint filed in this action.  Dougherty' investigation in this regard is ongoing and he will supplement his answers as appropriate.

INTERROGATORY NO. 4:   State whether you have ever previously been a party or a witness in a lawsuit, other court proceeding, or administrative agency, either criminal or civil, and, if so, (a) state the style of each such matter; (b) the date on which it was filed and the name of the filing party; (c) the court or agency with which it was filed; (d) and describe the nature and the outcome of each such matter.

RESPONSE: See General Objections.   Subject to the foregoing, Dougherty states that he has not, except:  (a) he filed for and received unemployment compensation benefits; (b) the claim was filed in Dougherty's name, with an "AB Date" of January 28, 2007; (c) it was filed in the Commonwealth of Pennsylvania Department of Labor and Industry Bureau of UC Benefits and Allowances; (d) Dougherty was found eligible for benefits.

INTERROGATORY NO. 5:  Please identify all communications relating to the subject mater of this action between you and Defendants, or any representative or agent thereof, at any time since Friday, December 29, 2006, and for each communication please state:  (a) the date(s) and time(s); (b) the representative or agent; (c) the substance of the communication; and (d) who initiated the communication.

RESPONSE:  See General Objections.    Dougherty further objects to Interrogatory No. 1 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.    Subject to the foregoing, in addition to written correspondence that is being produced contemporaneously herewith, which speaks for itself, Dougherty states:  (1) On December 29, 2006, at approximately 2:30 p.m., Mr. Blize contacted Dougherty at home to request job-related information. (2) On January 4, 2007, at approximately 12:45 p.m., Dougherty called Mr. Blize but there was no answer. (3) On January 4, 2007, at approximately 12:50 p.m., Dougherty called Oksana Paloni who advised Dougherty that Mr. Blize left for vacation and that he should email Mr. Blize. (4) On January 5, 2007, after noon, Dougherty called Brian Pearce asking for a status report on his employment status.  (5) On January 19, 2007, at approximately 11:00 a.m., Dougherty called Linda Tribit inquiring why ASDI had not deposited his paycheck.  Ms. Tribit stated that Mr. Blize told her earlier that week not to pay Dougherty or Mike Regusters for the prior two weeks.  (6) On January 20, 2007, at approximately 3:00 p.m., Dougherty called Ron Paloni, Jr. inquiring how he could regain possession of his personal property that was still located on ASDI property.  (7) On January 21, 2007, at approximately 10:30 a.m., Mr. Dougherty met Mr. Paloni on ASDI property to retrieve Dougherty's personal property.

6

INTERROGATORY NO. 6:  Please identify the date upon which you contend that your employment with Defendant ASDI was terminated and explain the reasons for such conclusion.

RESPONSE:   See General Objections.   Dougherty further objects to Interrogatory No. 6 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, Dougherty is unclear when ASDI terminated his employment (or whether ASDI in fact admits that it terminated his employment).  Dougherty expects Defendants to clarify their position on this matter.  In sum, even though Dougherty followed ASDI instructions throughout 2007 and remained willing and able to work, ASDI neither paid him for work in 2007 nor told him that his employment was terminated until ASDI mailed Dougherty a COBRA Notification Form, which listed a date of termination of May 3, 2007.  For the reasons set forth in the complaint in this action (and as further detailed in the letter from Dougherty's legal counsel to Mr. Blize, dated February 15, 2007), Dougherty maintains that he was forced to conclude from ASDI's conduct towards him that he was constructively discharged as of January 31, 2007.

INTERROGATORY NO. 7:  Identify each person or entity with which you have sought employment from December 2006 to the present, including: (a) the name of the employer; (b) the employer's address; (c) whether you received an offer of employment; (d) if you received an offer, the starting salary; and, if you accepted the offer, whether you are still employed by that employer.

RESPONSE:  See General Objections.   Dougherty further objects to Interrogatory No. 7 on the grounds that such request is overly broad, unduly burdensome and

7

seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Dougherty states that many online applications completed by Dougherty did not produce documentation from which the requested information can be obtained. However, in an effort to provide as much responsive information as possible, documents that do provide requested information (which speak for themselves) are being produced contemporaneously herewith.

INTERROGATORY NO. 8: For each source of income you have had since December 2006, please state: (a) the name, address and telephone number of the employer; (b) your title in each position; (c) dates of employment; and (d) monthly wages, salary, commission, or other earnings; and (e) other relevant description of sources not considered employment.

RESPONSE: See General Objections. Dougherty further objects to Interrogatory No. 8 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Dougherty responds as follows: (1) Dougherty has received unemployment compensation totaling $13,728.00. (2) During 2007, Dougherty worked sporadically for Gerson Lehrman Group, 301 Congress Avenue, Suite 900 Austin, TX 78701, (512) 651-3700, as a Subject matter expert, earning a total of $861.00. (3) From August 21, 2007 through February 8, 2008, Dougherty worked for Yoh Scientific, 2570 Boulevard of the Generals, Norristown, PA 19403, (215) 656-2650, as a Business Analyst, earning a total of $37,860.04. Furthermore, in 2007, to compensate for lost income, Dougherty was also forced to take a distribution from his 401(k) in the amount of $10,053.28.

INTERROGATORY NO. 9: Please identify with specificity each fact that you contend supports the claim asserted in Count Four of your Complaint, including but not limited

to: (a) the identity of the "public body," as that term is defined in 19 DEL.C. § 1702, and, if applicable, the employee of Defendant ASDI or agent thereof, to which you made a report; (b) the report was made verbally or in writing and the substance and content of the same; (c) the action or actions taken by Defendants that you contend constitutes discrimination and the harm incurred as a result of such discrimination; and (d) the state, federal, or local law that you contend was materially inconsistent with the behavior or conduct that you contend to have reported.

RESPONSE: See General Objections. Dougherty further objects to Interrogatory No. 9 on the grounds that such request is overly broad and unduly burdensome. Subject to the foregoing, Dougherty refers to the facts set forth in the complaint filed in this action.

INTERROGATORY NO. 10: Identify any and all requests you made to Defendants with regard to documents relating to your health care plan, to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any document likely contained in your personnel file or otherwise in the possession of Defendants, including the date or dates upon which such request or requests were made, to whom the request was made, whether the request was made verbally or in writing, the substance of such request or requests, and the response provided by Defendants.

RESPONSE: See General Objections. Dougherty further objects to Interrogatory No. 10 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. This request is particularly vague. Because ASDI refused Dougherty's request to review his personnel file, Dougherty has no idea what ASDI kept in what

they might consider his "personnel file" or otherwise in Defendants' possession.  Subject to the foregoing, Dougherty refers Defendants to his response to Interrogatory No. 5.

INTERROGATORY NO. 11:  Describe in detail the meeting held on or about January 2, 2007, which you Defendant Blize, Michael Regusters, and others attended regarding a project for Defendant ASDI-client Cephalon, including but not limited to (a) the identities of the persons in attendance; (b) the approximate time and duration of the meeting; (c) the location of the meeting; (d) the purpose of the meeting, as explained to you and as you perceived it to be; (e) the substance of the discussion including what comments were made by which individuals; (f) how the meeting was concluded; (g) what were your actions in the final moments of the meeting and after the conclusion thereof.

RESPONSE:  See General Objections.    Dougherty further objects to Interrogatory No. 11 on the grounds that such request is overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, Dougherty responds as follows:  (a) Dougherty, Alan Blize, Mike Regusters, Kabana Perkins, Brian Pearce, Chuck Hermann, Ron Paolini Jr., Brian Maduskuie, and Mike Kates.  (b) Tuesday, January 2, 2007, at approximately 1:00 p.m.  Dougherty was escorted out of the meeting after approximately ten minutes.  (c) ASDI's large conference room.  (d) Mr. Blize told Dougherty about the meeting at about 10:00 a.m., of the day of the meeting.  The alleged purpose of the meeting was to discuss purported "shortcomings" in the Cephalon project from the week before.  (e) Mr. Blize stated:  he was unhappy with how the Cephalon project went, he had written statements from various "department heads" explaining purported "problems" from the previous week, he intended to take action allegedly because of such "problems", he was placing Mike Regusters on leave

10

allegedly because he was in charge of the floor during the previous week, and he was placing Dougherty on leave allegedly because he was "in charge" of the Operations Group. Mr. Blize also instructed Ron Paolini Jr. to escort Dougherty and Mr. Regusters from ASDI property, without stating the nature or duration of the "leave." (f) The meeting ostensibly continued but Dougherty has no information regarding the meeting from the time he was escorted away. (g) Dougherty left the meeting as requested, retrieved his jacket, left his electronic hand-held device, badge, and computer, and exited the building under escort. Dougherty advised Mr. Paolini that he suspected the action taken by Mr. Blize was unrelated to the Cephalon project but rather was retaliation for complaining earlier about the actions of Ms. Blize with respect to Mr. Perkins. Dougherty then drove home.

INTERROGATORY NO. 12: If you contend that Defendants have made any admissions with respect to the subject matter involved in this action, please state the substance of such admission(s), identify the person(s) who made the admission, the date(s) upon which each admission was made, and identify all witnesses to the admission.

RESPONSE: See General Objections. Dougherty further objects to Interrogatory No. 12 on the grounds that such request is vague, overly broad, unduly burdensome and seeks information that is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Dougherty further objects on the basis of the ambiguous meaning of "admissions." Subject to the foregoing, to the extent discovery reveals any statement made by a Defendant, Dougherty maintains that such statement is a party opponent admission.

INTERROGATORY NO. 13: Identify each and every person from whom you or any person acting on your behalf has obtained letters or written or tape recorded statements

Case 1:07-cv-00674-SLR-LPS   Document 37-2   Filed 04/28/2008   Page 39 of 90

regarding facts relating to the allegations in the Complaint and describe the substance of those communications.

RESPONSE:  See General Objections.  Subject to the foregoing, Dougherty has no such statements.

INTERROGATORY NO. 14:  Identify any expert you expect to call as an expert witness at trial and; sate the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expect to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

RESPONSE:  See General Objections.  Subject to the foregoing, Dougherty states that he has not yet determined whether he will call an expert witness at trial.

INTERROGATORY NO. 15:  Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trail; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

RESPONSE:  See General Objections.  Subject to the foregoing, Dougherty states that he has not yet retained or employed an expert.

INTERROGATORY NO. 16:  Identify and attach to your answers to these Interrogatories any documents referred to or relied upon in the preparation of, or previously identified in, the responses to these Interrogatories.

RESPONSE:  See General Objections.  Subject to the foregoing, Dougherty is producing documents in connection with this request.

