**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS
MOTION TO AMEND COMPLAINT**

Pursuant to Local Rule 7.1.2(b), Plaintiff John J. Dougherty ("Dougherty") hereby submits his reply memorandum in support of his motion to amend the complaint. In support thereof, Dougherty states:

1.      Dougherty seeks to amend his complaint to plead an additional claim under the Fair Labor Standards Act ("FLSA"), which arises as a result of Defendants Alan Blize ("Blize") and ASDI, Incorporated's ("ASDI") (collectively the "Defendants") violation of the FLSA as pled in the initial complaint. As alleged, Defendants failed to treat Dougherty as an exempt employee by not paying Dougherty his full salary for a week in which he worked (the week of January 1, 2007). Moreover, Dougherty was not the only exempt employee that was subject to improper deductions from salary. Upon information and belief, at least two other exempt employees, one prior to Dougherty, suffered from similar improper deductions in salary under the FLSA. It is believed that every exempt employee who was placed on leave was not paid even for the work weeks in which they worked. Thus, Defendants had an "actual practice" of making such

1

improper deductions, which demonstrates that Defendants did not intend to pay their exempt employees accordingly. Under the FLSA, such an "actual practice" causes a loss of exemption and converts exempt employees to non-exempt employees, which are then entitled to overtime. As this "actual practice" began before Dougherty was employed at ASDI, Dougherty should be considered non-exempt for the time prior to January 1, 2007, and is entitled to unpaid overtime for any week in which he worked over 40 hours.

2.    Dougherty's additional FLSA claim is grounded in the language of an FLSA regulation regarding the effect of improper deductions from salary (*see* 29 C.F.R. § 541.603 (2004)). Defendants nonetheless erroneously contend that Dougherty's proposed amendments are futile in that they fail to state a claim under the FLSA.[1] Specifically, Defendants argue that Dougherty does not state that ASDI had an actual practice and cannot show the existence of any "comparators" and, as a result, cannot state a claim or recover unpaid overtime. Defendants are attempting to block Dougherty from exploring relevant areas of inquiry through discovery, which may yield additional information to support Dougherty's claim that ASDI had an "actual practice" of improper deductions from the salary of exempt employees.

3.    In considering Defendants' claim of futility, the Court must "accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom." *Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, 2008 WL 280881, at *1 (D. Del. Jan. 31, 2008) (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "[A]n amended pleading is only insufficient if 'no relief could be granted under any set of facts

---

[1]    Defendants do not claim that Dougherty unduly delayed in bringing this motion to amend or that Defendants will be prejudiced by the proposed amendments.

consistent with the allegations ...."' *Id.* (quoting *In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397 (3d Cir. 2000)) (holding that the issue is not whether the movant will succeed at trial, but whether the amendments will support a claim as pled).

### I.    Dougherty's Proposed Amended Complaint States An Additional FLSA Claim.

4.    Dougherty seeks to amend the complaint to plead an additional and mutually-exclusive claim based on Defendants' violation of the FLSA. The first FLSA claim alleges that Defendants failed to pay Dougherty, at the time an exempt employee, his full salary for a week in which he performed work (i.e. the week of January 1, 2007). *See* Compl. ¶ 47 (D.I. 1). It clearly states a claim for which relief can be granted based on the plain language of the FLSA regulations. *See* 29 C.F.R. § 541.602(a) (2004).[2]

5.    Likewise, Dougherty's proposed amendment, supported by factual allegations that must be taken as true, identifies an additional violation of the FLSA regulations by Defendants. Under the FLSA, an employer can lose the exemption to pay overtime to a certain employee when the employer makes an improper deduction from an exempt employee's salary. *See* 29 C.F.R. § 541.603(a). The FLSA regulations allow this loss of exemption to spread to other exempt employees if certain conditions are met. *See* § 541.603(b). The United States Supreme Court has held that this can occur where there is "either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer v. Robbins*, 519 U.S. 452, 461 (1997). An "actual practice" of such deductions will exist where the "facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a) (setting forth a complex factor-based analysis to determine the

---

[2]  Defendants have not set forth a viable legal basis as to why Dougherty is not entitled to receive his full salary for the week of January 1, 2007.

existence of an actual practice). The Court also held that a significant likelihood of deductions exists where the employer has "a clear and particularized policy [] which effectively communicates that deductions will be made in specific circumstances." *Auer*, 519 U.S. at 461. If an "actual practice" is pled then proven, all exempt employees that are subject to the practice will not satisfy the salary-basis test (*see* 29 C.F.R. § 541.602) and thus will not be exempt from the overtime laws.

6.     Here, taking the amended allegations as true (i.e. – that "ASDI failed to pay not only Dougherty but also other ASDI exempt employees during disciplinary leave, even when such employees worked during a given workweek"), Dougherty has stated an additional and mutually-exclusive FLSA claim based on ASDI's "actual practice" or "employment policy" of making improper deductions. Upon information and belief, the deductions in salary to which Dougherty fell victim happened to at least two other exempt ASDI employees. The first was Wayne Whittaker ("Whittaker"), who was subject to improper deductions prior to Dougherty's employment. The second was Mike Regusters ("Regusters"), who was placed on the same so-called "administrative leave" at the same time as Dougherty. Thus, under *Auer*, Dougherty has sufficiently pled that ASDI has an "actual practice" of making improper deductions to exempt employees in contravention of the FLSA. *See* 519 U.S. at 461. To adequately prove these additional and factually complex FLSA claims, Dougherty is entitled to discovery regarding the effect of ASDI's improper deductions from Dougherty's (and others') salary.

7.     For their part, Defendants make several arguments that Dougherty's additional FLSA claim is futile, all of which, however, lack merit. First, Defendants argue that Dougherty cannot seek wages under the FLSA for weeks in which he did not

perform work. Defs.' Ans. to Pl.'s Mot. to Amend Compl. ("Defs.' Ans.") ¶ 12 (D.I. 36). Defendants, however, have missed the thrust of Dougherty's argument. Dougherty is not seeking wages beyond the first week of January 2007 as damages for ASDI's violation of FLSA. Thus, Defendants' first argument is irrelevant.

