IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff John J. Dougherty ("Dougherty"), by and through his undersigned counsel, hereby responds in opposition to Alan Blize ("Blize") and ASDI Incorporated's ("ASDI" and, together with Blize, "Defendants") Motion to Compel Discovery Responses. In support thereof, Dougherty states:

1.       Each side has propounded discovery requests in this case. Defendants served Dougherty with discovery requests as identified in paragraph 1 of Defendants' Motion to Compel. Based on Defendants's responses to Dougherty's discovery requests, Dougherty shortly will file his own motion to compel.

2.       In response to Defendants' requests, Dougherty has withheld nothing. As set forth in his Verification to Defendants' First Set of Interrogatories Directed to Plaintiff ("Defendants' Interrogatories"), and consistent with the Federal Rules of Civil Procedure, each of Dougherty's responses were "necessarily limited by the documents and information still in existence, presently recollected, and thus far discovered in the course of preparation of the responses; and that the facts stated in the responses are true and correct to the best of his

1

knowledge, information, and belief." (Exhibit A). Dougherty gave full responses to Defendants' Interrogatories (interposed with objections from counsel) within the reasonable limits of the Verification. Dougherty also spent an inordinate amount of time attempting to provide as thorough of responses as he could, and searching for documents that would be responsive to Defendant's First Request for Production of Documents by Plaintiff ("Defendants' Document Requests"). Simply put, Dougherty has responded to Defendants' Interrogatories and Defendants' Document Requests as fully as he can. In responding to Defendants' discovery deficiency letter of April 16, 2008, through the letter of his counsel dated April 25, 2008 (Exhibit B), Dougherty provided what further responses he could. Further, in response to a subsequent letter from Defendants purporting to satisfy certain discovery deficiencies, Dougherty supplemented his response to Defendant's Document Requests with yet more production. *See* letter from T. Holly to M. DiBianca (May 9, 2008) (Exhibit C). As stated, Defendants "now have everything [Dougherty] has been able to retrieve or remember that is responsive to [Defendants'] requests." *Id.* He has no other information that he can provide. Even if compelled by Court to try again, Dougherty would have nothing with which to supplement his previous answers.

      3.     Dougherty has continued to attempt to supplement his discovery responses when possible. For example, Dougherty challenged plain misrepresentations by opposing counsel such as their claim (which they continue to make) that Dougherty failed to provide damages information. Clearly, by letter dated April 1, 2008, such information was provided. (Exhibit D). Moreover, Defendants' counsel continues to be evasive about the date of Dougherty's termination of employment, making Dougherty's ability to adequately calculate the damages requested by Defendants extremely difficult. Furthermore, without explaining the context,

Defendants challenge Dougherty's word usage. *See* Defs. Mot. to Compel ¶ 4. In fact, Dougherty challenged Defendants' counsel's choice of the use of terms such as "bad faith" and "absurd," by pointing out that a more valid bases for claims of "bad faith" and "absurdity" could be said of Defendants than of Dougherty. *See* Defs. Mot. to Compel, Ex. 5. Indeed, opposing counsel has insisted on using such phrases despite Dougherty's consistent efforts to advance this case reasonably, productively, and as required by the Federal Rules.

4.     Dougherty has made every effort to provide as much information as he can. As for the date Dougherty applied for unemployment (which we presume Defendants mean interrogatory number 4 of their Exhibit 4, not their "Exhibit 3 at No. 4"), Dougherty has produced documentation of such a date. *See* Ex. C. As for Dougherty's mitigation efforts (which we presume Defendants mean interrogatory number 7 of their Exhibit 4, not their "Exhibit 3 at No. 6"), as he stated in his seventh interrogatory response, Dougherty produced as many documents as he could, which provide all detail he can recall. In addition, Dougherty even created an excel spreadsheet listing the employers he applied to in alphabetical order, including web addresses. Dougherty further explained his response in his letter of April 25, 2008, including the production of additional documents. There is little else Dougherty can do.