As to objections:

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Date: March 27, 2008
CBLH: 595381

## Discovery Documents

1:07-cv-00674-SLR-LPS Dougherty v. Blize et al
CASREF


### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by Holly, Timothy on 3/27/2008 at 11:30 AM EDT and filed on 3/27/2008

**Case Name:**          Dougherty v. Blize et al
**Case Number:**      1:07-cv-674
**Filer:**                      John J. Dougherty
**Document Number:** 24

**Docket Text:**
**NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff by John J. Dougherty. (Attachments: # (1) Affidavit Verification of John J. Dougherty stating that he has read the Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff and finds them to be true and correct)(Holly, Timothy)**


**1:07-cv-674 Notice has been electronically mailed to:**

Timothy Michael Holly     tholly@cblh.com, cphillips@cblh.com, dkt@cblh.com

Barry M. Willoughby     bwilloughby@ycst.com, bagostini@ycst.com, dcoles@ycst.com, employmentcmecf@ycst.com, kyuen@ycst.com, mmcmillan@ycst.com, mstafford@ycst.com, rruggieri@ycst.com

**1:07-cv-674 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2008] [FileNumber=540704-0]
[a7531c3a5a9f047553023a46c537f6068f52154aae6983c2d274fed1e1010d973c55
574b966363e331627532de292933269b25e089f12955030c48094e0b99d7]]
**Document description:**Affidavit Verification of John J. Dougherty stating that he has read the

CM/ECF LIVE - U.S. District Court:ded                    Page 2 of 2

Case 1:07-cv-00674-SLR-LPS       Document 37-3      Filed 04/28/2008     Page 47 of 100
Case 1:07-cv-00674-SLR-LPS       Document 37-2      Filed 04/28/2008     Page 42 of 90

Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff and
finds them to be true and correct

**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2008] [FileNumber=540704-1]
[879e742ab962fafe235554da974e6fecb8d29772e7912d9650a4feda762e6c13d65d
9bcbff9c6c084589196eaf0adfd9c9f4eb47dd9f13ee8b772f704f8618f9]]

## Christina Phillips

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Thursday, March 27, 2008 11:31 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:07-cv-00674-SLR-LPS Dougherty v. Blize et al Notice of Service |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Delaware

Notice of Electronic Filing


The following transaction was entered by Holly, Timothy on 3/27/2008 at 11:30 AM EDT and filed on 3/27/2008

Case Name:    Dougherty v. Blize et al
Case Number:      1:07-cv-674 <http://console.mxlogic.com/redir/?
bbzWb3PO9JBxdBwseKr9PCJhbc-PL8uxPtblrzeD4qCs0gKgB30UHc5HjVoYAOqekm4Pt-
LuWdQXFTKrKrgZ0lxXIvmfb0F3QerFqHspQUzkOro7f9CQkXKecECzB6VJV4S8mD8PapoQgiwq81bquq84kHzyZz9u
ZT1P1so2Ebbxkb31Ew3GJAivNCmd41Dzh0cDO5fd47Pd46DCy06lDaTCy2HFEw6fypBrPs_
3VUIvIE6QjqpJBxdBwsCqejpz47Ai5a>
Filer:      John J. Dougherty
Document Number:      24 <http://console.mxlogic.com/redir/?
IKfEIff8CSm4Sm1MWVIDeqR4IPXeYxW7dQJlKcWshGpN2JAsKMPtN5NUQsT9aWhBolwSGsOUesuKMUQxUHjNolwSGs
evqJJfAwsOqekm4Pt-
LuWdQXFTKrKrgZ0lxXIvmfb0F3QerFqHspQUzkOro7f9CQkXKecECzB6VJV4S8mD8PapoQgiwq81bquq84kHzyZz9u
ZT1P1so2Ebbxkb31Ew3GJAivNCmd41Dzh0cDO5fd47Pd46DCy06lDaTCy2HFEw6fypBrPs_
3VUIvIE6QPqpJBxdBwsCqejpz47Ai5a>

Docket Text:
NOTICE OF SERVICE of Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff by John J. Dougherty. (Attachments: # (1) Affidavit Verification of John J. Dougherty stating that he has read the Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff and finds them to be true and correct)(Holly, Timothy)


1:07-cv-674 Notice has been electronically mailed to:

Timothy Michael Holly      tholly@cblh.com, cphillips@cblh.com, dkt@cblh.com

Barry M. Willoughby      bwilloughby@ycst.com, bagostini@ycst.com, dcoles@ycst.com, employmentcmecf@ycst.com, kyuen@ycst.com, mmcmillan@ycst.com, mstafford@ycst.com, rruggieri@ycst.com

1:07-cv-674 Notice has been delivered by other means to:


The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2008] [FileNumber=540704-0]

## VERIFICATION

STATE OF DELAWARE      )
                              )   SS.
COUNTY OF NEW CASTLE   )

     John J. Dougherty, being duly sworn according to law, deposes and says that she has read Plaintiff's Objections And Responses To Defendants' First Set Of Interrogatories Directed To Plaintiff and knows its contents; that the responses were prepared with the assistance and advice of counsel; that the matters stated in the responses are within her personal knowledge, subject to inadvertent or undiscovered errors, and necessarily limited by the documents and information still in existence, presently recollected, and thus far discovered in the course of preparation of the responses; and that the facts stated in the responses are true and correct to the best of his knowledge, information, and belief.

_____
John J. Dougherty

SWORN TO AND SUBSCRIBED BEFORE ME this 25th day of March, 2008

_____
Notary Public

My Commission Expires: 4/5/2010

595381_1.DOC

JUDITH T. FETTERMAN
NOTARY PUBLIC, STATE OF DELAWARE
MY COMMISSION EXPIRES APRIL 5, 2010

595681_1

# EXHIBIT

# 5

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DePALMA
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN McCORMICK
MICHAEL W. McDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE  19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

April 16, 2008

**BY HAND DELIVERY**

Timothy Holly, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

       Re:   <u>Dougherty v. ASDI</u>

Dear Tim:

      I write to address some deficiencies pertaining to Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents. Defendants assert that Plaintiff's discovery responses are inadequate, deficient and incomplete with respect to Interrogatories Nos. 1-5, 7-10, and 12, as well as Document Requests 6 and 9. Plaintiff's responses to the above-referenced discovery are deficient for the following reasons:

      1.    Interrogatory No. 1. Plaintiff failed respond to this Interrogatory except to identify the individuals by name. Please provide a complete response, including information responsive to the other subparts of this request.

      2.    Interrogatory No. 2. Defendants have made clear on several occasions their position that Plaintiff has the obligation to provide full and complete description of claimed damages. This was not provided in Plaintiff's Rule 26 disclosures but was partially provided upon Defendants' insistence. Plaintiff has still failed to provide any damages information relating to Counts Two-Six of his Complaint. Plaintiff objected to this Interrogatory and goes on to state that damages calculations cannot be provided until Defendants identify the date of Plaintiff's termination.

                              

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy Holly, Esq.
April 16, 2008
Page 2

This assertion is without merit. Plaintiff's date of termination has no correlation to the damages he claims related to his Personnel File claim. A request to inspect a personnel file does not relate to or rely upon a date of termination. Further, Defendants have provided this information but Plaintiff still has not supplemented his answers with responsive information. Thus, Defendants again request that Plaintiff supplement his answers to include itemized calculations for each Count of Plaintiff's Complaint.

3.    Interrogatory No. 3. This Interrogatory requests the facts upon which Plaintiff bases his claim that Defendant Blize is an "employer" and an "administrator" in accordance with the Fair Labor Standards Act ("FLSA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Plaintiff objects on the ground that the Interrogatory "seeks legal conclusions." Plaintiff then directs Defendants to the allegations set forth in his Complaint.

Rule 33(a)(2) of the Federal Rules of Civil Procedure expressly requires a party to respond to an interrogatory that requests opinions or conclusions of law. Furthermore, Plaintiff should refer to his Interrogatory No. 12 propounded to Defendants, which requests "all affirmative defenses" upon which Defendants intend to rely in defending against Plaintiff's claim. Certainly, there can be no more "legal" a question than this. Defendants fail to understand how Plaintiff is able to object, then, to this Interrogatory on the basis that it "seeks legal conclusions." Thus, Plaintiff's objection on this basis is without merit.

Additionally, Plaintiff's Complaint provides no information whatsoever to support the conclusion that Defendant Blize was an "employer" or "administrator." Therefore, the only answer provided by Plaintiff's response to Interrogatory No. 3 is that there are no facts to support such a finding. If this is not Plaintiff's intended response, his answers should be updated accordingly.

4.    Interrogatory No. 4. This interrogatory requests, among other things, for Plaintiff to identify the date upon which any prior administrative action was filed. Plaintiff's response to this request was that Plaintiff filed an unemployment claim "with an 'AB Date' of January 28, 2007." Please clarify that the "AB Date" to which you refer is the date the claim was filed. If the "AB Date" is not the date upon which Plaintiff filed his unemployment claim, please provide that information as initially requested.

5.    Interrogatory No. 5. Plaintiff's response to this request identified a telephone call made to Brian Pearce. It does not, however, identify the substance of the communication.

6.    Interrogatory No. 7. Plaintiff failed to provide any responsive information regarding this interrogatory. The requested information includes the name and address of any and all potential employers to whom Plaintiff applied; whether an offer was received, and, if so, the starting salary. Plaintiff provided only documents that appear to be related to internet job postings. This is not responsive to the information requested.

7.    Interrogatory No. 8. Plaintiff failed to provide the dates during which Plaintiff received unemployment compensation. Plaintiff also failed to provide the dates during which he

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy Holly, Esq.
April 16, 2008
Page 3

worked for the employer identified as Gerson Lehrman Group. Plaintiff also failed to identify the requested information relating to the calculation of earnings. The information provided included a total of moneys earned at Gerson Lerhman Group and at Yoh Scientific but does not provide the method of calculating that compensation.

8.    Interrogatory No. 9. Plaintiff failed to provide any responsive information to this interrogatory. Plaintiff is directed to Defendants' objection to Plaintiff's response to Interrogatory No. 3, as set forth above. That objection is equally applicable to Plaintiff's deficient response to Interrogatory No. 9.

9.    Interrogatory No. 10. This request seeks information relating to COBRA information requested by Plaintiff. After objecting for other reasons, Plaintiff points Defendants' attention to his response to Interrogatory No. 5. Plaintiff's response to Interrogatory No. 5 does not identify any communications relating to COBRA or health care coverage made by Plaintiff to Defendants. Thus, Defendants can only conclude that Plaintiff does not contend to have made such a request. If this is not Plaintiff's intended response, his answers should be updated accordingly.