8.     Second, Defendants appear to argue that Dougherty was not "actually *subject* to such deductions." Defs.' Ans. ¶ 13 (citing *Mendoza v. City of New Orleans*, 2007 WL 1550963, at *6 (E.D. La. May 24, 2007)).[3]   However, Defendants fail to recognize that Dougherty was not paid for the first week of January 2007 despite the fact that Dougherty, who at that time was an exempt employee, worked during the morning of Tuesday the 2nd until he was called into a meeting at 1:00 pm at Defendants' request. Dougherty was never paid for that week (until well after he had filed his complaint), despite the fact that he performed more than a half day of work as an exempt employee. Thus, Dougherty was subject to an improper deduction of salary by ASDI in violation of FLSA[4] and Defendants' argument to the contrary must fail.

9.     Third, Defendants argue that "isolated or inadvertent" deductions do not constitute an "actual practice" under the FLSA and do not result in the loss of an exemption. Defs.' Ans. ¶ 16. However, Dougherty has not only alleged that his salary was subject to improper deductions (*See* Compl. ¶ 47 (D.I. 1)) but, upon information and belief, so were the salaries of Whittaker and Regusters, both of whom were exempt

---

[3]  The *Mendoza* decision is inapposite. There, the plaintiff did not suffer an improper deduction as a result of the policy to which he claimed he was subject. *See Mendoza*, 2007 1550963, at *6. Here, however, Dougherty was subject to and suffered from ASDI's practice of making improper deductions from the salary of exempt employees. It was not a hypothetical possibility that Dougherty may have been subject to the practice or policy. Instead, he in fact was a victim of the policy or practice.

[4]  In fact, Defendants have implicitly acknowledged the viability of Dougherty's initial FLSA claim by paying Dougherty the wages due for the week of January 1, 2007, and leaving attorney's fees "to be determined by a court of competent jurisdiction." *See* Letter to T. Holly, Esq. from M. DiBianca, Esq. (Apr. 8, 2008) ("Exhibit A") (enclosure omitted).

employees at the time of the improper deductions. Improper deductions that were applied by ASDI against three different exempt employees within one year[5] cannot be construed as "isolated or inadvertent," particularly where, as here, the improper deductions occurred 100% of the time (i.e. each time an exempt employee was suspended or placed on "leave").

10.    Moreover, the determination of whether improper deductions constitute an "actual practice" is an extremely fact-sensitive analysis.[6]  For many years, the FLSA regulations provided that the "effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case."  29 C.F.R. § 541.118(a)(6) (1973).  In 2004, the Department of Labor clarified the specific factors that the court should consider in determining whether an employer has an actual practice of making improper deductions.  *See* 29 C.F.R. § 541.603(a) (2004).  Such factors are, among others, the number of improper deductions, the time period in which the improper deductions were made, the number and proximity of employees subject to deductions and the managers that made the deductions, and "whether the employer has a clearly communicated policy permitting or prohibiting improper deductions."  *Id.*  As this factor-based analysis is wholly dependent on the facts of the specific circumstances, discovery is necessary to allow the court to fully and adequately conduct the analysis.[7]  Dougherty,

---

[5]  Upon information and belief, Wayne Whittaker was employed by ASDI at some time during 2006, just prior to the hiring of Dougherty.

[6]  All of the cases cited by Defendants to show that an actual practice did not exist were all decided on a motion for summary judgment.  *See Cash v. Cycle Craft Co., Inc.*, 508 F.3d 680, 682 (1st Cir. 2007) (ruling on motion for summary judgment); *O'Brien v. Town of Agawam*, 350 F.3d 279, 293-294 (1st Cir. 2003) (same); *Wright v. Monroe Cty.*, 2007 WL 1434793, at *1 (W.D. N.Y. May 14, 2007) (same); *McDowell v. Cherry Hill Twp.*, 2005 WL 3132192, at *1 (D. N.J. Nov. 21, 2005) (same).  The tendency of federal courts to determine the existence of an "actual practice" under the FLSA at summary judgment indicates that such a determination can only be done after the plaintiff engages in full discovery.

[7]  Several circuits have relied on statements from the Secretary of Labor that "there can be no bright-line test for determining what constitutes an actual practice of improper deductions" and that the ultimate

based on the alleged facts, states a claim upon which relief can be granted that ASDI has an "actual practice" of making improper deductions from the salary of exempt employees. Thus, Defendants' claim of futility must fail.

11.    Fourth, Defendants claim that Dougherty does not allege that the "improper deductions were made for employees in the same job classification working for the same managers." Defs.' Ans. ¶ 17 (emphasis omitted). However, taking all factual allegations in the complaint as true, Dougherty has sufficiently alleged that Blize "has operational control over ASDI." Compl. ¶ 2 (D.I. 1). Moreover, Defendants acknowledge that Blize was the operational manager who "ultimately was responsible for ensuring that the business operations of [ASDI] were properly managed" and "had authority to discipline *all* employees[.]" Defs.' Responses to Pl.'s First Set of Interrogatories at 3 ("Exhibit B") (emphasis added). Also, upon information and belief, Whittaker and Regusters were both exempt employees at the time that improper deductions were made to their salary. Thus, Dougherty sufficiently pleads that the deductions were made to employees (Dougherty, Whittaker, and Regusters) that were all classified as exempt and were working for the same manager (Blize). The proposed amendments state a cognizable claim under the FLSA.

12.    Fifth, Defendants claim that the relief that Dougherty requests (unpaid overtime between September 11 and the first week of January 2007) is improper because Dougherty's exemption would have only been lost "during the time period in which the improper deductions were made for Plaintiff's comparators." Defs.' Ans. ¶ 19.

---

"factual determination [is] best left to the trial court." *Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000) (citations omitted); *see also Block v. City of Los Angeles*, 253 F.3d 410, 415 (9th Cir. 2001) (granting summary judgment in favor of plaintiffs who established existence of actual practice of improper deductions).