5.     Dougherty has provided, in good faith, all of the responsive documents he has in his possession. Dougherty has also fully answered all of Defendants interrogatories to be best of his ability. Dougherty has also made a concerted effort to supplement his discovery responses, and will continue to do so. In sum, Dougherty has done everything that is required of him under the Federal Rules. Defendants have no basis to be awarded the relief requested. Thus, Defendants' Motion to Compel should be denied.

3

6.     Pursuant to Local Rule 7.1.1, the undersigned herby attests and avers that numerous efforts have been made to resolve this matter with opposing counsel but, as set forth above, and in the attached exhibits (and those referenced that were attached to the exhibits of Defendants' Motion to Compel), has been unable to obtain a reasonable resolution.

WHEREFORE, Dougherty respectfully requests that this Court deny Defendants' Motion to Compel, and order Defendants to pay Dougherty's reasonable attorneys fees incurred in connection with this motion.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email:  Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email:  Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email:  Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Dated:  May 12, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOHN J. DOUGHERTY                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )     Civil Action No. 07-674-SLR/LPS
                                     )
ALAN BLIZE and ASDI                  )
INCORPORATED,                        )     JURY TRIAL DEMANDED
a Delaware Corporation,              )
                                     )
                Defendants.          )

## ORDER

   **AND NOW**, this _____ day of _____, 2008, the Court having considered

Defendants' Motion to Compel Discovery Responses and Plaintiff John J. Dougherty's Response

thereto,

   **IT IS HEREBY ORDERED** that Defendants' Motion be denied

   **IT IS SO ORDERED**.

                              _____
                              The Honorable Leonard P. Stark

# EXHIBIT A

## VERIFICATION

STATE OF DELAWARE         )
                                  )    SS.

COUNTY OF NEW CASTLE     )

      John J. Dougherty, being duly sworn according to law, deposes and says that she has read Plaintiff's Objections And Responses To Defendants' First Set Of Interrogatories Directed To Plaintiff and knows its contents; that the responses were prepared with the assistance and advice of counsel; that the matters stated in the responses are within her personal knowledge, subject to inadvertent or undiscovered errors, and necessarily limited by the documents and information still in existence, presently recollected, and thus far discovered in the course of preparation of the responses; and that the facts stated in the responses are true and correct to the best of his knowledge, information, and belief.

                                       _____
                                         John J. Dougherty

      SWORN TO AND SUBSCRIBED BEFORE ME this _25th_ day of March, 2008

                                    _____
                                    Notary Public

My Commission Expires: _4/5/2010_

595381_1.DOC

                            JUDITH T. FETTERMAN
                NOTARY PUBLIC, STATE OF DELAWARE
            MY COMMISSION EXPIRES APRIL 5, 2010

595681_1

# EXHIBIT B

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**       tholly@cblh.com
**REPLY TO:**   Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 25, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

RE:    **Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

We are in receipt of your letter dated April 16, 2008. Your continued use of words like "absurd" continues to be ironic given Defendants' responses to Dougherty's discovery requests. While Mr. Dougherty responded to Defendants' discovery requests in good faith (and as set forth in detail his verification), Defendants continue to provide nearly no substantive information. We respond to your letter and proffer our own notice of deficiencies as follows:[1]

PI1; DI1. As you well know, Defendants have taken the position that all but two witnesses identified by Mr. Dougherty must only be contacted through you. Thus, Mr. Dougherty's ability to substantively respond to this interrogatory is significantly less than Defendants'. The most recent information we have to supplement already provided information is that Wayne Whittaker's cellular telephone number is 302-379-1846 and his address is 2419 Grubb Rd., Wilmington, DE 19810. Given your representation that you have spoken with each identified witness, I find it difficult to believe that Defendants lack knowledge sufficient to answer this interrogatory (or initial disclosures) more thoroughly. We expect immediate supplement if Defendants have additional responsive information.

PI2. We have consistently sent you as much information as we can regarding damages—most recently, on April 1, 2008, when we provided thorough damage calculations. Your letter ignores our April 1 correspondence and you continue to rant about damage calculations. You have all the information we can presently provide.