10.    Interrogatory No. 12. Plaintiff failed to provide any responsive information to this interrogatory, which requests Plaintiff identify any admissions made by Defendants. Instead, Plaintiff objects on several grounds, including the "irrelevance" of such a request. Plaintiff then goes on to assert that any such statement is a "party opponent admission." The classification of a statement as a "party opponent admission" does not preclude discovery of such a statement. Despite whether Plaintiff contends that such a classification is applicable, the statements must still be produced. Also, it is notable that Plaintiff requested this exact information from Defendants in Plaintiff's Interrogatory No. 26. Defendants fail to understand how Plaintiff can find so objectionable an interrogatory that Plaintiff himself subsequently propounded. Such a failure to respond does not seem to be grounded in good faith.

11.    Interrogatory Nos. 1, 5, 6, 7, 8, 10, 11, and 12. Plaintiff has objected to each of these interrogatories on the basis that such requests are "irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence." This is not a legally supportable objection. The standard for written discovery requests is wholly unrelated to admissibility. Defendants direct Plaintiff's attention to Rule 26(b)(1) of the Federal Rules of Civil Procedure, which states, in part, that "[r]elevant information need not be admissible at trial." Plaintiff has made a boilerplate objection to half of Defendants' Interrogatories on a basis that is explicitly prohibited by the Federal Rules. This does not comply with the spirit nor the letter of the law of discovery.

And, to the extent that Plaintiff claims that the information is "irrelevant" or "not reasonably calculated" to lead to admissible evidence, Defendants contend that such an assertion is unsupportable. To claim that the identities of persons with knowledge, communications with Defendants, the date of termination, or Plaintiff's mitigation of damages is not relevant is absurd. What is more absurd is that Plaintiff made requests identical to Interrogatory Nos. 1, 11, and 12 yet somehow claims that such information is not even "relevant" to the present claims.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy Holly, Esq.
April 16, 2008
Page 4

        To the extent that Plaintiff has failed to provide responsive information to these
interrogatories on the basis of any of the above-referenced objections, such failure is in violation
of Plaintiff's discovery obligations.  All previously withheld information that was withheld for
reason of these objections should be provided immediately.

        12.    Request for Production No. 6.  In response to this Request, Plaintiff answered that
he requested and that Defendants refused him access to his personnel file.  No such
communications were identified in Plaintiff's responses to Interrogatory No. 5.

        13.    Request for Production No. 9.  Plaintiff has failed to provide the requested
documents, including correspondence to or from potential employers, employment applications,
a resume, or other documents relating to Plaintiff's job search in the months following his last
day of work at Defendant ASDI.  All that has been provided are "numerous online documents
completed by Plaintiff."  At a minimum, documents were generated relating to Plaintiff's
employment with Gehrson and Yoh Scientific.  If the only efforts Plaintiff made to mitigate his
damages were the completion of "online documents," then this response need not be
supplemented.  Otherwise, responsive documents should be produced.

        Defendants fully expect Plaintiff to provide more complete responses to the
above-referenced deficiencies within five days of the date of this letter.  Please note that
Defendants reserve the right to raise other inadequacies with Plaintiff's responses after taking
more time to fully examine them.

                                Sincerely yours,

                                *MMDiBi*

                                Margaret M. DiBianca


MMD:sec

# EXHIBIT

# 6

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Timothy M. Holly
**DIRECT DIAL**: (302)-252-4217
**DIRECT FAX**: (302)-658-0380
**EMAIL**:       tholly@cblh.com
**REPLY TO**:    Wilmington Office

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 25, 2008

## BY FIRST CLASS MAIL AND ELECTRONIC MAIL

Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

RE:    **Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

We are in receipt of your letter dated April 16, 2008.  Your continued use of words like "absurd" continues to be ironic given Defendants' responses to Dougherty's discovery requests.  While Mr. Dougherty responded to Defendants' discovery requests in good faith (and as set forth in detail his verification), Defendants continue to provide nearly no substantive information.  We respond to your letter and proffer our own notice of deficiencies as follows:[1]

PI1; DI1.  As you well know, Defendants have taken the position that all but two witnesses identified by Mr. Dougherty must only be contacted through you.  Thus, Mr. Dougherty's ability to substantively respond to this interrogatory is significantly less than Defendants'.  The most recent information we have to supplement already provided information is that Wayne Whittaker's cellular telephone number is 302-379-1846 and his address is 2419 Grubb Rd., Wilmington, DE 19810.  Given your representation that you have spoken with each identified witness, I find it difficult to believe that Defendants lack knowledge sufficient to answer this interrogatory (or initial disclosures) more thoroughly.  We expect immediate supplement if Defendants have additional responsive information.

PI2.  We have consistently sent you as much information as we can regarding damages—most recently, on April 1, 2008, when we provided thorough damage calculations.  Your letter ignores our April 1 correspondence and you continue to rant about damage calculations.  You have all the information we can presently provide.

PI3.  I encourage you to reread Mr. Dougherty's verification and also FRCP 33(a)(2).  We are in the early phases of designated discovery.  Our claims, as set forth in our complaint, form the basis of our discovery.  As stated in the response, "defendants are in the best position to know their role in the events outlined in the complaint."  We continually learn information we did not have before.  For example, although vague and evasive, Defendants respond to Mr. Dougherty's second interrogatory by admitting that Mr. Blize was ultimately responsible for ensuring ASDI was properly managed.  Indeed,

---

[1] "PI[#]" refers to Plaintiff's Interrogatory No.  "DI[#]" refers to Defendants' Interrogatory No.

605065

Margaret M. DiBianca, Esquire
April 25, 2008
Page 2

it appears that Mr. Blize had operational control over ASDI. Regardless of whether Mr. Blize had limited or no "management responsibility", as he claims, which we find difficult to believe (based upon information and belief—to be further explored in discovery, e.g., depositions), he, by his own admission, clearly played a paramount role at all levels of management. When we are finished with designated discovery we will be in a better position to answer this interrogatory more thoroughly.

DI3. For the sake of clarity (assuming *arguendo* the matter is not already clear), the interrogatory seeks information regarding who specifically at ASDI was responsible for providing Mr. Dougherty with his COBRA notification. To be even clearer—we require Defendants to explain what person is specifically designated as "administrator" in any ERISA-governed plan that included Mr. Dougherty as a participant; who the "sponsor" was of such plan(s) (as defined by 29 U.S.C. 1002 § 16(A)); and, regardless of the above, what responsibilities Mr. Blize had in overseeing and / or managing COBRA notices to Mr. Dougherty.

DI4. We refer you to Mr. Dougherty's verification. We have no further information we can provide at this time.

PI4. You refer me to your Initial Disclosures. I note that your Initial Disclosures (and their supplement) fail to provide all required information. Please update them immediately, providing all information required by FRCP 26(a) (e.g., address and telephone numbers).

DI5. Your comment regarding this interrogatory is incorrect. We refer you again to Mr. Dougherty's response. This also stands true of the paragraph numbered 12 from your letter. Mr. Dougherty further stands by his response to Defendants' Request No. 9. Although Defendants' request is, among other things, unduly burdensome, Mr. Dougherty has continued his search for responsive documents and we can offer the additional documents marked P01022-P1058 (for you to decide for yourself if it helps get at whatever you are looking for).[2]

DI7. Mr. Dougherty stands by his response. To be clear, the only offers of employment Mr. Dougherty received were from the employers identified in his response to Defendants' Interrogatory No. 8.

DI8. Mr. Dougherty received unemployment compensation in 2007 only. Mr. Dougherty responded regarding Gerson Lehman Group the best he could. In an effort to provide additional information, we refer you to the additional documents Dougherty produces as P01022-P1058 (for you to decide for yourself if it helps get at whatever you are looking for). As for your complaints about a lack of "method of calculating", I refer you to the interrogatory itself, which was properly answered.

---

[2] As I previously stated to you, we acknowledge that a copy error occurred and documents marked P605-P993 were produced in error. However, to avoid confusion, we pick back up at P0994.

Margaret M. DiBianca, Esquire
April 25, 2008
Page 3

PI8.  Mr. Dougherty interprets Defendants' response to Interrogatory No. 8 to mean that only Mr. Blize (i.e., the only ASDI employee referenced in response to Mr. Dougherty's Interrogatory No. 2) had supervisory responsibility over Mr. Dougherty during Mr. Dougherty's employment with ASDI.  If that is incorrect, we require a supplemental response.

DI9.  Defendants misunderstand the nature of Mr. Dougherty's Fourth Count of the Complaint.  The Claim is premised on 19 Del. C. § 1703(4), which does not place at issue the definition of "public body."

PI9.  Defendants claim that Mr. Blize "solicited feedback from the managerial employees . . . ."  Yet, Defendants fail to provide any of the information contained within the definition of "identify."  To this extent, Defendants' response is deficient and must be supplemented.

DI10.  Defendants draw unjustified conclusions from Mr. Dougherty's response. Clearly included within produced documents (as identified by the response to Defendants' Interrogatory No. 5, as referenced in his response to Interrogatory 10), all requested information was produced.  Although we already extended to you the courtesy of producing an index of our production (a courtesy you criticized and certainly did not reciprocate), which clearly identifies the responsive documents, we refer you to P014-015, 25-26, and 44.  The documents speak for themselves.  If Defendants intended to request something else, see the objections provided.

PI10.  Defendants' response is deficient to the extent that only correspondence is identified that was to, from, or copied to Mr. Dougherty, but not that was about (i.e., "regarding") Mr. Dougherty.  For example, an email between Mr. and Ms. Blize and / or between other employees of ASDI discussing Mr. Dougherty (but not including Mr. Dougherty as a recipient) would be responsive.  Defendants' methodology of responding to this request must be expanded to account for this deficiency.

DI12.    In perhaps your most insincere, personal criticism of Mr. Dougherty's efforts to participate in discovery (i.e., challenging Mr. Dougherty's good faith), you criticize his objections while proffering your own (i.e., to his Interrogatory No. 26). Specifically, you object that the interrogatory is "vague or overly broad" and state that the request, as Defendants understand it, is "not subject to discovery."  Yet this interrogatory emerged from Defendants.  We take from Defendants's response that they concede that the interrogatory is objectionable.  Certainly, Defendants are in the best position to know what they meant by "admission."  Defendants' response to Mr. Dougherty's Interrogatory No. 26 is deficient to the extent that Defendants' Interrogatory No. 12 was sent to Mr. Dougherty in good faith.  To any other extent, Defendants' interrogatory directed to Mr. Dougherty was in bad faith.  Mr. Dougherty stands by his response to Defendants' Interrogatory No. 12.