Defendants argue that Dougherty has not alleged any proper comparators. To the contrary, Dougherty has named at least two proper comparators, one of which (Whitaker) was subject to improper deductions before Dougherty was hired. By the time of Dougherty's hire, the exemption had been lost as a result of ASDI's practice to make improper deductions from the salary of exempt employees. In other words, at that point, Dougherty could not have satisfied the salary-basis test. *See* 29 C.F.R. § 541.602. Thus, Dougherty is entitled to unpaid overtime for hours worked over 40 in any week for which Dougherty was employed by ASDI (or at least to discovery on that subject).

13.     For all of the above reasons, Defendants' claim that Dougherty's proposed amendment is futile must fail. Dougherty's additional FLSA claim is grounded in the plain language of the regulation regarding the effect of ASDI's "actual practice" of making improper deductions from the salary of exempt employees as well as in the factual allegations of the complaint and amended complaint, which, at this stage, must be taken as true. Thus, Dougherty's motion to amend the complaint should be granted.

## II.    Wage Payment & Collection Claim

14.     In the initial complaint, Dougherty also alleged a violation of Delaware's Wage Payment and Collection Act. *See* Compl. ¶¶ 55-58. However, in the name of judicial economy and in an effort to streamline the case by avoiding complex and potentially redundant arguments (and damages), Dougherty has decided to drop the claim based on Delaware's Wage Payment and Collection Act (although the claim has clear merit). Instead, Dougherty will pursue similar damages through alternative theories, including Delaware's Whistleblower Protection Act and the implied covenant of good faith and fair dealing. A red-lined version of the Amended Complaint that shows the

8

elimination of Dougherty's Wage Payment and Collection Act claim is attached as "Exhibit C."

WHEREFORE, Dougherty respectfully requests that the Court grant his Motion to Amend the Complaint.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Dated:   April 28, 2008                         (302) 658-9141
                                                *Attorneys for John J. Dougherty*

# EXHIBIT A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———————

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 8, 2008

## BY HAND DELIVERY

Timothy M. Holly Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re:   Dougherty v. ASDI, Inc., et al.

Dear Tim:

On behalf of my clients, ASDI, Inc. and Alan E. Blize, I have enclosed with this letter a check in the amount of two thousand, six hundred dollars and sixty-two cents ($2,600.62) made payable to your client, John J. Dougherty. This payment is made unconditionally as compensation to Mr. Dougherty for wages he alleges are due in accordance with Count One of his Complaint. By making the enclosed payment, ASDI and Blize do not admit that any amount is due to Mr. Dougherty. Instead, this payment is made to avoid any dispute that wages remain due Mr. Dougherty for the week of January 1, 2007.

The amount of the payment is calculated as follows: Mr. Dougherty claims unpaid wages for the week of January 1, 2007. At that time, Mr. Dougherty was paid salary on a bi-weekly basis at a rate of $1,300.31 per week after taxes and applicable withholdings.

This amount, equal to one weeks' pay, has been doubled, totaling the amount enclosed, as a precaution to account for any claim for liquidated damages that Mr. Dougherty may allege is due. In other words, the payment constitutes twice the amount of Mr. Dougherty's normal weekly salary with ASDI on January 1, 2007. Additionally, Defendants hereby offer

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy M. Holly Esquire
April 8, 2008
Page 2

reasonable attorneys' fees, if any, incurred to the date of this letter, in an amount to be
determined by a court of competent jurisdiction.

      Please do not hesitate to contact me should you have any questions or concerns
regarding the content of this letter or the terms extended herein.

      Sincerely yours,

      Margaret M. DiBianca

MMD:sec

cc:     Barry M. Willoughby, Esquire

Enclosure

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | Jury Trial Demanded |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF SERVICE**

I, Margaret M. DiBianca, Esquire, hereby certify that on April 7, 2008, a true and

correct copy of **Defendants' Responses to Plaintiff's First Set of Interrogatories**

**Directed to Defendants** was delivered by hand to the following counsel of record:

>   Timothy Holly, Esquire
>   The Nemours Building
>   1007 North Orange Street
>   P.O. Box 2207
>   Wilmington, DE 19899


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esquire*
Barry M. Willoughby, Esquire (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
E-mail: mdibianca@ycst.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | Jury Trial Demanded |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

### General Responses and Objections

1. Defendants object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege and/or work product privilege.

2. Defendants object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to any and all Interrogatories to the extent they require a response other than as described by FRCP 33.

Each of the responses provided below are subject to the general responses and objections outlined herein. Defendants reserve the right to supplement these interrogatories as additional, responsive, non-privileged information becomes available.

<u>Specific Objections and Responses</u>

1.    **Identify each person having knowledge of any facts, allegations or other statements alleged in the Complaint or otherwise relating to the facts and issues in this case and for each such person, state the following:  (a) name; (b) last known home address and telephone number; (c) last known employer; (d) last known employer's address; and (e) a detailed explanation of the relevant facts about which the individual may have knowledge or other information.**

**RESPONSE:**    Persons with relevant knowledge were identified in Defendants' Initial Disclosures and Supplemental Disclosures made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Plaintiff's attention is directed to those submissions for the information contained therein.    Additionally, current ASDI employees, Brian Pearce, Brian Maduskuie, Kabana Perkins, and Ronald Paolini, Jr., may have knowledge of Plaintiff's employment with Defendant ASDI.    With one exception, Michael Regusters, all identified persons are current employees with managerial responsibilities and, therefore, should be contacted through defense counsel.    At the end of his employment, Mr. Reguesters' home address was 24 Spring Creek Drive, Townsend, Delaware 19734.    Defendants do not have knowledge of Mr. Reguesters' employment history following his separation from Defendant ASDI.    Defendants will comply with their obligations set forth in Rule 26(a) regarding disclosure of persons with knowledge.