PI3. I encourage you to reread Mr. Dougherty's verification and also FRCP 33(a)(2). We are in the early phases of designated discovery. Our claims, as set forth in our complaint, form the basis of our discovery. As stated in the response, "defendants are in the best position to know their role in the events outlined in the complaint." We continually learn information we did not have before. For example, although vague and evasive, Defendants respond to Mr. Dougherty's second interrogatory by admitting that Mr. Blize was ultimately responsible for ensuring ASDI was properly managed. Indeed,

---

[1] "PI[#]" refers to Plaintiff's Interrogatory No. "DI[#]" refers to Defendants' Interrogatory No.

605065

Margaret M. DiBianca, Esquire
April 25, 2008
Page 2

it appears that Mr. Blize had operational control over ASDI. Regardless of whether Mr. Blize had limited or no "*management responsibility*", as he claims, which we find difficult to believe (based upon information and belief—to be further explored in discovery, e.g., depositions), he, by his own admission, clearly played a paramount role at all levels of management. When we are finished with designated discovery we will be in a better position to answer this interrogatory more thoroughly.

DI3. For the sake of clarity (assuming *arguendo* the matter is not already clear), the interrogatory seeks information regarding who specifically at ASDI was responsible for providing Mr. Dougherty with his COBRA notification. *To be even clearer—we* require Defendants to explain what person is specifically designated as "administrator" in any ERISA-governed plan that included Mr. Dougherty as a participant; who the "sponsor" was of such plan(s) (as defined by 29 U.S.C. 1002 § 16(A)); and, regardless of the above, what responsibilities Mr. Blize had in overseeing and / or managing COBRA notices to Mr. Dougherty.

DI4. We refer you to Mr. Dougherty's verification. We have no further information we can provide at this time.

PI4. You refer me to your Initial Disclosures. I note that your Initial Disclosures (and their supplement) fail to provide all required information. Please update them immediately, providing all information required by FRCP 26(a) (e.g., address and telephone numbers).

DI5. Your comment regarding this interrogatory is incorrect. We refer you again to Mr. Dougherty's response. *This also stands true of the paragraph numbered 12* from your letter. Mr. Dougherty further stands by his response to Defendants' Request No. 9. Although Defendants' request is, among other things, unduly burdensome, Mr. Dougherty has continued his search for responsive documents and we can offer the additional documents marked P01022-P1058 (*for you to decide for yourself if it helps get* at whatever you are looking for).[2]

DI7. Mr. Dougherty stands by his response. To be clear, the only offers of employment Mr. Dougherty received were from the employers identified in his response to Defendants' Interrogatory No. 8.

DI8. Mr. Dougherty received unemployment compensation in 2007 only. Mr. Dougherty responded regarding *Gerson Lehman Group the best he could. In an effort to* provide additional information, we refer you to the additional documents Dougherty produces as P01022-P1058 (*for you to decide for yourself if it helps get at whatever you* are looking for). As for your complaints about a lack of "method of calculating", I refer you to the interrogatory itself, which was properly answered.

---

[2] As I previously stated to you, we acknowledge that a copy error occurred and documents marked P605-P993 were produced in error. However, to avoid confusion, we pick back up at P0994.

Margaret M. DiBianca, Esquire
April 25, 2008
Page 3

PI8. Mr. Dougherty interprets Defendants' response to Interrogatory No. 8 to mean that only Mr. Blize (i.e., the only ASDI employee referenced in response to Mr. Dougherty's Interrogatory No. 2) had supervisory responsibility over Mr. Dougherty during Mr. Dougherty's employment with ASDI. If that is incorrect, we require a supplemental response.

DI9. Defendants misunderstand the nature of Mr. Dougherty's Fourth Count of the Complaint. The Claim is premised on 19 Del. C. § 1703(4), which does not place at issue the definition of "public body."

PI9. Defendants claim that Mr. Blize "solicited feedback from the managerial employees . . . ." Yet, Defendants fail to provide any of the information contained within the definition of "identify." To this extent, Defendants' response is deficient and must be supplemented.