In sum, as set forth in his verification, and as further set forth above, Mr. Dougherty has made every effort to comply with his discovery obligations.  Any deficiencies that Defendants feel remain and have not been addressed above, should be explained in better detail.  In addition to the above, Mr. Dougherty further identifies the

Margaret M. DiBianca, Esquire
April 25, 2008
Page 4

additional deficiencies in Defendants' responses to the interrogatories directed to Defendants:

PI14. Defendants' response reflects that a meeting did occur in November 2006, regarding an incident of "an 'unsuccessful job applicant.'" If the subject matter of no other meeting more closely approximates the subject matter identified in Mr. Dougherty's Interrogatory No. 14, Defendants must provide a response, as requested, as to the meeting they admit occurred. To the extent they do not provide additional information, their response is deficient.

PI15. For the sake of clarity, "tax exempt" refers to those employees whom ASDI did not pay at separate rates of pay for working hours 40 and under, as compared with hours over 40. Defendants' objection regarding the time period covered by the interrogatory is unsustainable. Defendants are expected to answer this interrogatory in full, including each of the identified time periods.

PI16. Defendants are directed to the deficiency and explanation provided for Mr. Dougherty's Interrogatory No. 15, which applies to Interrogatory NO. 16.

PI17. For purposes of this interrogatory, Defendants may define "suspension" as Defendants use the term in responding to Mr. Dougherty's Interrogatory No. 2. For purposes of responding to this interrogatory, the nature of suspensions is irrelevant. The requested information regarding all suspensions must be provided. A confidentiality order is in place. Any objection based on the confidential nature of information is unsustainable. Defendants' response to this interrogatory should reveal any instance where ASDI suspended an employee who was not paid different rates of pay depending on the number of hours worked, and did not pay such employee while on such suspension.

PI18. To clarify, Mr. Dougherty's Interrogatory No. 18, seeks any responsive written policy that governed practices of employees of ASDI, regardless of the source or time period of such policy. If ASDI has ever maintained a written policy applicable to all employees pertaining to non-payment of wages during any suspension, such policy must be identified.

PI19. Mr. Dougherty's Interrogatory No. 19 seeks information beyond that which Defendants provided in response to his No. 13. "Wages" and "benefits and wage supplements" are defined with specificity. Each and every wage and benefit and wage supplement must be listed, the value of such wage and benefit and wage supplement stated, and the date on which such payment was made provided. Until such information is provided, Defendants' response is deficient.

PI20. Defendants may define "personnel record" as "personnel file" is defined in 19 Del. C. §731(3). To the extent this clarification changes Defendants' response, their response is deficient.

PI21. Mr. Dougherty interprets Defendants' evasive response to mean that ASDI terminated the employment of Mr. Dougherty on May 3, 2007. If Mr. Dougherty's

Margaret M. DiBianca, Esquire
April 25, 2008
Page 5

interpretation is incorrect, Defendants' response is deficient, as the answer to the interrogatory is incomprehensible. Regardless, Defendants' response is deficient because Defendants fail to explain the reasons for their conclusion that the stated date was the date ASDI terminated Mr. Dougherty's employment.

PI22. Defendants' acknowledgement of the existence of standards is insufficient. To cure their deficiency, Defendants must include within their response an identification of any standard that ASDI has implemented pursuant to (i.e., in compliance with or in accordance with) state, local, or federal laws relating to health, safety, or environmental hazards.

PI23. Defendants' reference to approximately 500 pages of documents—only approximately five of which are from the week of 12/06 and a large percentage of which are not even from December 2006—is insufficient (if not deliberately designed to waste time). Moreover, Defendants' objection that Mr. Dougherty's Interrogatory No. 23 is not limited to any specified time period is clearly without merit. As previously requested, Defendants' response must be limited to December 2006 and to meetings between Messrs. Blize and Dougherty. Mr. Dougherty was able to retrieve a copy of reports of the nature we seek (produced as part of the range P0994-1021). We note that these documents were not produced by Defendants, although it is clearly responsive to our requests. This creates a concern about the comprehensiveness of Defendants' responses. All similar documents must be produced—even they are one of the email attachments that Defendants intentionally failed to produce.

PI24. Defendants' objections appear to be in bad faith; or their Interrogatory No. 11 was propounded in bad faith, because the language of the interrogatory originated from Defendants, yet they object. To the extent Defendants failed to provide information on the basis of their objections, their response is deficient.

PI25. Defendant's reference to approximately 500 pages of emails that predated Defendants' termination of Mr. Dougherty's employment is insufficient (if not deliberately designed to waste time). Defendants must respond properly to this interrogatory, including, but not limited to, any email, on or after January 2, 2007, between any ASDI employee discussing Mr. Dougherty's return from (or ASDI's refusal to return Mr. Dougherty from) what Defendants have characterized as "administrative leave." As further set forth regarding Mr. Dougherty's Interrogatory No. 10, Defendants' methodology of responding to this request must be expanded.

For many of the reasons set forth above, Defendants' response to document requests are deficient. Among other things, as stated repeatedly above, Defendants have failed to produce any electronic mail correspondence between any parties that did not also involve Mr. Dougherty. To that extent, if no other, Defendants' responses are deficient and additional documents must be produced.

While Defendants criticize the objections proffered by counsel for Mr. Dougherty (e.g., objections based on relevance issues), Defendants themselves state a relevance objection in their "General Responses and Objections". Given Defendants' professed mastery of the role of relevance objections in discovery responses, all

Margaret M. DiBianca, Esquire
April 25, 2008
Page 6

previously withheld information that was withheld for reason of relevance should be provided immediately, or will be regarded as withheld in bad faith. In any event, Mr. Dougherty fully expects Defendants to provide more complete responses to the above-referenced deficiencies within five days of the date of this letter. Please note that Mr. Dougherty reserves the right to raise other inadequacies with Defendants' responses after taking more time to fully examine them.

Sincerely,

Timothy M. Holly

cc: John J. Dougherty (via electronic mail)

# EXHIBIT

## 7

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

March 3, 2008

## CONFIDENTIAL PURSUANT TO FRE 408

## VIA E-MAIL AND FIRST CLASS MAIL

Timothy M. Holly Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re:   *Dougherty v. ASDI, et al.*, No. 07-574-SLR

Dear Tim:

This letter contains discussions of a confidential offer of compromise made pursuant to Rule 408 of the Federal Rules of Evidence and is subject to the confidentiality provisions thereof. Nothing in this letter shall be construed as an admission against the Defendants in the above-referenced.

I am writing in regard to Count One of Plaintiff's Complaint in the above-referenced matter. (D.I. 1). As you know, in this Count, Plaintiff has alleged a violation of the Fair Labor Standards Act (the "FLSA"). Unfortunately, the Complaint does not identify the period of time for which Mr. Dougherty alleges that he was not compensated. And Plaintiff has failed to produce a statement of claimed damages pursuant to Rule 26 of the Federal Rule of Civil Procedure. (D.I. 10 at E).

066253.1003

# Young Conaway Stargatt & Taylor, LLP

Timothy M. Holly Esquire
March 3, 2008
Page 2

        In Paragraph 34 of the Complaint, it seems that Plaintiff alleges that his final
paycheck included payment for the pay period ending on December 29, 2006.  The Complaint
further states that Monday, January 1, 2007, was a paid holiday for ASDI employees and that
Mr. Dougherty was escorted from ASDI sometime after 1 p.m. on Tuesday, January 2, 2007.
(D.I. 1 at ¶29).  Mr. Dougherty did not return to work at ASDI.  Count One, then, appears to
allege that Defendants failed to pay Plaintiff for these two days.

        Without admitting liability or that Plaintiff has incurred any damages, Defendants
hereby offer to settle Count One of Plaintiff's Complaint for an amount equal to two days' worth
of pay, calculated according to the pay period ending December 30, 2007 (the "Wage Payment").

        I expect that this will resolve Count One to Mr. Doughtery's satisfaction.  Please
notify me by the end of the business day on Friday, March 7, 2008, whether Mr. Dougherty
agrees to dismiss with prejudice Count One in consideration for the Wage Payment.
Anticipating an answer in the affirmative, I will forward a single-count settlement agreement to
your attention for Plaintiff's execution.  Upon my receipt of the executed agreement, payment
will be issued in the form of a check made payable to John J. Dougherty and forwarded to your
attention, along with a Stipulation of Dismissal of Count One for filing by your office within two
business days of receipt of payment.

        I look forward to receiving your response.

        Sincerely,

        Margaret M. DiBianca

MMD:i

# EXHIBIT

# 8

# CONNOLLY BOVE LODGE & HUTZ LLP

## ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**       tholly@cblh.com
**REPLY TO:**   Wilmington Office

**CONFIDENTIAL PURSUANT TO FRE 408**

March 4, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

      **RE:    Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

      Pursuant to the Scheduling Order, we have until April 1, 2008, to amend the Complaint. We wish to amend the complaint by written consent, as we would rather not burden the court with a motion. Please find attached a Stipulation to Amend Complaint, which includes a redlined version of the Complaint. Please execute the Stipulation and return to me for filing. Looking ahead, if after discovery we feel that any claim cannot be sustained, we would seek to file a second amended complaint, but only time will tell if that is necessary.

      Regarding depositions, Mr. Dougherty and I are available for a deposition all day on April 22 and / or 23, 2008. Please let us know when you would like to take the deposition so we can schedule accordingly. Please let us know when on the week of May 19, 2008, we can take the depositions of Alan Blize, Trula Blize, and ASDI.

      In response to your email and letter of yesterday, I have already copied most of the documents referenced in the initial disclosures. They (together with everything else we have thus far collected in response to your document requests) are bates numbered. As we work through your discovery requests we are adding to the stack of documents. Consistent with your discovery requests, we had planned to produce all documents at one time (including those referenced in our initial disclosures). However, if having the initial disclosure documents is of immediate interest to you and you do not want to wait until we provide responses to your written discovery, I can send to you a copy of the initial disclosure documents later this week. Otherwise, they will all be provided within the 30 day discovery response period. Whichever you choose, in the same time period, I would appreciate you sending to me copies of those documents which ASDI & Mr. Blize set forth in their initial disclosures.