2.    **Since August 16, 2006, identify all management responsibilities that Alan Blize has had with respect to ASDI including, but not limited to, his role in paying or not paying Plaintiff, placing Plaintiff on suspension or otherwise disciplining Plaintiff, terminating Plaintiff's employment, responding to a request by Plaintiff to review his personnel file, and/or providing any notice requirement under COBRA.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome insofar as what is meant by a person who "has a

role in paying" another person.  Defendants further object to this Interrogatory on the ground that

it constitutes multiple Interrogatories, which should be separated and identified as such.  Subject

to and without waiving the foregoing objections, Defendants attest to the following:  During the

period of August 2006 – August 2008 (the "Relevant Period"), Defendant Blize held the position

and title of President and Chief Executive Officer.  In this capacity, Defendant Blize was the

highest-ranking acting executive.  As such, Defendant Blize ultimately was responsible for

ensuring that the business operations of Defendant ASDI were properly managed and were

progressing as planned.  As Plaintiff's direct supervisor, Defendant Blize was involved directly

in monitoring Plaintiff's performance.  Such responsibility included making determinations about

Plaintiff's relative level of success in his position and about Plaintiff's need for additional or

supplemental training.  As the highest-ranking acting officer of the Company, Defendant Blize

had authority to discipline all employees, including Plaintiff, through normal performance

improvement measures, including, but not limited to, issuing written performance reviews,

suspensions, and terminations.  Defendant Blize had no management responsibilities with

respect to the role of paying or not paying Plaintiff.  Similarly, Defendant Blize had no

management responsibilities with respect to the role of providing information to employees about

employee benefits, including COBRA benefits.  Finally, Defendant Blize did not have any

"management responsibility . . . with respect to  . . .  his role in responding to a request by

Plaintiff to review his personnel file."


3.   **With respect to any ERISA qualified plan of ASDI, identify each person and/or
     entity responsible for notification under ERISA.**

   **RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

overly broad and incomprehensibly vague in that there is no indication of who is being "notified

under ERISA" or what such notification should or did involve. Subject to and without waiving

the foregoing objections, during the Relevant Period as defined above, Defendants respond that

Defendant ASDI provides notice of COBRA benefits to its eligible employees. The Human

Resources Department is responsible for the administration of all employee benefits.

4.    **Identify each person whom you or your attorneys expect to call as a witness, in person or otherwise, at the trial of this case, and describe the subject matter(s) on which each such person will testify.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is

premature at this early stage of litigation and seeks to invade the attorney-client privilege and

evoke information that constitutes protected attorney work product not subject to disclosure.

Subject to and without waiving such objections, Defendants will supply this information in

accordance with their obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure. At

this time, all relevant persons with knowledge have been identified. Plaintiff is directed to

Defendants' previously produced Initial Disclosures.

5.    **Identify each document that you or your attorneys intend to introduce, use or otherwise rely upon at trial in this case.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is

premature at this early stage of litigation and to the extent it seeks to invade the litigation strategy

of Defendants' counsel. Subject to and without waiving the foregoing objections, Defendants

have produced all non-privileged, responsive documents. Defendants will supply this

information in accordance with their obligations pursuant to Rule 26 of the Federal Rules of Civil

Procedure.

6. **Identify each person whom either you or your attorneys expect to call as an expert witness at trial, and, as to each such person, state: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion. For each expert, identify all reports, drafts, notes, engagement agreements, contracts relating to his or her testimony and all documents supplied to or reviewed by each expert.**

**RESPONSE:** Defendant objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objections, and responding only to documents reviewed or to be reviewed during the course of the litigation of this case, Defendants respond that, at this time, Defendants have not determined whether they intend to call an expert at trial. Defendants will supplement this information as required pursuant to their obligations under Rule 26 of the Federal Rules of Civil Procedure

7. **Identify: (a) each person who participated in the preparation of your answers to these interrogatories; (b) each person who supplied any information responsive to these interrogatories; (c) each person having custody or control of any of the documents, files, and databases containing any of the information responsive to these interrogatories or containing any of the documents responsive to Plaintiff's First Request for Production of Documents, served herewith; and (d) each person who participated in searching for, identifying, or producing any documents responsive to Plaintiff's First Request for Production of Documents, served herewith.**

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks production of attorney-client privileged or attorney work-product information. Subject to and without waiving the foregoing objections, Defendants respond that the following persons had some role in any of the activities set forth in subparts (b) – (d), above: Alan Blize; Trula K. Blize; Melanie Woodruff (Human Resources Associate); Jane Stapleton (Executive Assistant to Alan Blize); and agents of Defendant ASDI's Information Technology vendor, Intelligent Services.

8. **Identify each employee who ever had supervisory responsibility over Plaintiff.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome.  For example, the Interrogatory seeks information not limited to the Relevant Period and, insofar as a response requires knowledge of Plaintiff's employment history prior to and subsequent to his employment with ASDI, such information is unknowable to Defendants.   Subject to and without waiving the foregoing objection, Defendants direct Plaintiff to their response to Interrogatory No. 2.

9. **Identify and describe all your evaluations/reviews of Plaintiff's performance as an ASDI employee.  Identify all communications or documents relating to or referring to your opinions, observations, or recommendations of Plaintiff's evaluations/reviews.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is incomprehensibly vague and on the ground that it constitutes multiple interrogatories, which should be set forth separately as such.  Subject to and without waiving the foregoing objections, Defendants respond to each Interrogatory separately.  In response to Interrogatory No. 9.1, Defendants point Plaintiff to previously produced document, D0006, which is a copy of Plaintiff's performance evaluation, dated December 21, 2006.  In response to Interrogatory No. 9.2, and as indicated by D0006, in preparation for Plaintiff's 3-month review, Defendant Blize solicited feedback from the managerial employees with whom Dougherty had interacted during his employment at ASDI.  The feedback Defendant Blize received suggested that Plaintiff had not developed a full working knowledge of the internal operations of ASDI, which limited his ability to manage successfully.  Plaintiff's lack of knowledge also contributed to a low sense of confidence in Plaintiff's leadership abilities by his direct reports.

10. **Describe and identify all reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff.**

**RESPONSE:** Defendant objects to this Interrogatory on the ground that it is overly broad and unduly burdensome. Defendants further object on the ground that this Interrogatory is incomprehensibly vague in that it is not limited to any specific period of time, to any particular context, or even limited to reports, drafts, notes, or correspondence with other ASDI employees or relating to Plaintiff's employment. Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the responsive documents produced as D02748-3254, constituting all e-mails to and from Plaintiff retrieved by Intelligent Systems from the ASDI servers. Non-responsive attachments to the e-mails were not produced. The attachments are spreadsheets containing scientific documentation relating to various ASDI projects and total approximately 13,000 pages. If Plaintiff determines that there is a specific attachment he contends to be relevant to this matter, a request for that document should be made and will be considered by Defendants in an appropriate manner.