DI10. Defendants draw unjustified conclusions from Mr. Dougherty's response. Clearly included within produced documents (as identified by the response to Defendants' Interrogatory No. 5, as referenced in his response to Interrogatory 10), all requested information was produced. Although we already extended to you the courtesy of producing an index of our production (a courtesy you criticized and certainly did not reciprocate), which clearly identifies the responsive documents, we refer you to P014-015, 25-26, and 44. The documents speak for themselves. If Defendants intended to request something else, see the objections provided.

PI10. Defendants' response is deficient to the extent that only correspondence is identified that was to, from, or copied to Mr. Dougherty, but not that was about (i.e., "regarding") Mr. Dougherty. For example, an email between Mr. and Ms. Blize and / or between other employees of ASDI discussing Mr. Dougherty (but not including Mr. Dougherty as a recipient) would be responsive. Defendants' methodology of responding to this request must be expanded to account for this deficiency.

DI12. In perhaps your most insincere, personal criticism of Mr. Dougherty's efforts to participate in discovery (i.e., challenging Mr. Dougherty's good faith), you criticize his objections while proffering your own (i.e., to his Interrogatory No. 26). Specifically, you object that the interrogatory is "vague or overly broad" and state that the request, as Defendants understand it, is "not subject to discovery." Yet this interrogatory emerged from Defendants. We take from Defendants's response that they concede that the interrogatory is objectionable. Certainly, Defendants are in the best position to know what they meant by "admission." Defendants' response to Mr. Dougherty's Interrogatory No. 26 is deficient to the extent that Defendants' Interrogatory No. 12 was sent to Mr. Dougherty in good faith. To any other extent, Defendants' interrogatory directed to Mr. Dougherty was in bad faith. Mr. Dougherty stands by his response to Defendants' Interrogatory No. 12.

In sum, as set forth in his verification, and as further set forth above, Mr. Dougherty has made every effort to comply with his discovery obligations. Any deficiencies that Defendants feel remain and have not been addressed above, should be explained in better detail. In addition to the above, Mr. Dougherty further identifies the

Margaret M. DiBianca, Esquire
April 25, 2008
Page 4

additional deficiencies in Defendants' responses to the interrogatories directed to Defendants:

PI14. Defendants' response reflects that a meeting did occur in November 2006, regarding an incident of "an 'unsuccessful job applicant.'" If the subject matter of no other meeting more closely approximates the subject matter identified in Mr. Dougherty's Interrogatory No. 14, Defendants must provide a response, as requested, as to the meeting they admit occurred. To the extent they do not provide additional information, their response is deficient.

PI15. For the sake of clarity, "tax exempt" refers to those employees whom ASDI did not pay at separate rates of pay for working hours 40 and under, as compared with hours over 40. Defendants' objection regarding the time period covered by the interrogatory is unsustainable. Defendants are expected to answer this interrogatory in full, including each of the identified time periods.

PI16. Defendants are directed to the deficiency and explanation provided for Mr. Dougherty's Interrogatory No. 15, which applies to Interrogatory NO. 16.

PI17. For purposes of this interrogatory, Defendants may define "suspension" as Defendants use the term in responding to Mr. Dougherty's Interrogatory No. 2. For purposes of responding to this interrogatory, the nature of suspensions is irrelevant. The requested information regarding all suspensions must be provided. A confidentiality order is in place. Any objection based on the confidential nature of information is unsustainable. Defendants' response to this interrogatory should reveal any instance where ASDI suspended an employee who was not paid different rates of pay depending on the number of hours worked, and did not pay such employee while on such suspension.

PI18. To clarify, Mr. Dougherty's Interrogatory No. 18, seeks any responsive written policy that governed practices of employees of ASDI, regardless of the source or time period of such policy. If ASDI has ever maintained a written policy applicable to all employees pertaining to non-payment of wages during any suspension, such policy must be identified.

PI19. Mr. Dougherty's Interrogatory No. 19 seeks information beyond that which Defendants provided in response to his No. 13. "Wages" and "benefits and wage supplements" are defined with specificity. Each and every wage and benefit and wage supplement must be listed, the value of such wage and benefit and wage supplement stated, and the date on which such payment was made provided. Until such information is provided, Defendants' response is deficient.