TMH/cp
595868_1

As to damage calculations, as set forth in our initial disclosures, the damages depend, at least in part, on information in ASDI's possession. Defendants did not object to this and we agreed through the submission of the Scheduling Order that we had "satisfied [our] obligations Fed. R. Civ. P. 26(f)" (including making arrangements of matters under 26(a)). Thus, I thought that we were on the same page (i.e., we would simply update the category of damages after ASDI & Mr. Blize respond substantively to our discovery requests, which are being served today with this letter). However, in an attempt to give you what it seems that you are looking for, as set forth in the complaint, we are seeking: 1. A declaration that the conduct engaged in by Mr. Blize and ASDI to be in violation of Mr. Dougherty's rights; 2. expungement of records relating to any disciplinary action and discharge of Mr. Dougherty's employment; 3. past lost wages and wage supplements (through the date of trial); 4. future lost wages and wage supplements in lieu of reinstatement; 5. statutory liquidated damages and/or punitive damages; 6. statutory penalties; 7. attorneys' fees; 8. costs; 9. pre and post judgment interest; and 10. any other relief that the Court deems just and appropriate.

Computations of these damages will require application of statutory penalties and analysis of fees and costs as of the date of trial, as well as a comparison of what Mr. Dougherty was making with ASDI (wages as well as benefits and wage supplements) and what he will be able to make between January 1, 2007, and the date of trial. In terms of employment income earned by Mr. Dougherty between January 1, 2007 and February 29, 2008, Mr. Dougherty received unemployment compensation totaling $13,728.00. In addition, Mr. Dougherty provided services in that time period for compensation of $38,671.04 (i.e., $861.00 from Gerson Lehrman Group and the balance from Yoh Scientific). Thus, his total employment income during that time period was $38,671.04. Unfortunately, that replacement employment was temporary and has ended in natural course. He is again unemployed and continues to seek replacement income. Again, discovery is required to further calculate damages. Among other losses, Mr. Dougherty has incurred $759.15 for lost health insurance. We will update damage calculations as litigation proceeds. Documents regarding damages will be produced in response to your discovery requests.

As for the existing FLSA claim, Dougherty will not agree to dismiss any claims under any statute that provides for shifting of fees (including FLSA) unless settlement includes an amount for fees. As you may know, substantial effort was already made in mediation with Judge Bifferato, which unfortunately failed. Thus, Mr. Dougherty had to file a complaint (incurring even more fees). Therefore, as a threshold matter, any settlement would need to include an amount for fees. Moreover, as to the duration of the existing FLSA claim, it is our position that wages are owed for the entire first week of 2007. If the defendants

Margaret M. DiBianca, Esquire
March 4, 2008
Page 3

are interested in discussing a limited settlement of the existing FLSA claim under
these terms, please let me know.  Otherwise, we will continue to litigate the
matter.  Of course even if we reach a compromise on the existing FLSA claim, we
intend to seek relief for the claim, which will be added in a First Amended
Complaint.

Please feel free to call me to discuss these or any other issues, at 302-252-4217

Sincerely,

Timothy M. Holly

cc:  John J. Dougherty

CBLH:  595868

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY<br><br>              Plaintiff,<br><br>        v.<br><br>ALAN BLIZE and ASDI<br>INCORPORATED,<br>a Delaware Corporation,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____<br><br>    JURY TRIAL DEMANDED |

## STIPULATION TO AMEND AMENDED COMPLAINT

The parties, through their counsel, hereby agree that the Complaint in this action shall be

amended as indicated in Exhibit A hereto.


CONNOLLY BOVE LODGE & HUTZ LLP    Young Conaway Stargatt & Taylor, LLP


_____    _____
Matthew F. Boyer (Del. Bar No. 2564)    Barry M. Willoughby, Esquire (I.D. 1016)
Email:  Mboyer@cblh.com    Margaret M. DiBianca, Esquire (I.D. 4539)
Timothy M. Holly (Del. Bar No. 4106)    The Brandywine Building
Email:  Tholly@cblh.com    1000 West Street, 17th Floor
Josiah R. Wolcott (Del. Bar No. 4796)    P.O. Box 391
Email:  Jwolcott@cblh.com    Wilmington, DE 19899-0391
The Nemours Building    Telephone:  (302) 571-6666; 5008
1007 North Orange Street    Facsimile:  (302) 576-3345; 3476
P.O. Box 2207    Email:  bwilloughby@ycst.com;
Wilmington, Delaware 19899    mdibianca@ycst.com
(302) 658-9141    *Attorneys for Defendants*
*Attorneys for John J. Dougherty*



Dated: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

### PARTIES

1.      John J. Dougherty ("Dougherty") is an adult individual who is a citizen of the State of Pennsylvania and who was formerly employed by ASDI Incorporated ("ASDI") in New Castle County, Delaware.

2.      Defendant Alan Blize is the co-owner and chief executive officer of ASDI, and as such has operational control over ASDI.

3.      Defendant ASDI is a Delaware corporation with operations in the State of Delaware and with more than fifteen employees.

### JURISDICTION

4.      This action is brought pursuant to this Court's jurisdiction over civil actions arising under the laws of the United States of America, under 29 U.S.C. § 1132 and 28 U.S.C. § 1331. Delaware state law claims are brought pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367.

## VENUE

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in this District.

## FACTUAL ALLEGATIONS

6.      On August 16, 2006, ASDI sent Mr. Dougherty a written job offer (the "Agreement") for the position of Executive Director, Operations, which Mr. Dougherty accepted.

7.      The Agreement provided for an annual salary of $87,500.00 plus bonuses.

8.      The Agreement further provided benefits that included three weeks paid vacation, three sick days, two personal days, and six paid holidays (including New Years Day).

9.      The Agreement also provided a benefit of a $25,000.00 life insurance policy, health and dental insurance, for which ASDI agreed to pay the premiums.

10.     In connection with the Agreement, Mr. Blize asked Mr. Dougherty to assume the long-term responsibility of fixing many administrative problems at ASDI, which Mr. Blize estimated would take at least a year or two.

11.     In reliance upon these and other representations, Mr. Dougherty left a secure, well-paying managerial position with Teva Pharmaceuticals in order to accept this high-level position with ASDI.

12.     Mr. Dougherty reported to work on September 11, 2006.

13.     On September 11, 2006, without prior notice or explanation, ASDI downgraded Mr. Dougherty's position from Executive Director to Senior Director.

14.     Mr. Blize initially praised Mr. Dougherty for his performance and reassured him regarding the learning curve that the job entailed.

2

15.     In late November 2006, an ASDI manager named Kabana Perkins advised Mr. Dougherty that Mr. Blize's wife, Trula K. Blize, Director of Staffing, had placed Mr. Perkins's safety at risk by divulging to an unsuccessful job applicant with a questionable background that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

16.     Upon information and belief, Ms. Blize divulged this confidential information to the applicant even though she knew that the applicant was potentially dangerous.

17.     Consistent with his administrative responsibilities, Mr. Dougherty met with Messrs. Perkins and Blize to discuss Mr. Perkins's concerns.

18.     In that meeting, Mr. Dougherty reported the action by Ms. Blize and recommended that such confidential communications not be divulged to unsuccessful job applicants as a matter of workplace safety and in order to prevent violence in the workplace.

19.     Mr. Blize initially assured Mr. Dougherty that he acted appropriately according to the duties of his position in proffering constructive criticism notwithstanding the fact that the Director of Staffing was Mr. Blize's wife.

20.     However, a few days later, another ASDI employee warned Mr. Dougherty to "watch your back" because "Trula really has it in for you."

21.     On December 1, 2006, Ms. Blize stated in an email directed to Mr. Perkins that Mr. Perkins had told her to inform the aforementioned applicant that it was Mr. Perkins's instructions not to hire the applicant.

22.     Mr. Perkins informed Mr. Dougherty that Ms. Blize's claim was untrue, which Mr. Dougherty relayed to Mr. Blize.

23.     Mr. Blize then threatened to fire Mr. Perkins for contradicting his wife.

24.     On December 21, 2006, Mr. Blize told Mr. Dougherty that he was being stripped

3

of all "authority and responsibility" over operations, for a period of one month, so that he could be "re-trained."

     25.     Mr. Blize took this adverse employment action against Mr. Dougherty in retaliation for Mr. Dougherty's proper actions in reporting a potential workplace safety concern to Mr. Blize arising from Ms. Blize's handling of the unsuccessful applicant.

     26.     When Mr. Dougherty expressed his understanding that he would be only an "observer" during this one-month period, Mr. Blize confirmed that his role would be so limited.

     27.     Mr. Blize also told Mr. Dougherty that management responsibility was being reassigned to a committee that did not include him.

     28.     During the week of December 26, 2006, Mr. Dougherty asked Mr. Blize whether the weekly meetings between them, at which Mr. Dougherty would report on the status of projects over which he had responsibility, would be discontinued. Mr. Blize confirmed that such meetings would be discontinued and that, specifically, Mr. Dougherty would not meet with him during the week of December 26 because Mr. Dougherty no longer had responsibility over projects but rather was an "observer."

     29.     Monday, January 1, 2007, was a paid holiday.  On Tuesday, January 2, 2007, Mr. Dougherty reported to work and was called into a conference room at approximately 1:00 p.m. Notwithstanding the fact that ASDI had previously stripped Mr. Dougherty of all management authority and responsibility, Mr. Blize blamed Mr. Dougherty for a delay in a project for Cephalon that occurred in the week between Christmas and New Year's Day.  Mr. Blize indicated that he was placing Mr. Dougherty on a "leave of absence."  Mr. Blize did not indicate, either orally or in writing, that such leave would be without pay.

     30.     Mr. Dougherty was immediately escorted from the premises.

31.     ASDI did not have in place at that time any written policy applicable to all employees regarding unpaid suspension for violation of conduct rules or otherwise.

32.     On January 4, 2007, Mr. Dougherty emailed Mr. Blize requesting clarification of his employment status.  Mr. Blize and ASDI ignored his inquiry.

33.     On Friday, January 19, 2007, Mr. Dougherty inquired about ASDI's failure to deposit his semi-monthly pay check into his bank account, as was its normal practice.

34.     In response, ASDI's director of finance informed Mr. Dougherty that Mr. Blize had decided, just that week, not to pay Mr. Dougherty for the pay period beginning January 1.

35.     Throughout that time, Mr. Dougherty remained ready and willing to return to work.

36.     At no point through January 19 did ASDI (or any agent thereof) either advise Mr. Dougherty of any change in the rate of his pay, or that his "leave of absence" had been transformed into termination of employment.

37.     On January 23, 2007, Mr. Dougherty sent to Ms. Blize an email requesting that he be permitted to inspect his personnel file.  Mr. Blize and ASDI refused that request by ignoring it.

38.     On February 15, 2007, Mr. Dougherty, through counsel, wrote to ASDI seeking an amicable resolution of this matter.