11. **Have you, your agents, representatives or attorneys, obtained from any person, who is not a party to this case, any document, including, but not limited to, any statement (signed or unsigned), concerning the allegations in this case? If your answer is in the affirmative, identify each such document and from whom it was obtained and when it was obtained.**

**RESPONSE:** Defendants object to this Interrogatory to the extent that it seeks production of attorney-client privileged or attorney work-product information in the form of any statement obtained or made at the request of counsel for Defendants. Subject to and without waiving the foregoing objections, Defendants identify and produce the written statement of Brian Pearce dated February 16, 2007. Also produced are summaries by various managers of their

conclusions and determinations regarding the Cephalon project. Although Defendants do not

believe these to qualify as "statements," Plaintiff is directed to them to ensure comprehensive

disclosure.

> **12. Relating to the subject matter of this litigation, list all affirmative defenses on which Defendants intend to rely and describe the complete basis for any such defense. Identify the statute, judicial opinion, or other authority recognizing the applicability of this defense to the subject matter of this litigation.**

**RESPONSE:**    Defendants object to this Interrogatory as premature at this early

stage of litigation because depositions in this action have not yet begun. Defendants further

object to the extent that the Interrogatory seeks to invade the litigation strategy of Defendants'

counsel in violation of the attorney-client privilege and the protections of the work-product

doctrine. Interrogatory No. 12 is a contention interrogatory that is premature at this stage of

discovery. Fed. R. Civ. P. 33(c).

> **13. Identify all pay records relating to Plaintiff.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

incomprehensibly vague, overly broad, and unduly burdensome. It is unclear what is meant by

"all pay records." Plaintiff, like any other employee of Defendant ASDI, was paid through

ASDI's normal payroll system. Subject to and without waiving the foregoing objections,

Defendants respond that all responsive documents have been produced in a summary of payroll

payments issued to Plaintiff during his employment with Defendant ASDI.

14. **Identify every person who had knowledge of Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired; and describe any action(s) taken against Plaintiff after such meeting.**

**RESPONSE:**    Defendant denies the allegations contained in Paragraphs 15-19 and 23 of Plaintiff's Complaint. The burden is on Plaintiff to affirmatively prove the allegations of his Complaint. Defendants further object on the ground that the Interrogatory is phrased in such a way as to form a factual conclusion with which Defendants have not conceded. Subject to and without waiving the foregoing objections, Defendants respond that following Plaintiff's meeting with Defendant Blize regarding the circumstances involving an "unsuccessful job applicant" and Mr. Perkins, Defendant Blize asked Trula K. Blize to provide him with any information she had about the same incident.

15. **Identify the number of employees employed by ASDI who are classified as tax exempt on each of the following dates:  August 16, 2006, January 1, 2007, the date this interrogatory is answered, and on the date of trial.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is incomprehensibly vague insofar as the term "tax-exempt employee" is not previously defined. Defendants further object to this Interrogatory on the ground that it requests information outside the scope of the relevant time period.

16. **Identify every tax exempt employee since August 16, 2006, who was placed on suspension.**

**RESPONSE:**    Plaintiff is directed to Defendants' objections and response provided in response to Interrogatory No. 15, above.

17. **Since August 16, 2006, for each suspended employee, identify all ASDI payment records for each such employee during the period of suspension.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is incomprehensibly vague insofar as "suspended" has not been previously defined, nor does the Interrogatory identify from what the employee would have been suspended. Further, Defendants object to this Interrogatory to the extent that it seeks personal, private, and confidential information about third parties.

18. **Identify any written policy applicable to all employees pertaining to non-payment of wages during any suspension.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome. The Interrogatory is not limited to any relevant period of time. Similarly, the Interrogatory does not identify any potential source for such a policy.

19. **Since August 16, 2006, separately list and qualify the value of every form of compensation (including all wages and benefits and wage supplements, as defined by 19 Del. C. § 1101(a)(5) and 1109) that Defendants paid to Dougherty during his term of employment; and state the dates on which such compensation was paid.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague insofar as it is unclear what is meant by the request to "qualify the value" of compensation. Subject to and without waiving the foregoing objections, Plaintiff is directed to Defendants' response to Interrogatory No. 13.

20. **Identify the contents of Plaintiff's personnel record.**

**RESPONSE:**     Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague to the extent that "personnel record" is an ambiguous term not previously defined.  Subject to and without waiving the foregoing objections, Defendants respond that Plaintiff's personnel file was produced as part of Defendants' Rule 26 Initial Disclosures.  The documents in that personnel file speak for themselves but, in part, included Plaintiff's I-9 verification documents, Plaintiff's offer letter and acceptance, Plaintiff's December 12, 2006 performance evaluation; Plaintiff's resume; Plaintiff's attendance records, Plaintiff's Wage and Tax Statements; Plaintiff's Application for Group Enrollment and related benefits documents.

21. **Identify the date upon which you contend that ASDI terminated the employment of Dougherty and explain the reasons for such conclusion.**

**RESPONSE:**     Plaintiff was placed on administrative leave without pay on January 2, 2007.  Subsequent to being placed on leave without pay, Plaintiff retained legal counsel, who contacted ASDI via letter.  ASDI turned the letter over to its legal counsel.  Counsel for the parties thereafter communicated about Plaintiff's employment, including his administrative leave.  On or about May 3, 2007, ASDI decided to separate Plaintiff from employment.  Plaintiff was thereafter notified that he had a "qualifying event" under COBRA.

22. **Identify all standards acknowledged by ASDI as applying to ASDI for the protection of its employees from health, safety, or environmental hazards.**

**RESPONSE:**     Defendants object to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing objections, Defendants respond that ASDI acknowledges any standards imposed

pursuant to applicable state, local, or federal laws relating to health, safety, or environmental

hazards.

23. **Identify all communications or documents between ASDI and /or Blize and Plaintiff regarding any weekly meetings routinely held on Thursday morning involving Blize and Plaintiff for the month of December 2006, and specifically for the week of 12/26.**

   **RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

incomprehensibly vague.   Subject to and without waiving the foregoing objections, Plaintiff is

directed to Defendants' objections and responses provided in response to Interrogatory No. 10,

above.