PI20. Defendants may define "personnel record" as "personnel file" is defined in 19 Del. C. §731(3). To the extent this clarification changes Defendants' response, their response is deficient.

PI21. Mr. Dougherty interprets Defendants' evasive response to mean that ASDI terminated the employment of Mr. Dougherty on May 3, 2007. If Mr. Dougherty's

Margaret M. DiBianca, Esquire
April 25, 2008
Page 5

interpretation is incorrect, Defendants' response is deficient, as the answer to the interrogatory is incomprehensible. Regardless, Defendants' response is deficient because Defendants fail to explain the reasons for their conclusion that the stated date was the date ASDI terminated Mr. Dougherty's employment.

PI22.  Defendants' acknowledgement of the existence of standards is insufficient. To cure their deficiency, Defendants must include within their response an identification of any standard that ASDI has implemented pursuant to (i.e., in compliance with or in accordance with) state, local, or federal laws relating to health, safety, or environmental hazards.

PI23.  Defendants' reference to approximately 500 pages of documents—only approximately five of which are from the week of 12/06 and a large percentage of which are not even from December 2006—is insufficient (if not deliberately designed to waste time). Moreover, Defendants' objection that Mr. Dougherty's Interrogatory No. 23 is not limited to any specified time period is clearly without merit. As previously requested, Defendants' response must be limited to December 2006 and to meetings between Messrs. Blize and Dougherty. Mr. Dougherty was able to retrieve a copy of reports of the nature we seek (produced as part of the range P0994-1021). We note that these documents were not produced by Defendants, although it is clearly responsive to our requests. This creates a concern about the comprehensiveness of Defendants' responses. All similar documents must be produced—even they are one of the email attachments that Defendants intentionally failed to produce.

PI24.  Defendants' objections appear to be in bad faith; or their Interrogatory No. 11 was propounded in bad faith, because the language of the interrogatory originated from Defendants, yet they object. To the extent Defendants failed to provide information on the basis of their objections, their response is deficient.

PI25.  Defendant's reference to approximately 500 pages of emails that predated Defendants' termination of Mr. Dougherty's employment is insufficient (if not deliberately designed to waste time). Defendants must respond properly to this interrogatory, including, but not limited to, any email, on or after January 2, 2007, between any ASDI employee discussing Mr. Dougherty's return from (or ASDI's refusal to return Mr. Dougherty from) what Defendants have characterized as "administrative leave." As further set forth regarding Mr. Dougherty's Interrogatory No. 10, Defendants' methodology of responding to this request must be expanded.

For many of the reasons set forth above, Defendants' response to document requests are deficient. Among other things, as stated repeatedly above, Defendants have failed to produce any electronic mail correspondence between any parties that did not also involve Mr. Dougherty. To that extent, if no other, Defendants' responses are deficient and additional documents must be produced.

While Defendants criticize the objections proffered by counsel for Mr. Dougherty (e.g., objections based on relevance issues), Defendants themselves state a relevance objection in their "General Responses and Objections". Given Defendants' professed mastery of the role of relevance objections in discovery responses, all

Margaret M. DiBianca, Esquire
April 25, 2008
Page 6

previously withheld information that was withheld for reason of relevance should be provided immediately, or will be regarded as withheld in bad faith. In any event, Mr. Dougherty fully expects Defendants to provide more complete responses to the above-referenced deficiencies within five days of the date of this letter. Please note that Mr. Dougherty reserves the right to raise other inadequacies with Defendants' responses after taking more time to fully examine them.

Sincerely,

Timothy M. Holly

cc: John J. Dougherty (via electronic mail)

# EXHIBIT C

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**      tholly@cblh.com
**REPLY TO:**   Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 9, 2008

**BY HAND DELIVERY**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

    RE:   **Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

    If your letter of May 8, 2008, is intended as a full response to our deficiency letter of April 25, 2008, it is exceedingly unsatisfactory. We require a full and immediate response. Interestingly, while in your Motion to Compel you criticize the timing of our response to your deficiency letter, your response is less timely and much less comprehensive than ours. We are being left with no alternative but to seek relief from the Court to compel Defendants' compliance with their discovery obligations.