39.     ASDI kept Mr. Dougherty on its health insurance plan until May 3, 2007.

40.     On May 18, 2007, Mr. Dougherty received a COBRA notification form from ASDI notifying him of his right to health care continuation benefits.

41.     The COBRA notice form states that the date of Mr. Dougherty's termination (the date he qualified for COBRA coverage) was May 3, 2007.

5

42.     ASDI failed to supply a rate sheet at any time through the end of May 2007.

43.     On May 22, 2007, Mr. Dougherty requested via email information required by COBRA. Mr. Dougherty received no reply.

44.     ASDI finally sent Mr. Dougherty a rate sheet on June 13, 2007.

45.     Mr. Dougherty has continued to attempt to find comparable full-time employment since the end of January 2007 but has been unsuccessful.

46.     Upon information and belief, ASDI failed to pay not only Dougherty but also other ASDI exempt employees during disciplinary leave, even when such employees worked during a workweek, which amounts to a clear and particularized policy, which effectively communicates that deductions will be made in specific circumstances.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT

47.     Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

48.     In violation of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), Defendants Mr. Blize and ASDI, who both are employers under FLSA, unlawfully paid / failed to pay Mr. Dougherty; and through the implementation of an unlawful deduction policy, the exemption was lost.

49.     Through such acts, pursuant to 29 U.S.C. § 216, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) unpaid wages (including non-paid overtime); (2) an additional equal amount as liquidated damages; (3) mandatory reasonable attorney's fees; and (4) mandatory costs of the action.

6

## COUNT TWO
## VIOLATION OF COBRA / ERISA

Formatted: Bullets and Numbering

50.     Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

51.     In violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161 et seq., which amended the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendants Mr. Blize and ASDI, who both were employers and plan administrators, failed to notify Mr. Dougherty, who was a qualified beneficiary of a group health plan, of his entitlement to continuation coverage, within the time period required by COBRA.

52.     In further violation of COBRA, Mr. Blize and ASDI included in the untimely notice false and / or deceptive information.

53.     Also in violation of COBRA, Mr. Blize and ASDI failed to supply required information including a rate sheet.

54.     Through such acts, pursuant to 29 U.S.C. § 1132, Mr. Blize and ASDI are liable to Mr. Dougherty for:  (1) civil penalties for each violation from the date of each such violation; (2) discretionary reasonable attorney's fees; and (3) discretionary costs of action.

## COUNT THREE
## VIOLATION OF DELAWARE'S WAGE PAYMENT & COLLECTION ACT

Formatted: Bullets and Numbering

55.     Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

56.     In violation of Delaware's Wage Payment and Collection Act, 19 Del. C. § 1101 et seq. (the "Wage Act"), Defendants Mr. Blize and ASDI, who both were employers under the Wage Act, unlawfully withheld from Mr. Dougherty wages and / or benefits and wage

supplements, as those terms are defined by the Wage Act.

57.    Mr. Blize and ASDI further violated the Wage Act by failing to notify Mr. Dougherty of a reduction in his regular rate of pay, through a posted notice maintained in a place accessible to Mr. Dougherty where he normally passed, prior to the time of such reduction.

58.    Through such acts, pursuant to 19 Del. C. §§ 1103, 1112, and 1113, Mr. Blize and ASDI are liable to Mr. Dougherty for:  (1) a civil penalty of not less than $1,000 nor more than $5,000 for each violation or act of non-compliance with the Wage Act; (2) the amount of all unpaid wages and / or benefits and wage supplements; (3) an additional amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure has continued (and will continue) after the days upon which payments were required or in an amount equal to the unpaid wages, whichever is smaller; (4) mandatory reasonable attorney's fees; and (5) mandatory costs of this action.

<div align="center">

**COUNT FOUR**
**VIOLATION OF DELAWARE'S WHISTLEBLOWER PROTECTION ACT**

</div>

**Formatted:** Bullets and Numbering

59.    Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

60.    In violation of the Delaware Whistleblowers' Protection Act, 19 Del. C. § 1701, *et seq.*, (the "Whistleblower Act"), Defendants Mr. Blize and ASDI, who both are employers under the Whistleblower Act, unlawfully discharged Mr. Dougherty primarily because he verbally reported to Mr. Blize an act that was materially inconsistent with, and a serious deviation from, standards implemented pursuant to a law, rule, or regulation promulgated under the laws of Delaware, a political subdivision of Delaware, and the United States, to protect employees or other persons from health, safety, or environmental hazards while on the employer's premises or elsewhere.

<div align="center">

8

</div>

61.   Through such act, pursuant to 19 Del. C. §1704, Mr. Blize and ASDI are liable to Mr. Dougherty for:  (1) back wages; (2) expungement of records relating to disciplinary action and discharge; (3) actual damages; (4) discretionary attorneys' fees; and (5) discretionary costs of litigation.

## COUNT FIVE
## VIOLATION OF DELAWARE'S RIGHT TO INSPECT PERSONNEL FILE ACT

62.   Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

Formatted: Bullets and Numbering

63.   In violation of Delaware's Right to Inspect Personnel Files Act (the "Personnel Files Act"), 19 Del. C. § 730, *et seq.*, Mr. Blize and ASDI, who both are employers under the Personnel Files Act, unlawfully refused Mr. Dougherty access to a personnel file.

64.   Through such act, pursuant to 19 Del. C. § 735, Mr. Blize and ASDI are liable to Mr. Dougherty for a civil penalty of not less than $1,000 nor more than $5,000 for each violation.

## COUNT SIX
## VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING

65.   Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

Formatted: Bullets and Numbering

66.   Under Delaware law, Mr. Dougherty's employment relationship with ASDI included an implied covenant of good faith and fair dealing.

67.   ASDI, acting by and through its agent, servants and employees, terminated Mr. Dougherty's employment due to his verbal report to Mr. Blize regarding Ms. Blize's singling-out of the employee responsible for an applicant's failure to be hired, to which Mr. Dougherty occupied a position at ASDI to oppose.

9

68.    The actions of ASDI were taken with malice and/or disregard of Mr. Dougherty's protected rights, in that ASDI, through fraud, deceit and misrepresentation, manufactured false grounds to terminate Mr. Dougherty's employment.

69.    In addition, the actions of ASDI were in violation of federal public policy and / or public policy of the State of Delaware.

70.    ASDI, rather than conducting an employment relationship in good faith based upon fair dealing, breached the implied covenant of good faith and fair dealing under Delaware law through its actions as described in the foregoing paragraphs, and as a result, breached the employment contract with Mr. Dougherty causing significant financial injury to him.

**WHEREFORE**, Mr. Dougherty respectfully requests this Court enter judgment in favor of Mr. Dougherty and against Mr. Blize and ASDI as follows:

1.    Declaring the conduct engaged in by Mr. Blize and ASDI to be in violation of Mr. Dougherty's rights.

2.    Ordering expungement of records relating to any disciplinary action and discharge of Mr. Dougherty's employment;

3.    Awarding past lost wages (including unpaid overtime) and wage supplements;

4.    Awarding future lost wages and wage supplements in lieu of reinstatement;

5.    Awarding statutory liquidated damages and/or punitive damages;

6.    Awarding statutory penalties;

7.    Awarding attorneys' fees;

8.    Awarding costs;

9.    Awarding pre and post judgment interest; and

10.    Ordering any other relief that the Court deems just and appropriate.

10

CONNOLLY BOVE LODGE & HUTZ LLP

_____

Matthew F. Boyer (Del. Bar No. 2564)
Email:  Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email:  Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email:  Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Date: March 4, 2008                 (302) 658-9141
CBLH: 595961                        *Attorneys for John J. Dougherty*

**Deleted:** October 26, 2007

**Deleted:** 555666 14906*00007

11

# EXHIBIT

# 9

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

**THE BRANDYWINE BUILDING**
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE  19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 571-5008
DIRECT FAX:  576-3476
mdibianca@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DePALMA
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN McCORMICK
MICHAEL W. McDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

March 4, 2008

**BY E-MAIL**

Timothy M. Holly Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

      Re:    Dougherty v. ASDI, et al.

Dear Tim:

      I received your package; thank you for such a prompt response.  Although I haven't yet turned to some of the issues raised in your letter, I do want to respond to the ones I am able to answer today.  I will get you the rest of the requested information as soon as possible and, in all likelihood, by tomorrow.

## DEPOSITION SCHEDULE

1.    Barring some unforeseen conflict with my client's schedule, deposition of Mr. Dougherty on April 22, 2008, continuing if necessary into the 23rd will be fine.  We will get the court reporter arranged, etc.

2.    I have also asked the client to provide dates during the week of May 19, 2008, for Plaintiff to take the depositions of Alan Blize and Trula Blize.  Will you be taking a separate, 30(b)(6) deposition, as well?  Do you think any of the depositions will take significantly less than one day or should we presume they will be full-days for scheduling purposes?

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy M. Holly Esquire
March 4, 2008
Page 2

## FLSA CLAIMS

3.      Regarding Mr. Dougherty's claim of wages.  Could you provide (1) the amount of fees Plaintiff is claiming for this claim; (2) the amount of wages he is claiming as I seem to have estimated it incorrectly.

4.      I was not sure from your letter whether Mr. Dougherty would accept payment of some amount in exchange for dismissal of Count I.  If he is paid the moneys he demands inclusive of fees, he would or would not withdraw Count I?

## DOCUMENT PRODUCTION

5.      Regarding document production, I don't see any need to rush to produce all potential documents.  Hence, the purpose of the 30-day deadline for discovery responses.  We would be satisfied to receive Plaintiff's Rule 26 documents with his discovery responses and supporting documents on or before the 30-day deadline, with a few small exceptions.

6.      The documents identified in Plaintiff's Disclosures as Numbers 3, 4, 5, 7, and 9 are the only documents I would prefer to have as soon as practicable.  But it is not necessary that they be produced not necessarily by the end of the week.  If providing those documents next week is more convenient, that be fine with Defendants.  And, with the exception of #9, those documents are likely only a page or two in length, making it a fairly small request.

7.      Defendants' Rule 26 documents have been assembled and stamped so we can provide them without much delay.

## RULE 26 SUPPLEMENTAL RESPONSES

8.      Regarding the requested damages calculation, I apologize for any confusion and certainly do not intend to overstep.  But, in all fairness, it seems unreasonable to take deposition of Plaintiff without being able to question him about his alleged damages.  The assertion that no dollar amount can be provided until the course of discovery is significantly complete seems to contradict the entire essence of Rule 26 disclosures, which are intended to provide parties with a preliminary damages estimate prior to engaging in the formal discovery process.  By claiming that he cannot provide a damages calculation under a Rule 26(a) standard until substantial completion of discovery, Plaintiff seems to claim that the damages element of the Rule is superfluous.