24. **Describe in detail the meeting held on or about January 2, 2007, which Alan Blize, Michael Rugusters, and others attended regarding a project for ASDI-client Cephalon, including but not limited to:  (a) the identities of the person in attendance; (b) the approximate time and duration of the meeting; (c) the location of the meeting; (d) the purpose of the meeting, as explained to you and as you perceived it to be; (e) the substance of the discussion including what comments were made by which individuals; (f) how the meeting was concluded; and (g) what were your actions in the final moments of the meeting and after the conclusion thereof.**

   **RESPONSE:**    Defendants object to this Interrogatory on the ground that it is

vague, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing

objections, Defendants respond as follows regarding the meeting held during the early afternoon

of January 2, 2007: (a-c) Defendant Blize, Plaintiff Dougherty, Chuck Herrmann, Brian Pearce,

Kabana Perkins, Mike Regusters, and Ron Paolini, Jr., attended the meeting, which was held in

the "Large Conference Room" at the ASDI facility in Newark, Delaware; (d) Defendant Blize

responds that, as the person calling the meeting, no one "explained to him" what the purpose of

the meeting was.  By way of further answer, Defendant Blize called the meeting to address the

failure of ASDI to meet the client's inflexible and critical deadline on the "Cephalon project" for

which Plaintiff had supervisory responsibility. The failure of the Cephalon project caused ASDI

to incur serious financial costs, as well as jeopardizing the client relationship. The meeting was

called after Defendant Blize had reviewed the reports of other team leaders on the Cephalon

project, which strongly suggested that Plaintiff's gross negligence in executing his job duties had

caused the project to fail.; (f) Defendant Blize concluded the meeting by announcing his

determination that Plaintiff and Regusters were being placed on administrative leave without pay.

The two employees were escorted out by Paolini, Jr.; (g) following the conclusion of the meeting,

Defendant Blize met with Pearce, Perkins, and Herrmann to review how the chain of command

would be managed in Plaintiff's absence. It was determined that the three managers and Brian

Madeuski, would make decisions as a group in lieu of Plaintiff's direction and authority.


**25. Identify all communications or documents between Blize and/or any employee
   of ASDI regarding whether to reinstate Plaintiff as an employee of ASDI.**

   **RESPONSE:**     Defendant objects to this Interrogatory on the ground that it is

vague, overly broad, unduly burdensome. Subject to and without waiving the foregoing

objections, Plaintiff is directed to Defendants' objections and responses provided in response to

Interrogatory No. 10, above.


**26. If you contend that Dougherty has made any admissions with respect to the
   subject matter involved in this action, please state the substance of such
   admissions(s), identify the person(s) who made the admission, the date(s) upon
   which each admission was made, and identify all witnesses to the admission.**

   **RESPONSE:**     Defendants object to this Interrogatory on the grounds that it is

vague and overly broad. Defendants further objects to the extent that the term "admissions" has

not been previously defined.  Subject to and without waiving the foregoing objections,

Defendants respond that, to the extent that further discovery reveals any "admission" made by

Plaintiff with respect to the subject matter involved in this action, such statement is a party

opponent admission not subject to discovery pursuant to Rule 26.


YOUNG CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esquire*
Barry M. Willoughby (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623; 5008
Facsimile: (302) 576-3299; 3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendants*


Dated: April 7, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | Jury Trial Demanded |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF SERVICE**

I, Margaret M. DiBianca, Esquire, hereby certify that on April 7, 2008, a true and correct

copy of **Defendants' Responses to Plaintiff's First Set of Interrogatories Directed to**

**Defendants** was delivered by hand to the following counsel of record:

> Timothy Holly, Esquire
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE  19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esquire*
Barry M. Willoughby, Esquire (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
E-mail: mdibianca@ycst.com
*Attorneys for Defendants*

## VERIFICATION

The undersigned hereby states under penalty of perjury that he has read the foregoing Answers to Interrogatories, that he is familiar with the facts, and that, to the best of his knowledge, information and belief, the statements of fact made therein are true and correct.

Executed on this _____ day of April, 2008.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### PARTIES

1.     John J. Dougherty ("Dougherty") is an adult individual who is a citizen of the State of Pennsylvania and who was formerly employed by ASDI Incorporated ("ASDI") in New Castle County, Delaware.

2.     Defendant Alan Blize is the co-owner and chief executive officer of ASDI, and as such has operational control over ASDI.

3.     Defendant ASDI is a Delaware corporation with operations in the State of Delaware and with more than fifteen employees.

### JURISDICTION

4.     This action is brought pursuant to this Court's jurisdiction over civil actions arising under the laws of the United States of America, under 29 U.S.C. § 1132 and 28 U.S.C. § 1331.  Delaware state law claims are brought pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367.

## VENUE

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in this District.

## FACTUAL ALLEGATIONS

6.     On August 16, 2006, ASDI sent Mr. Dougherty a written job offer (the "Agreement") for the position of Executive Director, Operations, which Mr. Dougherty accepted.

7.     The Agreement provided for an annual salary of $87,500.00 plus bonuses.

8.     The Agreement further provided benefits that included three weeks paid vacation, three sick days, two personal days, and six paid holidays (including New Years Day).

9.     The Agreement also provided a benefit of a $25,000.00 life insurance policy, health and dental insurance, for which ASDI agreed to pay the premiums.

10.     In connection with the Agreement, Mr. Blize asked Mr. Dougherty to assume the long-term responsibility of fixing many administrative problems at ASDI, which Mr. Blize estimated would take at least a year or two.

11.     In reliance upon these and other representations, Mr. Dougherty left a secure, well-paying managerial position with Teva Pharmaceuticals in order to accept this high-level position with ASDI.

12.     Mr. Dougherty reported to work on September 11, 2006.

13.     On September 11, 2006, without prior notice or explanation, ASDI downgraded Mr. Dougherty's position from Executive Director to Senior Director.

14.     Mr. Blize initially praised Mr. Dougherty for his performance and reassured him regarding the learning curve that the job entailed.