    We, of course, will respond to your Motion to Compel, but Dougherty has been through your discovery requests multiple times and has made sincere effort to respond thoroughly. Dougherty has been through your discovery requests yet again and the only additional information he can provide is an email he retrieved, which we produce here as P1059. You now have everything he has been able to retrieve or remember that is responsive to your requests. At this point, we are uncertain what would be accomplished even if your Motion to Compel is granted. Dougherty can do nothing more than he has already. Nonetheless, Dougherty continues to ponder your requests and will continue to supplement discovery if he is able to remember or retrieve anything else. We strongly encourage Defendants to do the same.

                    Sincerely,

                    Timothy M. Holly

Enclosure
cc:  John J. Dougherty (via electronic mail)

605065

Windows Live Hotmail



Fuel efficiency. Power.
Perfect harmony.
See How Ford is increasing MPGs ▸ ▸ Rollover to See Video

Windows Live™   Home   **Hotmail**   Spaces   OneCare   MSN                  jd3x@hotmail.com
                                                                            Sign out

New      Reply      Reply all      Forward      Delete      Junk            Move to           Options ⚙

### Confirmation of Your Initial Claim

**From:** **PA Department of Labor & Industry** (bucbacc@dli.state.pa.us)
⊘ You may not know this sender.  Mark as safe | Mark as unsafe
**Sent:** Wed 1/31/07 11:01 AM
**To:** jd3x@hotmail.com

This email serves as confirmation that your application for unemployment compensation (UC) benefits has been received by the Pennsylvania Department of Labor and Industry and is being processed. If there is any missing information, or if any additional information is needed to process your claim, you will be contacted by the UC Service Center at the phone number or mailing address provided on your application.

Filing date and time: 1/31/2007 11:02:28 AM

You will receive a Pennsylvania UC Handbook, a Notice of Financial Determination, a Claim Confirmation Letter which contains your confidential Personal Identification Number or PIN, and an application for direct deposit of your UC benefits in the mail within the next 10-12 days. If you do not receive these mailings after 12 days, contact the Department by calling 1-888-313-7284. Please refer to the above filing date and time, in addition to your name and social security number, in any communications with the Department.

You must file biweekly claims for the weeks you are totally or partially unemployed. You have two options to file your biweekly claims:

Today
Mail
Contacts
Calendar

set up
e-mail
alerts

1) Internet filing is available Sunday through Friday, 6 a.m. to 9 p.m. at: www.state.pa.us, PA keyword: unemployment.

2) Telephone filing via Pennsylvania Teleclaims --PAT system. PAT is available Sunday through Friday, 5 a.m. to 9 p.m. PAT numbers are listed in your UC handbook or at our web site indicated above.

Want to race through your inbox even faster? Try the full version of Windows Live Hotmail. (It's free, too.)

© 2008 Microsoft | Privacy | Legal                                  Help Central | Account | Feedback

P1059

# EXHIBIT D

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**       tholly@cblh.com
**REPLY TO:**   Wilmington Office

April 1, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

RE:   *Dougherty v. Blize, et al., No. 07-574-SLR*

Dear Molly:

Please find enclosed the Motion to Amend the Complaint. We acknowledge receipt of your letter dated March 27, 2008. We have already provided a "computation of each category of damages" claimed by Mr. Dougherty. Defendants have failed to clarify the date upon which they claim to have terminated Dougherty's employment (or even if they admit having terminated his employment), which is relevant to our damages calculations. Regardless, these matters are likely to be issues of fact for a jury. Therefore, in a continued effort to provide as much information as possible, we offer the following *further* computations, which are based on termination dates most favorable to each claim and supportable by evidence. Because some categories of damages require information from Defendants, estimates are included. Dougherty will update damage computations as additional information becomes available.

I.    **Wage Payment & Collection Act.**

 (A) Unpaid Wages in the weekly net amount of $1,300.31 * the number of weeks between January 1, 2007, and May 3, 2007 (i.e., 18 weeks) = $23,405.58.