9.      Defendants did not waive any objection to this required disclosure—it was simply a courtesy extended to provide Plaintiff with additional time to prepare an estimation.  Of course Plaintiff could (and would be expected to) update his initial calculations as the matter proceeds.  I am certainly willing to reconsider if you have some precedent to support the present assertion.  Otherwise, Defendants ask that Plaintiff send a damages calculation pursuant to Rule. 26.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy M. Holly Esquire
March 4, 2008
Page 3

10.    A final issue relating to Rule 26 Disclosures, address the persons with knowledge listed in Plaintiff's Complaint.  It seems that the proposed Amended Complaint and, specifically, Paragraph 46, is asserting or would attempt to assert, a class action brought in addition to or under the umbrella of one or more of the current Counts.  If there are any persons with knowledge who are not identified in Plaintiff's Initial Disclosures but who may have knowledge of the allegations in the Complaint, and specifically, the proposed additions to the Complaint, please supplement Plaintiff's disclosures accordingly as necessary to reflect those persons.  Based on the informal discovery conducted so far, Defendants are not aware of any such person.

    Thank you again for responding so quickly.  I will be in touch in the next day or two with answers to your other inquiries.  In the meantime, I would appreciate your response to my follow-up requests above.  And of course, do not hesitate to contact me via phone at (302) 571-5008.

Very truly yours,

Margaret M. DiBianca

MMD:y

EXHIBIT

10

**Carl, Shaina**

---

| | |
|---|---|
| **From:** | Timothy M. Holly [THolly@cblh.com] |
| **Sent:** | Wednesday, March 05, 2008 12:30 PM |
| **To:** | DiBianca, Margaret |
| **Cc:** | john dougherty |
| **Subject:** | RE: Dougherty v. ASDI, et al. |
| **Attachments:** | Dougherty v. ASDI, et al.; 6632551_1.PDF |

   

Dougherty v. ASDI,   6632551_1.PDF
et al.

Molly:

I am responding to your letter of yesterday through this email.

1.  Mr. Dougherty and I have scheduled depositions for April 22 and 23.
I assume you will memorialize the dates of your deposition through a Notice of Deposition stating the time, location, etc., of depositions.

2.  We will take the individual depositions of Alan and Trula Blize & also that of ASDI.  We obviously leave it to ASDI to choose its own designee.  If Alan or Trula will be the designee, it seems possible that we could conclude two depositions (the designee individually as well as that of ASDI) in a single day (but want to leave room for two days if necessary).  We would take the deposition of the non-designee on a third day.  I sincerely doubt the non-designee would take a full day.  In sum, assuming Alan or Trula will be the designee, I suggest we schedule three days of deposition.  Let's schedule ASDI (and the designee individually) on days 1 & 2 and the non-designee on day 3.  If we don't need the second day then we will cancel the reporter for day 2.

3.  Regarding the wage claim:  Mr. Dougherty, as with most employees, will not know the full extent of his loss until he sees what benefits he received (or should have received) from ASDI (e.g., retirement, health, life, 401(k), etc.).  ASDI should be able to tell me (and you) what wages and benefits and wage supplements were paid (or should have been paid) to Dougherty; as well as the value of such items.  Our discovery seeks such information.  The amount of the wage payment claim depends on the responses I receive to my discovery requests.  Moreover, in this case, it isn't even clear when the termination date was.  ASDI seems to have been less than consistent on that matter.  The extent of damage under this claim depends on when, as a matter of fact, the terminate date was.  We suspect that fact will need to be decided by the jury.  So no, I cannot provide a more specific response yet.

4.  For a settlement of the FLSA claim only, as set forth in more detail below, we would require one week of net wages ($1,300) + unpaid overtime
($6,825) + liquidated double damages ($8,125) + costs / fees ($_____) = $_____ (with no deductions).  If interested, I can find out costs / fees to date.  In absence of a settlement of the FLSA claim, we still await execution of the Stipulation to Amend Complaint.

As consistently stated through demand letters and mediation, Mr.
Dougherty will agree to dismiss his entire complaint (not just the FLSA claim) for payment in full of our fees and costs incurred to date (i.e., $_____) and $50,000 = $_____ (with no deductions).  If interested, I can find out costs / fees to date.  The $50,000 figure is based on a compromise on estimated loss (with we do not limit ourselves to in this case, as only discovery from ASDI will reveal the actual amounts).
Estimated loss includes:  (1)  lost salary- $5,200 per month in net monthly ASDI income at 14 months (i.e., January 2007 through present) = $72,800.  (2) unpaid overtime- $1,300 net per week at 40 hours is a base rate of $32.50 net.  OT rate is $48.75 net.  At about 10 hours per week OT for 14 weeks (i.e., September 11, 2006 through end of December 2006), there are 140 hours.  This results in an amount of $6,825.  (3) lost dental / health- we require information from ASDI, but we approximate at $1,500 per month at 14 months = $21,000.  (4)  lost life insurance- we require information of ASDI and do not have an estimate for this amount.
(5)  front pay- for purposes of proffering this demand, we have omitted front pay.  (6) penalties- for purposes of proffering this demand, we have omitted penalties.  (7) liquidated damages, etc.- for purposes of settlement we have omitted liquidated damages.  Adding categories 1 through 3 = $100,625.  Subtracting Dougherty's approximate net income

earned since January 1, 2007 (i.e., $41,406) = $59,219.  We feel the offer of compromise is more than fair.  As always, we welcome a sincere offer of compromise from the defendants.

5.  I've attached a PDF of all documents we presently have.  Before anything is filed publicly, we, of course, expect that any personal information will be redacted.

6.  See #5 above.

7.  Thank you.  Please mail or PDF a copy at your earliest convenience.

8.  You have the most comprehensive computations of each category of damages that we can provide at this time.  As the case develops and we improve our ability to make more comprehensive computations, I will let you know.  You are welcome to delay a deposition past April 23 and / or
23 if you like.  However, if the defendants respond appropriately to our written discovery you should have much more complete damage computations
by that date.   If you have authority for the proposition that what we
have given you thus far is insufficient under Rule 26, please let me know.

9.  See #8 above.

10.  Regarding FLSA:  In addition to other statutory remedies, we are seeking an amount for Dougherty's salary for one week of work.  ASDI should know how much it should have paid Dougherty during that time. We approximate it at $1,300.  In addition, we are seeking unpaid overtime wages (of approximately $6,825).  Further, we seek liquidated damages and fees / costs.  There is no class action issue in this case.  The treatment of other employees is relevant to determine the nature of ASDI's policy, which we believe effectively communicates that deductions will be made of exempt employees in specific circumstances.  If true, that would provide a basis for a collective case, but that is not our aim in this case.  Rather, we will argue that in implementing this policy in the case of Dougherty, ASDI failed to pay Dougherty on a salary basis and thus he is entitled to overtime wages for the duration of his employment.  We need information from ASDI to calculate the salary basis and to assess the number of overtime hours worked.  We expect the defendants to provide information on these matters in response to our discovery requests.  If there is anyone that should be disclosed in your initial disclosures who are not, we expect that your disclosures will be updated.  We will do the same.

Call any time:  302-252-4217.  Perhaps we can both save some time (and cost to our clients) by talking rather than typing.

Thanks,
Tim


This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information.  Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts.  Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

EXHIBIT

11

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARGARET M. DiBIANCA
DIRECT DIAL:   571-5008
DIRECT FAX:   576-3476
mdibianca@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 7, 2008

**BY E-MAIL**

Timothy M. Holly, Esq.
tmh@cblh.com

      Re:    Dougherty v. ASDI, Inc.

Dear Tim:

      First, there were no attachments as indicated in your e-mail on March 5, 2008.  I have not, therefore, received Plaintiff's Rule 26 documents.  Please send them at your earliest convenience.  Defendants' Rule 26 documents were produced earlier today via e-mail.  Please contact me if you did not receive the documents.

      May 19, 20, and 21, 2008, will be fine for the Defendants' depositions.  As you indicated in your e-mail, Plaintiff will depose the ASDI designee in his/her individual and official capacities on the May 19 and 20 and the non-designee on May 21.

      One of the documents included in Defendants' Initial Disclosures is a copy of Mr. Dougherty's earnings statement for the pay period ending December 20, 2006.  From that statement, it appears that his net bi-weekly pay totaled $2,600.62, or $1,300.31 per week.  This is consistent with the estimated figure you provided on Wednesday.

      Your other calculations are not as clear.  The claimed overtime wages do not provide any of the data necessary to verify the calculation.  Specifically, how many hours of claimed overtime does this figure include, for what dates, and at what hourly rate?  This data is absolutely essential to any forthcoming settlement offer.

      Additionally, if the defendant is alleging that he is due overtime because he was somehow "converted" to a non-exempt employee on December 21, 2006, how is it that he is due wages for January 3, 4, and 5, 2007, since he did not work on those dates?  These two positions—that he is due overtime wages as a non-exempt employee, and that he is due salary for time he did not work due to his exempt status—are untenable.  Perhaps you will be able to clarify these contradictory positions.

      As previously requested, please provide your estimated fees and costs relating to Count I.  ASDI cannot make an offer of compromise that would include fees and costs, as Plaintiff has demanded, without first having received an estimation of the amounts claimed.

      Regarding Plaintiff's Rule 26 obligations, Defendants again request that Plaintiff provide a calculation of estimated damages and a copy of all supporting documents.  I notice that you did not provide any authority to support your refusal to provide a damages calculation as I

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy M. Holly, Esq.
March 7, 2008
Page 2

requested on Tuesday. Instead, you ask that Defendants provide authorities in support for the contention that such data and documentation are due.

        Despite your failure to respond to my request, I will respond to yours. First, please review the plain language of Rule 26(a)(1)(A)(iii):

> "Except as exempted by Rule 26(a)(1)(B) . . . a party must, . . . provide to the other parties: (iii) a computation of each category of damages claimed . . . [and] the documents and other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . ."

        Fed. R. Civ. P. 26(a)(1)(A)(iii) language of the rule is unambiguous—a "computation" requires the producing party to provide an actual *dollar amount* for each category of damages, as well as an explanation of how that dollar amount was calculated. There is no basis for Plaintiff's assertion that the "extent of damage under this claim depends on when, as a matter of fact, the termination date was." Mr. Dougherty has filed suit against my clients, alleging that he has incurred harm as a result of their actions. Only Mr. Dougherty can know the extent of the harms that he claims.