2

15.    In late November 2006, an ASDI manager named Kabana Perkins advised Mr. Dougherty that Mr. Blize's wife, Trula K. Blize, Director of Staffing, had placed Mr. Perkins's safety at risk by divulging to an unsuccessful job applicant with a questionable background that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

16.    Upon information and belief, Ms. Blize divulged this confidential information to the applicant even though she knew that the applicant was potentially dangerous.

17.    Consistent with his administrative responsibilities, Mr. Dougherty met with Messrs. Perkins and Blize to discuss Mr. Perkins's concerns.

18.    In that meeting, Mr. Dougherty reported the action by Ms. Blize and recommended that such confidential communications not be divulged to unsuccessful job applicants as a matter of workplace safety and in order to prevent violence in the workplace.

19.    Mr. Blize initially assured Mr. Dougherty that he acted appropriately according to the duties of his position in proffering constructive criticism notwithstanding the fact that the Director of Staffing was Mr. Blize's wife.

20.    However, a few days later, another ASDI employee warned Mr. Dougherty to "watch your back" because "Trula really has it in for you."

21.    On December 1, 2006, Ms. Blize stated in an email directed to Mr. Perkins that Mr. Perkins had told her to inform the aforementioned applicant that it was Mr. Perkins's instructions not to hire the applicant.

22.    Mr. Perkins informed Mr. Dougherty that Ms. Blize's claim was untrue, which Mr. Dougherty relayed to Mr. Blize.

23.    Mr. Blize then threatened to fire Mr. Perkins for contradicting his wife.

24.    On December 21, 2006, Mr. Blize told Mr. Dougherty that he was being stripped

3

of all "authority and responsibility" over operations, for a period of one month, so that he could be "re-trained."

25.   Mr. Blize took this adverse employment action against Mr. Dougherty in retaliation for Mr. Dougherty's proper actions in reporting a potential workplace safety concern to Mr. Blize arising from Ms. Blize's handling of the unsuccessful applicant.

26.   When Mr. Dougherty expressed his understanding that he would be only an "observer" during this one-month period, Mr. Blize confirmed that his role would be so limited.

27.   Mr. Blize also told Mr. Dougherty that management responsibility was being reassigned to a committee that did not include him.

28.   During the week of December 26, 2006, Mr. Dougherty asked Mr. Blize whether the weekly meetings between them, at which Mr. Dougherty would report on the status of projects over which he had responsibility, would be discontinued. Mr. Blize confirmed that such meetings would be discontinued and that, specifically, Mr. Dougherty would not meet with him during the week of December 26 because Mr. Dougherty no longer had responsibility over projects but rather was an "observer."

29.   Monday, January 1, 2007, was a paid holiday. On Tuesday, January 2, 2007, Mr. Dougherty reported to work and was called into a conference room at approximately 1:00 p.m. Notwithstanding the fact that ASDI had previously stripped Mr. Dougherty of all management authority and responsibility, Mr. Blize blamed Mr. Dougherty for a delay in a project for Cephalon that occurred in the week between Christmas and New Year's Day. Mr. Blize indicated that he was placing Mr. Dougherty on a "leave of absence." Mr. Blize did not indicate, either orally or in writing, that such leave would be without pay.

30.   Mr. Dougherty was immediately escorted from the premises.

4

31.    ASDI did not have in place at that time any written policy applicable to all employees regarding unpaid suspension for violation of conduct rules or otherwise.

32.    On January 4, 2007, Mr. Dougherty emailed Mr. Blize requesting clarification of his employment status.  Mr. Blize and ASDI ignored his inquiry.

33.    On Friday, January 19, 2007, Mr. Dougherty inquired about ASDI's failure to deposit his semi-monthly pay check into his bank account, as was its normal practice.

34.    In response, ASDI's director of finance informed Mr. Dougherty that Mr. Blize had decided, just that week, not to pay Mr. Dougherty for the pay period beginning January 1.

35.    Throughout that time, Mr. Dougherty remained ready and willing to return to work.

36.    At no point through January 19 did ASDI (or any agent thereof) either advise Mr. Dougherty of any change in the rate of his pay, or that his "leave of absence" had been transformed into termination of employment.

37.    On January 23, 2007, Mr. Dougherty sent to Ms. Blize an email requesting that he be permitted to inspect his personnel file.  Mr. Blize and ASDI refused that request by ignoring it.

38.    On February 15, 2007, Mr. Dougherty, through counsel, wrote to ASDI seeking an amicable resolution of this matter.

39.    ASDI kept Mr. Dougherty on its health insurance plan until May 3, 2007.

40.    On May 18, 2007, Mr. Dougherty received a COBRA notification form from ASDI notifying him of his right to health care continuation benefits.

41.    The COBRA notice form states that the date of Mr. Dougherty's termination (the date he qualified for COBRA coverage) was May 3, 2007.

5

42.　　ASDI failed to supply a rate sheet at any time through the end of May 2007.

43.　　On May 22, 2007, Mr. Dougherty requested via email information required by COBRA. Mr. Dougherty received no reply.

44.　　ASDI finally sent Mr. Dougherty a rate sheet on June 13, 2007.

45.　　Mr. Dougherty has continued to attempt to find comparable full-time employment since the end of January 2007 but has been unsuccessful.

46.　　Upon information and belief, ASDI failed to pay not only Dougherty but also other ASDI exempt employees during disciplinary leave, even when such employees worked during a workweek, which amounts to a clear and particularized policy, which effectively communicates that deductions will be made in specific circumstances.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

47.　　Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

48.　　In violation of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), Defendants Mr. Blize and ASDI, who both are employers under FLSA, unlawfully paid / failed to pay Mr. Dougherty; and through the implementation of an unlawful deduction policy, the exemption was lost.

49.　　Through such acts, pursuant to 29 U.S.C. § 216, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) unpaid wages (including non-paid overtime); (2) an additional equal amount as liquidated damages; (3) mandatory reasonable attorney's fees; and (4) mandatory costs of the action.