 (B) Liquidated Damages for I(A) in the net amount of $23,405.58.

 (C) Unpaid benefits and wage supplements require information from Defendants, to be calculated between January 1, 2007, and May 3, 2007, estimated to be approximately $1,500 net per month (for an estimated total of approximately $7,500).

 (D) Civil Penalty of $45,000 (i.e., $5,000 per violation * 9 unpaid bi-weekly paychecks).

TMH/cp
601701_1

Margaret M. DiBianca, Esquire
April 1, 2008
Page 2

  (E) Costs of the action, including reasonable attorney's fees – estimated at
    $100,000 for the entire action[1]

## II.  Whistleblower Protection Act.

  (A) Back wages in the weekly net amount of *$1,300.31 \* the number of
    weeks between January 1, 2007, and the date of judgment* (presently
    more than $78,000.

  (B) Lost benefits of an amount depending on evidence from
    Defendants, to be calculated between January 1, 2007, and the date of
    judgment, estimated to be approximately $1,500 net per month.

  (C) Front pay in the weekly net amount of $1,300.31 \* a number of weeks
    found reasonable by the court.

  (D) Expungement of records relating to the disciplinary action and / or
    discharge of Dougherty.

  (E) All costs of litigation, including attorney's fees, incurred in bringing
    this claim.

## III.  Implied Covenant of Good Faith and Fair Dealing.

  (A) See damages claimed under Whistleblower Protection Act.

  (B) $1,017.00 for penalty for taking distribution from 401(k).

  (C) Lost benefits of an amount depending on evidence from
    Defendants, to be calculated between January 1, 2007, and the date
    of judgment, estimated to be approximately the net amount of $1,500
    per month.

## IV.  *Personnel File Act.*

  (A) Civil Penalty of $5,000.

  (B) Inclusion of a written statement from Dougherty explaining his
    position as to an adverse action taken against him after January 1,
    2007, to be used by Defendants as required by 19 Del. C. § 734.

## V.  COBRA.

  (A) Civil Penalty (in the amount of $110.00 per day) for each day in
    which a violation is found to have occurred, which appears to be
    approximately 150 days (i.e., January 16, 2007-June 14, 2007),
    meaning a total penalty in the amount of approximately $16,500.

---

[1]  We cannot at this time estimate how these fees will be broken down between the five
different causes of action.

Margaret M. DiBianca, Esquire
April 1, 2008
Page 3

(B) All costs of litigation, including attorney's fees, incurred in bringing this claim.

## VI.    FLSA.

(A) If unsuccessful on non-exempt status claim but successful on exempt claim:
  (1) Wages in the net amount of $1,300.31.
  (2) Liquidated Damages of an amount equal to VI(A)(1).
  (3) All costs of litigation, including attorney's fees incurred in bringing this claim.

(B) If successful on non-exempt status claim:
  (1) Wages of an amount depending on evidence from Defendants, but estimated to be approximately the net amount of $6,000 (i.e., calculated roughly as an overtime rate of $48.75 at 12 weeks of 10 overtime hours per week).
  (2) Liquidated damages of an amount equal to VI(B)(1).
  (3) All costs of litigation, including attorney's fees, incurred in bringing this claim.

Dougherty's damages related to income are properly reduced by the amount he has been able to earn during the relevant date used in computing the loss, which might include: (1) unemployment compensation totaling $13,728.00; (2) work for Gerson Lehrman Group totaling $861.00; and (3) work for Yoh Scientific totaling $37,860.04.

Sincerely,

Timothy M. Holly

cc: John J. Dougherty

CBLH: 595868

## CERTIFICATE OF SERVICE

I hereby certify that, on May 12, 2008, true and correct copies of the foregoing

Plaintiff's Response to Defendants' Motion to Compel Discovery Responses were served

by CM/ECF on the following counsel of record:

> Barry M. Willoughby, Esquire
> Margaret M. DiBianca, Esquire
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391

Timothy M. Holly (Del. Bar No.4106)

6