        The case of <u>Lopez v. City of New York</u>, is instructive. No. 05-3624, 2007 U.S. Dist. LEXIS 68963 (E.D.N.Y. Sept. 18, 2007). In <u>Lopez</u>, the plaintiff refused to provide a computation of damages pursuant to Rule 26(a). Instead, she alleged that her damages were "questions of fact for plenary resolutions by a jury and are not subject to computation." <u>Id.</u> at *10. The court rejected this argument and ordered sanctions for the plaintiff's failure to comply with the mandatory disclosure requirement. <u>Id.</u> at *19.

        In accordance with the plain language of Rule 26, Defendants make their third and final request for Plaintiff to produce a computation of each category of damages and all supporting documentation. If such computations are not provided by Friday, March 14, 2008, Defendants will have no alternative but to seek the Court's assistance.

        As noted above, please re-send the documents that were intended to have been attached to your previous correspondence.

        Sincerely,

*MMDiBi*

        Margaret M. DiBianca

MMD:y

cc: Alan Blize (via E-mail only)
    Barry Willoughby (via Inter-Office Mail)

# EXHIBIT

# 12

## Carl, Shaina

| | |
|---|---|
| **From:** | Timothy M. Holly [THolly@cblh.com] |
| **Sent:** | Monday, March 10, 2008 12:10 PM |
| **To:** | DiBianca, Margaret |
| **Cc:** | Willoughby, Barry M. |
| **Subject:** | RE: Dougherty v. ASDI |
| **Attachments:** | Dougherty v. ASDI |

Molly:

In response to your letter of March 7, 2008:

1. We have sent you all documents we presently have, the receipt of which you confirmed this morning. We expect to produce additional document in response to your discovery requests. We will produce hard copies of all documents in response to your discovery requests. We would appreciate the same courtesy.

2. Please inform me who ASDI will have testify at deposition as its representative.

3. Thank you for confirming the net weekly pay is about $1,300.31. I provided the overtime information you requested in my email of 3/5/08. As set forth in paragraph 4 of that email, the number of estimated overtime hours is approximately 10 per week. The defendants proper responses to our discovery requests should assist in being more precise. In any event, the dates to which we applied overtime are 9/11/06 through the end of December 2006. The calculated net base rate is $32.50. The calculated net overtime rate is $48.75. Note that I use net figures with the intent being that any settlement would not have withholdings. If ASDI contemplates proffering a settlement that applies withholdings, gross amounts should be used.

4. As to the overtime claim, Mr. Dougherty has not claimed that overtime is due for any time in 2007 (see above and paragraph 4 of my email of 3/5/08). As you correctly observe, because of ASDI's treatment of Mr. Dougherty, he was not given the opportunity to work his normal schedule (including hours over 40). Instead, ASDI played games with him and strung him along until May, asking him to sit at home and wait for ASDI to make a decision of how to proceed. Thus, he only claims unpaid overtime from 2006. Alternatively, if the conversion claim fails, under FLSA, wages are due in 2007. They are alternative arguments and are not, as you say, "untenable."

5. Fees to date are $26,938.25. Disbursements to date are $1,428.08. As to the fees: $19,132.00 are non-claim specific and $1,662.50 relate to FLSA (the remainder are for non-FLSA claims). Thus for a full settlement of the entire case, the full amount of $28,366.33 applies. A settlement of just the FLSA claim could be achieved by applying $22,222.58 (i.e., fees of $20,794.50 and disbursements of $1,428.08).

6. You have our position on the initial disclosures and we have yours. If you are not satisfied with this and you think it is appropriate to seek relief from the court that is your choice. We feel confident that the court will agree with us that we have met our obligations and that we are entitled to discovery before supplementing our disclosures. The case you cite is inapposite. There, the scheduling conference occurred on December 20, 2005. The matter at issue in that case emerged after the defendant attempted to obtain more detailed damages over a course of 2 years. We have only begun this case and we have

repeatedly told you that we would update calculations after ASDI provides responses to discovery.  We will.  If we do not, perhaps the sanction at issue in the Lopez case would be appropriate.

7.  We will need to agree to disagree about the wage payment claim (i.e., that the "extent of damage under this claim depends on when, as a matter of fact, the termination date was").  Our position is that if termination was in May 2007, Mr. Dougherty is due wages between January 1, 2007 and that date.  If he was terminated in January 2007, he is due wages between January 1, 2007 and that shorter date (but penalties will apply under COBRA).   ASDI has not yet seemed to pick a position on this matter.  A question of fact exists.  Damages depend on the fact.

Although past experience with these defendants leads us to doubt settlement is very probable, as always, we welcome a reasonable offer. The demand is $50,000 plus all fees and disbursements, for a total of $78,366.33.  The demand will increase as fees and disbursements increase.

Tim

This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

4/28/2008

# EXHIBIT

# 13

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

MARGARET M. DIBIANCA
DIRECT DIAL:   (302) 571-5008
DIRECT FAX:    (302) 576-3476
mdibianca@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 27, 2008

**BY HAND DELIVERY**

Timothy Holly, Esq.
Conolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

   Re: Dougherty v. ASDI

Dear Tim:

   I am writing to address the outstanding discovery issues in the above-referenced matter.  In earlier correspondence, I requested that Plaintiff provide a damages calculation pursuant to the requirements of Rule 26(a).  You responded with a summary of two alternative calculations and totals for Plaintiff's Fair Labor Standards Act ("FLSA") claim.  I have not received any damages information relating to the other five counts of Plaintiff's Complaint.

   Kindly provide the requested calculations on or before April 8, 2008, so that Defendants are able to properly prepare for the upcoming depositions.  Should you find this request objectionable or if you are unable to comply within the requested time frame, please communicate that information as soon as practicable.  Otherwise I will look forward to receipt of Plaintiff's responses.

   Sincerely,

   Margaret M. DiBianca

MMD:sec

DB02:6698450.1

066253.1003

# EXHIBIT

# 14

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

MARGARET M. DIBIANCA
DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

April 2, 2008

**BY E-MAIL & HAND-DELIVERY**

Timothy Holly, Esq.
Conolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

   Re: Dougherty v. ASDI

Dear Tim:

   I write to address several outstanding issues in the above-referenced cases. Specifically, Defendants have determined that a motion for dismissal is appropriate for at least two of Plaintiff's six claims.  Before filing a motion, I request that you stipulate to a stay of discovery pending the decision of the dismissal motion.  A stay would be to the benefit of both parties and prejudicial to neither.  The reasons for this request are set forth more fully below.

   Please advise me of your client's position with regard to this request as soon as practicable but, in any event, no later than Wednesday, April 9, 2008.

**A.  Counts I and II Are Unsustainable**

   I have reviewed Plaintiff's Motion to Amend the Complaint, which was filed yesterday.  I have also had the opportunity to review the law for Plaintiff's Fair Labor Standards Act ("FLSA") claim and Plaintiff's Consolidated Omnibus Budget Reconciliation Act ("COBRA") claim.  I do not believe there to be any legal merit for either claim.

   There is no legal precedent to support a claim for retrospective conversion of exempt status under the FLSA.  Additionally, Plaintiff received all of the necessary COBRA documents within the allotted time period, which was confirmed in Plaintiff's recent production of documents.   Therefore, Defendants contend that these claims are unsupportable as a matter of law and, as a result, the Court is without jurisdiction to hear the remaining state law claims.

**B.  Plaintiff's Discovery Responses Are Deficient**

   I have also had an opportunity to review Plaintiff's responses to Defendants' First Interrogatories and First Request for Production.  Without going into unnecessary detail, suffice

it to say that Plaintiff's responses are deficient at best and a sham at worse. Plaintiff makes one baseless objection after another and, where any information at all is provided, it fails to answer the request posed.

Additionally, "Plaintiff's Exhibit and Witness List," produced in table format, identifies documents P049-993 as "Dougherty job hunt documents."[1] In fact, only documents P049-P589 are documents relating to Plaintiff's job search efforts. P0590-592 appear to be Mr. Dougherty's resume. P0593-604 include three years of tax returns.

But, most importantly, the documents produced by Plaintiff and identified as P0605-P0993 are actually documents produced by Defendants pursuant to Rule 26(a). These documents are not related to "Plaintiff's job hunt." They are D001-D0383 and they do not include a single document relating to Plaintiff's mitigation efforts.

I am unable to formulate a reason for reproducing documents already produced, labeling them with a new bates number, and identifying them with gross inaccuracy. I cannot imagine that this was an attempt to waste Defendants' money by causing extra and unnecessary work for Defendants' counsel during the discovery phase. Yet, there are no legitimate reason for this production.

And, finally, the issue of damages is still outstanding. Despite my several requests, you have continued to contend that Plaintiff is not obligated to provide any damages calculation until the jury reaches the issue. This response is deficient with Plaintiff's obligations under Rule 26(a). It is further deficient with Plaintiff's obligations under Rule 33(a)(1).

**C. Proposed Course of Action**

As you know, Defendants' first discovery responses are due to be produced tomorrow, April 3, 2008. These responses have been prepared and will be timely served. But that is the only discovery matter that Defendants believe should proceed. Instead, Defendants intend to move for dismissal pursuant to Rules 12(b)(1) and 12(c). Thus, Defendants request that Plaintiff stipulate to stay discovery pending the resolution of their motion.

It would not be cumbersome on Plaintiff to stay the discovery, especially in light of the generous discovery period, which does not expire for seven months. It would also eliminate the need for Defendants to file a motion to compel sufficiently responsive discovery by Plaintiff. Further, the parties would not need to file their answer and reply to Plaintiff's Motion to Amend because, if Counts I and II survive the motion, Defendants agree that they would stipulate to the proposed Amended Complaint.

---

[1] It is notably striking that Plaintiff declares production of more than nine hundred pages of documents relating to his "job hunt" but objected to Defendants' Interrogatory No. 7, which requested information about Plaintiff's mitigation efforts, and refused to provide any responsive information to the request.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy Holly, Esq.
April 2, 2008
Page 3

        Defendants believe that this is the most reasonable course of action for all parties. Defendants are hopeful that Plaintiff is able to recognize the value of staying discovery until the impending motion to dismiss is resolved.  As requested above, please advise me of your client's position as soon as practicable but, in any event, no later than three business days, or Wednesday, April 9, 2008.  Defendants will move the Court on their own after that time.

        We look forward to receiving Plaintiff's response.

        Sincerely,

        Margaret M. DiBianca

MMD:sec


cc:    Alan Blize (via e-mail only)
       Barry M. Willoughby, Esq. (via inter-office mail)