6

## COUNT TWO
## VIOLATION OF COBRA / ERISA

Formatted: Bullets and Numbering

50.    Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

51.    In violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161 et seq., which amended the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendants Mr. Blize and ASDI, who both were employers and plan administrators, failed to notify Mr. Dougherty, who was a qualified beneficiary of a group health plan, of his entitlement to continuation coverage, within the time period required by COBRA.

52.    In further violation of COBRA, Mr. Blize and ASDI included in the untimely notice false and / or deceptive information.

53.    Also in violation of COBRA, Mr. Blize and ASDI failed to supply required information including a rate sheet.

54.    Through such acts, pursuant to 29 U.S.C. § 1132, Mr. Blize and ASDI are liable to Mr. Dougherty for:  (1) civil penalties for each violation from the date of each such violation; (2) discretionary reasonable attorney's fees; and (3) discretionary costs of action.

## COUNT THREE
## VIOLATION OF DELAWARE'S WHISTLEBLOWER PROTECTION ACT

55.    Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

56.    In violation of the Delaware Whistleblowers' Protection Act, 19 Del. C. § 1701, et seq., (the "Whistleblower Act"), Defendants Mr. Blize and ASDI, who both are employers under the Whistleblower Act, unlawfully discharged Mr. Dougherty primarily because he

Deleted: COUNT THREE¶
VIOLATION OF DELAWARE'S WAGE PAYMENT & COLLECTION ACT¶
¶
<#>Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.¶
<#>In violation of Delaware's Wage Payment and Collection Act, 19 Del. C. § 1101 et seq. (the "Wage Act"), Defendants Mr. Blize and ASDI, who both were employers under the Wage Act, unlawfully withheld from Mr. Dougherty wages and / or benefits and wage supplements, as those terms are defined by the Wage Act.¶
<#>Mr. Blize and ASDI further violated the Wage Act by failing to notify Mr. Dougherty of a reduction in his regular rate of pay, through a posted notice maintained in a place accessible to Mr. Dougherty where he normally passed, prior to the time of such reduction. ¶
<#>Through such acts, pursuant to 19 Del. C. §§ 1103, 1112, and 1113, Mr. Blize and ASDI are liable to Mr. Dougherty for:  (1) a civil penalty of not less than $1,000 nor more than $5,000 for each violation or act of non-compliance with the Wage Act; (2) the amount of all unpaid wages and / or benefits and wage supplements; (3) an additional amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure has continued (and will continue) after the days upon which payments were required or in an amount equal to the unpaid wages, whichever is smaller; (4) mandatory reasonable attorney's fees; and (5) mandatory costs of this action. ¶

Deleted: FOUR

Formatted: Bullets and Numbering

7

verbally reported to Mr. Blize an act that was materially inconsistent with, and a serious deviation from, standards implemented pursuant to a law, rule, or regulation promulgated under the laws of Delaware, a political subdivision of Delaware, and the United States, to protect employees or other persons from health, safety, or environmental hazards while on the employer's premises or elsewhere.

57.    Through such act, pursuant to 19 Del. C. §1704, Mr. Blize and ASDI are liable to Mr. Dougherty for: (1) back wages; (2) expungement of records relating to disciplinary action and discharge; (3) actual damages; (4) discretionary attorneys' fees; and (5) discretionary costs of litigation.

**COUNT FOUR**
**VIOLATION OF DELAWARE'S RIGHT TO INSPECT PERSONNEL FILE ACT**

58.    Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

59.    In violation of Delaware's Right to Inspect Personnel Files Act (the "Personnel Files Act"), 19 Del. C. § 730, *et seq.*, Mr. Blize and ASDI, who both are employers under the Personnel Files Act, unlawfully refused Mr. Dougherty access to a personnel file.

60.    Through such act, pursuant to 19 Del. C. § 735, Mr. Blize and ASDI are liable to Mr. Dougherty for a civil penalty of not less than $1,000 nor more than $5,000 for each violation.

**COUNT FIVE**
**VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING**

61.    Mr. Dougherty incorporates the preceding paragraphs herein the same as though pleaded in full.

62.    Under Delaware law, Mr. Dougherty's employment relationship with ASDI

| Deleted: FIVE |
| Formatted: Bullets and Numbering |
| Deleted: SIX |
| Formatted: Bullets and Numbering |

8

included an implied covenant of good faith and fair dealing.

63.     ASDI, acting by and through its agent, servants and employees, terminated Mr. Dougherty's employment due to his verbal report to Mr. Blize regarding Ms. Blize's singling-out of the employee responsible for an applicant's failure to be hired, to which Mr. Dougherty occupied a position at ASDI to oppose.

64.     The actions of ASDI were taken with malice and/or disregard of Mr. Dougherty's protected rights, in that ASDI, through fraud, deceit and misrepresentation, manufactured false grounds to terminate Mr. Dougherty's employment.

65.     In addition, the actions of ASDI were in violation of federal public policy and / or public policy of the State of Delaware.

66.     ASDI, rather than conducting an employment relationship in good faith based upon fair dealing, breached the implied covenant of good faith and fair dealing under Delaware law through its actions as described in the foregoing paragraphs, and as a result, breached the employment contract with Mr. Dougherty causing significant financial injury to him.

**WHEREFORE**, Mr. Dougherty respectfully requests this Court enter judgment in favor of Mr. Dougherty and against Mr. Blize and ASDI as follows:

1.     Declaring the conduct engaged in by Mr. Blize and ASDI to be in violation of Mr. Dougherty's rights.

2.     Ordering expungement of records relating to any disciplinary action and discharge of Mr. Dougherty's employment;

3.     Awarding past lost wages (including unpaid overtime);

| Deleted: and wage supplements |
| --- |

4.     Awarding future lost wages and wage supplements in lieu of reinstatement;

5.     Awarding statutory liquidated damages and/or punitive damages;

9

6.      Awarding statutory penalties;

7.      Awarding attorneys' fees;

8.      Awarding costs;

9.      Awarding pre and post judgment interest; and

10.     Ordering any other relief that the Court deems just and appropriate.

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Date: April ____ 2008

CBLH: 4959661

*Attorneys for John J. Dougherty*

| Deleted: October 26, 2007 |
| Deleted: 18 |
| Inserted: 18, 2008 |
| Deleted: 555666 14906*00007 |

10