**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS ALAN BLIZE AND ASDI INCORPORATED

Plaintiff John J. Dougherty ("Dougherty"), by and through his undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves for the entry of an Order compelling Defendants Alan Blize ("Blize") and ASDI, Incorporated ("ASDI" or collectively "Defendants"), to respond fully and completely to document requests and interrogatories propounded by Dougherty. In support thereof, Dougherty states:

1.     On March 4, 2008, Dougherty served on Defendants a set of interrogatories (D.I. 19) (Exhibit A) ("Dougherty's Interrogatories") and document requests (D.I. 20) (Exhibit B) ("Dougherty's Document Requests"). On April 7, 2008, Defendants responded. *See* Defendants' Responses to Plaintiff's First Set of Interrogatories (D.I. 28) (Exhibit C) ("Defendants' Responses to Interrogatories"); Defendants' Responses to Plaintiff's First Request for the Production of Documents (D.I. 29) (Exhibit D) ("Defendants' Production of Documents"). Although the information

sought by Dougherty is well within the scope of permissible discovery, Defendants provided incomplete and evasive responses to Dougherty's discovery requests.

2.      Thus, on April 25, 2008, Dougherty sent a detailed letter to Defendants outlining the insufficiencies of Defendants' discovery responses and requesting supplementation. *See* Letter from T. Holly to M. DiBianca (April 25, 2008) (Exhibit E). Despite having had more than two weeks to respond to Dougherty's letter (Dougherty had requested a response in five (5) days) and despite repeated subsequent requests by Dougherty for a complete response, Defendants have failed to reciprocate Dougherty's cooperation in discovery and have violated their discovery obligations. Specifically, Defendants have either ignored Dougherty's deficiency letter or utterly disregarded their discovery obligations, because their only response came thirteen days later (i.e., longer than the time frame they criticize Dougherty for in their Motion to Compel) and merely included a small set of previously-withheld responsive emails (*See* Letter from M. DiBianca to T. Holly (May 8, 2008) (Exhibit F)).

3.      Although Defendants' discovery conduct calls into question each of their responses to Dougherty's discovery requests, certain examples of Defendants' discovery violations merit specific discussion, as they involve key components of Dougherty's claims and the requested information can only be provided by Defendants. For example, Dougherty requested "all pay records relating to Plaintiff." *See* Ex. A at 7 (Interrogatory 13). Defendants respond that all responsive documents have been produced, including a summary of such pay records. *See* Ex. C. at 8. Although not specifically requested, Dougherty interprets this response to mean that no time records relating to Dougherty exist. Such an interpretation is consistent with Defendants' failure to provide time

records in response to Dougherty's Document Requests concerning Dougherty's employment (*see* Ex. B at 7 (Document Request 3)), of which time records would be responsive. Clearly time records are relevant to the litigation, as they will establish the amount of overtime due to Dougherty resulting from the loss of his exemption.

4.     Dougherty also requested the identification of all employees classified as tax exempt during certain time periods, in particular those that were placed on suspension. *See* Ex. A. at 8 (Interrogatories 15 & 16). Defendants object on the grounds that the term "tax exempt" is not defined. *See* Ex. C. at 9. However, FLSA is clearly a major issue in this case (and is the subject of a pending Motion to Amend). It is unlikely that Defendants are unaware that the federal law at issue in the Complaint clearly defines the exemption. *See* 29 U.S.C. § 213. Indeed, Defendants themselves define an exempt employee in their response to Dougherty's Motion to Amend Complaint. *See* Defs.' Resp. to Pl.'s Mot. to Am. Compl. ¶ 4 n.6 (D.I. 36) ("Defs' Resp."). Thus, the objection seems disingenuous and designed to evade a reasonable response to a key issue of whether an "actual practice" exists of making improper deductions.

5.     Similarly, Dougherty requested all payment records of suspended ASDI employees during the time of their suspension. *See* Ex. A at 8 (Interrogatory 17). Defendants object that the term "suspension" is not defined. *See* Ex. C. at 10. However, Defendants themselves use the term "suspension" in explaining the scope of Defendant Blize's authority at ASDI (Ex. C at 3 (Interrogatory 2)) and clearly they are aware that Dougherty regards his own involuntary leave as a suspension (Complaint at ¶ 31), which is the subject of Interrogatory 24. Again, Defendants' response seems designed to evade

the production of evidence critical to assessing whether an "actual practice" of making prohibited deductions exists at ASDI.

6.      Dougherty also requested "any" written policy of ASDI regarding non-payment of wages to employees during any suspension. *See* Ex. A at 8 (Interrogatory 18). Again, Defendants objected without providing a substantive response, but implied that a response might vary depending on the time period at issue. *See* Ex. C at 10. However, Defendants are clearly aware that FLSA provides exceptions to rules requiring the non-deduction of wages of employees who are exempt (e.g., in the event an employer has such a policy). Indeed, Defendants identify this exception in pleadings relating to Dougherty's Motion to Amend (*see* Defs.' Resp. at ¶ 11 (D.I. 36)), implying that such exception applies. Again, Defendants' objection appears to be nothing more than an attempt to stonewall Dougherty's legitimate attempt to advance his FLSA claim.

7.      Dougherty also sought information regarding all forms of compensation (more than merely wages) that ASDI paid to Dougherty. *See* Ex. A. at 8 (Interrogatory 19). Throughout discovery, Defendants have complained that Dougherty's calculation of damages is insufficient. And they continue to do so now (*see* Ex. C at 10) even though Dougherty's April 1, 2008 letter provided such calculations. *See* Letter from T. Holly to M. DiBianca (Apr. 1, 2008) (Exhibit G). Thus, Defendants clearly understand the need to have clarity in calculating damages. Yet, their discovery response is wholly insufficient. Given Defendants' continued demand for clarity in damage calculations, their refusal to properly respond to Dougherty's discovery request makes their demands

for detailed damage calculations appear all the more unreasonable.  In any event, Dougherty needs the information to establish his damages.[1]

8.      In addition, to support his COBRA claim, Dougherty has sought information that would help identify the plan administrator at ASDI (the person charged with providing the required COBRA notice).  *See* Ex. A at 6 (Interrogatory 3).  However, Defendants have been uncooperative in written discovery, failing to even provide the plan documents that might identify the administrator (who has the duty to send a COBRA notice).  *See* Ex. C at 3-4; Ex. D at 2.

9.      To support his Whistleblower Protection claim (19 *Del. C.* § 1701, et seq.), Dougherty asked for "all standards acknowledged by ASDI as applying to ASDI for the protection of its employees from health, safety, or environmental standards."  Ex. A at 8 (Interrogatory 22).  Defendants object to this request primarily on the grounds of vagueness.  *See* Ex. C at 11-12.  However, the language was taken directly from the whistleblower statute.  *See* 19 *Del. C.* § 1702(6)(b).  Defendants' objections are meritless.  Moreover, Defendants must identify those standards that ASDI has implemented.  *See* Ex. E at 5.  Without such information, Defendants' response is insufficient.

10.     These examples are merely that: examples.  ASDI must supplement these specific deficiencies as well as all those outlined in Dougherty's April 25 letter.  If they do not, Dougherty will be greatly prejudiced and will be hard-pressed to satisfy his burden of proof because of Defendants' non-compliance.  Defendants have posed

---

[1] Moreover, the production of documents responsive to this interrogatory (as required by Document Request 1), such as a health plan (which likely defines terms such as "active employment") should help address whether the week of January 1 can legitimately be characterized as a "terminal week," as alleged by Defendants in their pleading contesting Dougherty's Motion to Amend.  *See* Defs.' Resp. at ¶ 11 (D.I. 36).

meritless objections and stonewalled Dougherty from receiving the information to which he is entitled. Such an outcome was not contemplated by the Federal Rules and should not be countenanced.

11. As set forth in Dougherty's Response to Defendants' Motion to Compel Discovery Responses (D.I. 46), Dougherty has provided as complete responses to interrogatories as possible and has produced all of the responsive documents in his possession. Dougherty has responded to discovery in a direct and thorough fashion. Defendants, on the other hand, have needlessly complicated discovery. They have not been as diligent as Dougherty in their search for responsive documents nor in the breadth of their responses to interrogatories. Discovery is time consuming and expensive—it certainly has been for Dougherty. These tactics employed by Defendants have prejudiced Dougherty by unnecessarily escalating already high litigation costs. Defendants' failure to reciprocate Dougherty's good faith efforts to respond to a deficiency letter renders the significant time and effort spent by Dougherty and his counsel in that endeavor a complete waste. Defendants must be compelled to fully and sufficiently respond to Dougherty's discovery requests. At a minimum, Defendants' should be ordered to respond adequately and completely to all of the discovery deficiencies outlined in Dougherty's April 25 letter. *See* Ex. E.

12. Pursuant to Local Rule 7.1.1, the undersigned herby attests and avers that numerous efforts have been made to resolve this matter with opposing counsel but, as set forth above, and in the attached exhibits (and those referenced that were attached to the exhibits of Defendants' Motion to Compel), has been unable to obtain a reasonable resolution. *See* Letter from T. Holly to M. DiBianca (May 9, 2008) (Exhibit H).

WHEREFORE, Dougherty respectfully requests this Court to grant Dougherty's Motion to Compel Discovery Responses from Defendants, to order Defendants to respond fully and completely to document requests and interrogatories propounded by Dougherty and to order Defendants to pay Dougherty's reasonable attorneys fees incurred in connection with this motion.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Dated:   May 15, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this _____ day of _____, 2008, the Court having considered Plaintiff's Motion to Compel Discovery Responses from Defendants ASDI Incorporated and Alan Blize,

**IT IS HEREBY ORDERED** that Defendants respond fully and completely to each of the document requests and interrogatories propounded by Dougherty.

**IT IS HEREBY ORDERED**, in the alternative, that Defendants supplement their discovery responses as requested in Plaintiff's April 25, 2008, letter, including their responses to Interrogatories ## 13, 15, 16, 17, 18, 19, and 22 and Document Requests ## 1 and 3.

**IT IS FURTHER ORDERED** that Plaintiff be awarded attorneys' fees in an amount deemed reasonable by the Court.

**IT IS SO ORDERED**.

_____
The Honorable Leonard P. Stark

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

John J. Dougherty (hereinafter "Plaintiff") requests Alan Blize ("Blize") and ASDI Incorporated ("ASDI" and collectively with Blize, "Defendants") pursuant to Rule 33 of the Federal Rules of Civil Procedure, to answer separately, fully, in writing and under oath the following interrogatories within thirty (30) days from the date of service.

## DEFINITIONS

1.    "Complaint" means the complaint filed in Civil Action No. 07-674-SLR-LPS.

2.    "You"," "your," and "Defendants" mean Blize and / or ASDI.

3.    "Document" means any written, printed, typed or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and any copies bearing notations or marks not found on the original, and includes, but is not limited to:

a.    all contracts, agreements, representations, warranties, certificates, opinions;

b.    all letters or other forms of correspondence or communications,

1

including envelopes, notes, electronic mail, telegrams, cables, telex messages, messages (including reports, notes, notations and memoranda of or relating to telephone conversations or conferences);

       c.    all memoranda, reports, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations;

       d.    all desk calendars, appointment books, diaries;

       e.    all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals;

       f.    all minutes or transcripts of all meetings;

       g.    all photographs, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained; and

       h.    all files from any personal computer, notebook, or laptop computer, file server, minicomputer, mainframe computer, or other storage device, including but not limited to hard disk drives or backup or archival tapes (whether stored on-site or at an off-site storage facility) and any other form or manifestation of electronically stored and/or retrieved electronic information, including but not limited to e-mail.

    4.    "Identify", "Identity" or "Identification":

       a.    When used in reference to a natural person, the terms "identify", "identity" or "identification" mean provide (i) full name; (ii) present or last known

business address and telephone number and residence address and telephone number; (iii) present or last known business affiliation; and (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities).

b.    When used with reference to any entity other than a natural person, the terms "identify", "identity" or "identification" mean provide (i) its full name; (ii) the address of its principal place of business; and (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these requests.

c.    When used in reference to a document, the terms "identify", "identity" or "identification" mean provide (i) the nature of the document (e.g., letter, contract, memorandum, electronic mail) and any other information (i.e., its title, index or file number) that would facilitate the identification thereof; (ii) its date of preparation; (iii) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and its disposition; (iv) its subject matter and substance; (v) the identity (as defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vi) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

d.    When used in connection with an oral communication, the terms

3

"identify", "identity" or "identification" mean provide (i) its general nature (i.e., conference, telephonic communication, etc.); (ii) the time and place of its occurrence; (iii) its subject matter and substance; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

    5.     Miscellaneous:

        a.     The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter genders; the neuter gender includes the masculine and feminine genders.

        b.     "And" means and/or; "or" means and/or.

        c.     "Include", "includes" and "including" shall be construed to mean "without limitation".

        d.     "Any" means and any and all; "all" means any and all.

        e.     "Each": Whenever any interrogatory calls for information with respect to "each" one of a particular type of matter, event, person or entity, of which there is more than one, separately list, set forth or identify for each thereof all of the information called for.

## INSTRUCTIONS

    1.     If any information called for by an interrogatory is withheld on the basis of a claim of privilege or attorney work-product, the claimed basis for withholding the information and the nature of the information withheld shall be set forth, together with a

statement of all the circumstances relied upon to support such claim, including the date the information was conveyed, the form of the information, the identity of the persons who have knowledge of the privileged communication, the business relationship of each to you, and, in the case of information withheld on the grounds of attorney work-product, the identity of the attorney for whom the privilege is claimed, the nature of the work product and the litigation in anticipation of which the work was prepared.

2.    These interrogatories shall be deemed continuing in nature so as to require supplementary answers between the time answers are served and the conclusion of trial or final hearing.

3.    When an interrogatory asks for specific information, such as a date, and the specific information required is not known to you, such interrogatory shall be deemed to ask you to approximate the information required as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific requests.

## INTERROGATORIES

1.    Identify each person having knowledge of any facts, allegations or other statements alleged in the Complaint or otherwise relating to the facts and issues in this case and for each such person, state the following:  (a) name; (b) last known home address and telephone number; (c) last known employer; (d) last known employer's address; and (e) a detailed explanation of the relevant facts about which the individual may have knowledge or other information.

2.    Since August 16, 2006, identify all management responsibilities that Alan Blize has had with respect to ASDI including, but not limited to, his role in paying or not

5

paying Plaintiff, placing Plaintiff on suspension or otherwise disciplining Plaintiff, terminating Plaintiff's employment, responding to a request by Plaintiff to review his personnel file, and / or providing any notice requirement under COBRA.

3.     With respect to any ERISA qualified plan of ASDI, identify every person and / or entity responsible for notification under ERISA.

4.     Identify each person whom you or your attorneys expect to call as a witness, in person or otherwise, at the trial of this case, and describe the subject matter(s) on which each such person will testify.

5.     Identify each document that you or your attorneys intend to introduce, use or otherwise rely upon at trial in this case.

6.     Identify each person whom either you or your attorneys expect to call as an expert witness at trial, and, as to each such person, state: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion. For each expert, identify all reports, drafts, notes, engagement agreements, contracts relating to his or her testimony and all documents supplied to or reviewed by each expert.

7.     Identify: (a) each person who participated in the preparation of your answers to these interrogatories; (b) each person who supplied any information responsive to these interrogatories; (c) each person having custody or control of any of the documents, files, and databases containing any of the information responsive to these interrogatories or containing any of the documents responsive to Plaintiff's First Request for Production of Documents, served herewith; and (d) each person who participated in

searching for, identifying, or producing any documents responsive to Plaintiff's First Request for Production of Documents, served herewith.

8.    Identify each employee who ever had supervisory responsibility over Plaintiff.

9.    Identify and describe all your evaluations/ reviews of Plaintiff's performance as an ASDI employee.  Identify all communications or documents relating to or referring to your opinions, observations, or recommendations of Plaintiff's evaluations/ reviews.

10.    Describe and identify all reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff.

11.    Have you, your agents, representatives or attorneys, obtained from any person, who is not a party to this case, any document, including, but not limited to, any statement (signed or unsigned), concerning the allegations in this case?  If your answer is in the affirmative, identify each such document and from whom it was obtained and when it was obtained.

12.    Relating to the subject matter of this litigation, list all affirmative defenses on which Defendants intend to rely and describe the complete basis for any such defense. Identify the statute, judicial opinion, or other authority recognizing the applicability of this defense to the subject matter of this litigation.

13.    Identify all pay records relating to Plaintiff.

14.    Identify every person who had knowledge of Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr.

Perkins's recommendation that he not be hired; and describe any action(s) taken against Plaintiff after such meeting.

15. Identify the number of employees employed by ASDI who are classified as tax exempt on each of the following dates: August 16, 2006, January 1, 2007, the date this interrogatory is answered, and on the date of trial.

16. Identify every tax exempt employee since August 16, 2006, who was placed on suspension.

17. Since August 16, 2006, for each suspended employee, identify all ASDI payment records for each such employee during the period of suspension.

18. Identify any written policy applicable to all employees pertaining to non-payment of wages during any suspension.

19. Since August 16, 2006, separately list and quantify the value of every form of compensation (including all wages and benefits and wage supplements, as defined by 19 Del. C. § 1101(a)(5) and 1109) that Defendants paid to Dougherty during his term of employment; and state the dates on which such compensation was paid.

20. Identify the contents of Plaintiff's personnel record.

21. Identify the date upon which you contend that ASDI terminated the employment of Dougherty and explain the reasons for such conclusion.

22. Identify all standards acknowledged by ASDI as applying to ASDI for the protection of its employees from health, safety, or environmental hazards.

23. Identify all communications or documents between ASDI and / or Blize and Plaintiff regarding any weekly meetings routinely held on Thursday morning

involving Blize and Plaintiff for the month of December 2006, and specifically for the week of 12/26.

24.    Describe in detail the meeting held on or about January 2, 2007, which Alan Blize, Michael Rugusters, and others attended regarding a project for ASDI-client Cephalon, including but not limited to: (a) the identities of the person in attendance; (b) the approximate time and duration of the meeting; (c) the location of the meeting; (d) the purpose of the meeting, as explained to you and as you perceived it to be; (e) the substance of the discussion including what comments were made by which individuals; (f) how the meeting was concluded; and (g) what were your actions in the final moments of the meeting and after the conclusion thereof.

25.    Identify all communications or documents between Blize and /or any employee of ASDI regarding whether to reinstate Plaintiff as an employee of ASDI.

26.    If you contend that Dougherty has made any admissions with respect to the subject matter involved in this action, please state the substance of such admission(s), identify the person(s) who made the admission, the date(s) upon which each admission was made, and identify all witnesses to the admission.

CONNOLLY BOVE LODGE & HUTZ LLP

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Date: March 4, 2008
CBLH: 590364

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2008, true and correct copies of the foregoing

Plaintiff's First Set of Interrogatories along with a Notice of Service were served by hand

delivery on the following counsel of record:

**HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Timothy M. Holly (Del. Bar No.4106)

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN J. DOUGHERTY )
)
        Plaintiff, )
)
     v. )    Civ. No. 07-674-SLR/LPS
)
ALAN BLIZE and ASDI )
INCORPORATED, )    JURY TRIAL DEMANDED
a Delaware Corporation, )
)
        Defendants. )

## NOTICE OF SERVICE

The undersigned certifies that, on March 4, 2008, two (2) true and correct copies of

Plaintiff's First Set of Interrogatories together with copies of this Notice of Service and

Certificate of Service, were served upon the following counsel of record, at the address and by

the means specified below:

**BY HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendants*

 

                             _Tim M. Holly_
                             CONNOLLY BOVE LODGE & HUTZ LLP
                             Matthew F. Boyer (Del. Bar No. 2564)
                             Email: Mboyer@cblhlaw.com
                             Timothy M. Holly (Del. Bar No. 4106)
                             Email: Tholly@cblhlaw.com
                             1007 N. Orange Street
                             P. O. Box 2207
                             Wilmington, DE 19899-2207
                             (302) 252-4217
                             *Attorneys for Plaintiff*

1

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN J. DOUGHERTY         )
                                  )
            Plaintiff,        )
                                  )
        v.                 )    Civ. No. 07-674-SLR/LPS
                                  )
ALAN BLIZE and ASDI         )
INCORPORATED,           )    JURY TRIAL DEMANDED
a Delaware Corporation,       )
                                  )
        Defendants.     )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "FRCP"), John J. Dougherty, by and through his undersigned counsel, hereby requests that Alan Blize ("Blize") and ASDI Incorporated ("ASDI" and together with Blize the "Defendants") produce the documents requested below at the offices of Connolly Bove Lodge & Hutz LLP, The Nemours Building, 1007 North Orange Street, Wilmington, Delaware, 19801, in conformance with and within the time required by the foregoing rules, or at such other place and time to which the parties may agree.

### Definitions and Instructions

The definitions and instructions set forth in FRCP Rule 34(a) are incorporated herein by reference. In addition, for the purposes of these document requests, the following definitions and instructions apply:

### Definitions

As used herein, the following terms shall have the meanings set forth below unless specifically indicated:

1.     "Document" means any kind of written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including, without limitation:  originals, copies (with or without notes or changes therein) and drafts including, without limitation:  papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interview, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated by Defendants, in the possession, custody or control of Defendants or any officer, employee, consultant, agent or counsel of or for the Defendants.

In the event that any document called for by this Request has been destroyed or discarded, that document is to be identified as follows:

(a)          Each addressor and addressee;

(b)          Each indicated or blind copy;

(c)          The document's date, subject matter, number of pages and attachments or appendixes;

(d)          All persons to whom the document was distributed, shown or explained;

(e)        Its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

(f)        The person who authorized such destruction or discard.

2.    "You" or "your" shall refer to the Defendants producing the documents requested, and all agents and representatives and all other persons acting on behalf of or who have purported to act on behalf of the Defendants.

3.    "Person" means any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units.

4.    The terms "any," "all," and "every" mean each and every.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the particular request all information that might otherwise be construed to be outside of their scope.

6.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

7.    The terms "relate," "relating to," and "refer" mean to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

8.    The term "communication" means any exchange or transfer of information between two or more persons, whether oral, written or in any other form.

9.    The term "identify" or "identity" when used in reference to an individual person

3

means to state the person's full name, present address and telephone number, if known, and the person's present or last known title, position, and business affiliation. When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such person is a corporation, company, partnership, association, joint venture, or other organization, and the name, present and last known address, and principle place of business. Once any person has been identified properly, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10.    The term "identify" or "identity" when used in reference to a document or other tangible thing means:

(a)    to provide a brief description of such document or thing, including date, author, recipients and content or substance;

(b)    to identify the custodian of the document or thing;

(c)    to identify the place where the document or thing may be inspected; and

(d)    if any such document was, but is no longer in the Defendants' possession, custody or control, state what disposition was made of such document.

11.    The term "identify or "identity" when used in reference to an occurrence or event means to provide all facts relating to the event, including without limitation, a description of the event, the time and place the event occurred, the identity of each and every person who witnessed the event, and the identity of each and every person having knowledge of the event.

12.    The term "subject matter of this litigation" means all events, claims and allegations included in Plaintiff's complaint (civil action number 07-674-SLR-LPS).    This includes all events contemporaneous therewith and all causes of action directly or indirectly

4

relating to or implied in said complaint and all claims counterclaims and defenses raised by Defendants.

13.    The term "Complaint" means Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired.

### Instructions

1.    All requests herein to produce documents are intended to embrace within their scope both non-privileged documents and documents as to which privilege is claimed.  As to any document for which the Defendants claim privilege, in lieu of production of the document, the Defendants' response shall include a full statement of the factual and legal basis underlying such claim of privilege, including:

> (a)    the name of the author of the document;

> (b)    the name of each person to whom copies were sent;

> (c)    the date of the document and number of pages;

> (d)    the name of the individual who currently has possession, custody, or control of the document;

> (e)    a brief description of the nature and subject matter of the document; and

> (f)    the basis for which it is being withheld.

2.    To the extent that the Defendants object to the production of things at the time and place specified above, the Defendants' response should include a description of the thing in terms of structure and function, a brief narrative of its history as presently known to the Defendants, its present whereabouts, and the name and address of its present custodian, if any.

5

3.    Whenever appropriate, the singular form of a word should be interpreted in the plural.

4.    Words in the past tense include the present tense, words in the present tense include the past tense.

5.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

6.    If any information or data requested is information which is stored electronically, it is to be identified by the following:

(a)    the subject matter of the information or data;

(b)    the name, employer, position and business address of the person in whose custody the data or information is presently held; and

(c)    the form or format in which the data or information is stored or held.

7.    Unless otherwise indicated, these requests seek all documents up to and including the present, and continuing until resolution of this matter.

8.    These document requests are deemed to be continuing, and should be supplemented promptly, as soon as any new responsive information becomes available.

9.    In responding to these document requests, in order to alleviate any confidentiality concerns, customer names and addresses may be redacted from documents that are produced as long as each customer is identified by a unique number.

### Requests

1.    All documents identified, referred to, relied upon, or requested in answering Plaintiff's First Set of Interrogatories directed to Defendants.

2.     All documents that Defendants identified or referred to in their initial disclosures.

3.     All documents which relate or refer in any way to Plaintiff's employment with ASDI, including but not limited to, employment applications, performance evaluations / reviews of Plaintiff's performance as an ASDI employee, records of wages and fringe benefits, other pay records, employee handbooks, acknowledges of receipt of employee handbooks, policy manuals, disciplinary rules, notification of wage changes, notification of awards and honors, notification of warnings or other disciplinary actions taken against Plaintiff, correspondence or memoranda and documents to and from Plaintiff.

4.     From August 16, 2006 forward (including specifically, but not limited to, the dates of January 2, 2007, January 4, 2007, January 19, 2007, January 23, 2007, and May 23, 2007), all emails, reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff, Alan Blize, Trula Blize, Kabana Perkins concerning Plaintiff's employment or termination of employment.

5.     All documents, including, but not limited to, any statement from any person (signed or unsigned), concerning the allegations or defense(s) in this case.

6.     All documents which mention, discuss, describe, relate to, refer to, or embody in any way any defense on which Defendants intend to rely in defense of this case.

7.     All documents which relate or refer in any way to Plaintiff's November 2006 Complaint regarding Trula Blize.

8.     All documents which relate or refer in any way to discipline of Plaintiff.

9.     All documents which relate or refer in any way to the knowledge of any person who was involved in Plaintiff's November 2006 Complaint regarding Trula Blize.

7

10.    All documents which relate or refer in any way to Plaintiff's COBRA rights and / or ASDI and / or Blize's obligations attendant thereto.

11.    All documents which pertain to health, safety, or environmental hazards.

12.    All documents which relate or refer in any way to the termination of Plaintiff's employment with ASDI.

13.    All documents which relate or refer in any way to communications between ASDI employees regarding the events that gave rise to this lawsuit, or the subject matter of this litigation.

14.    Each and every report, draft, note, engagement agreement, contract relating to each person whom Defendants expect to call as an expert witness, including but not limited to that which he will rely upon for his testimony, all documents supplied to or reviewed by each expert, and each expert's qualifications as an expert, including a curriculum vitae or its equivalent.

15.    All documents which Defendants intend to introduce as exhibits at the trial of this matter.

CONNOLLY BOVE LODGE & HUTZ LLP

_Tim M. Holly_

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

Date: March 4, 2008
CBLH: 590366

9

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2008, true and correct copies of the foregoing

Plaintiff's First Request for Production of Documents along with a Notice of Service were served

by hand delivery on the following counsel of record:

**HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Timothy M. Holly (Del. Bar No.4106)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

The undersigned certifies that, on March 4, 2008, two (2) true and correct copies of Plaintiff's First Request for Production of Documents together with copies of this Notice of Service and Certificate of Service, were served upon the following counsel of record, at the address and by the means specified below:

**BY HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendants*

CONNOLLY BOVE LODGE & HUTZ LLP
Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblhlaw.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblhlaw.com
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 252-4217
*Attorneys for Plaintiff*

1

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | Jury Trial Demanded |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

### General Responses and Objections

1. Defendants object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege and/or work product privilege.

2. Defendants object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to any and all Interrogatories to the extent they require a response other than as described by FRCP 33.

Each of the responses provided below are subject to the general responses and objections outlined herein. Defendants reserve the right to supplement these interrogatories as additional, responsive, non-privileged information becomes available.

## Specific Objections and Responses

1.  **Identify each person having knowledge of any facts, allegations or other statements alleged in the Complaint or otherwise relating to the facts and issues in this case and for each such person, state the following: (a) name; (b) last known home address and telephone number; (c) last known employer; (d) last known employer's address; and (e) a detailed explanation of the relevant facts about which the individual may have knowledge or other information.**

    **RESPONSE:**    Persons with relevant knowledge were identified in Defendants' Initial Disclosures and Supplemental Disclosures made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Plaintiff's attention is directed to those submissions for the information contained therein.   Additionally, current ASDI employees, Brian Pearce, Brian Maduskuie, Kabana Perkins, and Ronald Paolini, Jr., may have knowledge of Plaintiff's employment with Defendant ASDI.   With one exception, Michael Regusters, all identified persons are current employees with managerial responsibilities and, therefore, should be contacted through defense counsel.   At the end of his employment, Mr. Reguesters' home address was 24 Spring Creek Drive, Townsend, Delaware 19734.   Defendants do not have knowledge of Mr. Reguesters' employment history following his separation from Defendant ASDI.   Defendants will comply with their obligations set forth in Rule 26(a) regarding disclosure of persons with knowledge.

2.  **Since August 16, 2006, identify all management responsibilities that Alan Blize has had with respect to ASDI including, but not limited to, his role in paying or not paying Plaintiff, placing Plaintiff on suspension or otherwise disciplining Plaintiff, terminating Plaintiff's employment, responding to a request by Plaintiff to review his personnel file, and/or providing any notice requirement under COBRA.**

    **RESPONSE:**    Defendants object to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome insofar as what is meant by a person who "has a

role in paying" another person.  Defendants further object to this Interrogatory on the ground that

it constitutes multiple Interrogatories, which should be separated and identified as such.  Subject

to and without waiving the foregoing objections, Defendants attest to the following:  During the

period of August 2006 – August 2008 (the "Relevant Period"), Defendant Blize held the position

and title of President and Chief Executive Officer.  In this capacity, Defendant Blize was the

highest-ranking acting executive.  As such, Defendant Blize ultimately was responsible for

ensuring that the business operations of Defendant ASDI were properly managed and were

progressing as planned.  As Plaintiff's direct supervisor,  Defendant Blize was involved directly

in monitoring Plaintiff's performance.  Such responsibility included making determinations about

Plaintiff's relative level of success in his position and about Plaintiff's need for additional or

supplemental training.  As the highest-ranking acting officer of the Company, Defendant Blize

had authority to discipline all employees, including Plaintiff, through normal performance

improvement measures, including, but not limited to, issuing written performance reviews,

suspensions, and terminations.   Defendant Blize had no management responsibilities with

respect to the role of paying or not paying Plaintiff.  Similarly, Defendant Blize had no

management responsibilities with respect to the role of providing information to employees about

employee benefits, including COBRA benefits.  Finally, Defendant Blize did not have any

"management responsibility . . . with respect to  . . .  his role in responding to a request by

Plaintiff to review his personnel file."

3.  **With respect to any ERISA qualified plan of ASDI, identify each person and/or
    entity responsible for notification under ERISA.**

   **RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

overly broad and incomprehensibly vague in that there is no indication of who is being "notified

under ERISA" or what such notification should or did involve. Subject to and without waiving the foregoing objections, during the Relevant Period as defined above, Defendants respond that Defendant ASDI provides notice of COBRA benefits to its eligible employees. The Human Resources Department is responsible for the administration of all employee benefits.

4.  **Identify each person whom you or your attorneys expect to call as a witness, in person or otherwise, at the trial of this case, and describe the subject matter(s) on which each such person will testify.**

    **RESPONSE:** Defendants object to this Interrogatory on the ground that it is premature at this early stage of litigation and seeks to invade the attorney-client privilege and evoke information that constitutes protected attorney work product not subject to disclosure. Subject to and without waiving such objections, Defendants will supply this information in accordance with their obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure. At this time, all relevant persons with knowledge have been identified. Plaintiff is directed to Defendants' previously produced Initial Disclosures.

5.  **Identify each document that you or your attorneys intend to introduce, use or otherwise rely upon at trial in this case.**

    **RESPONSE:** Defendants object to this Interrogatory on the ground that it is premature at this early stage of litigation and to the extent it seeks to invade the litigation strategy of Defendants' counsel. Subject to and without waiving the foregoing objections, Defendants have produced all non-privileged, responsive documents. Defendants will supply this information in accordance with their obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure.

6. **Identify each person whom either you or your attorneys expect to call as an expert witness at trial, and, as to each such person, state: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion. For each expert, identify all reports, drafts, notes, engagement agreements, contracts relating to his or her testimony and all documents supplied to or reviewed by each expert.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objections, and responding only to documents reviewed or to be reviewed during the course of the litigation of this case, Defendants respond that, at this time, Defendants have not determined whether they intend to call an expert at trial. Defendants will supplement this information as required pursuant to their obligations under Rule 26 of the Federal Rules of Civil Procedure

7. **Identify: (a) each person who participated in the preparation of your answers to these interrogatories; (b) each person who supplied any information responsive to these interrogatories; (c) each person having custody or control of any of the documents, files, and databases containing any of the information responsive to these interrogatories or containing any of the documents responsive to Plaintiff's First Request for Production of Documents, served herewith; and (d) each person who participated in searching for, identifying, or producing any documents responsive to Plaintiff's First Request for Production of Documents, served herewith.**

**RESPONSE:**    Defendants object to this Interrogatory to the extent it seeks production of attorney-client privileged or attorney work-product information. Subject to and without waiving the foregoing objections, Defendants respond that the following persons had some role in any of the activities set forth in subparts (b) – (d), above: Alan Blize; Trula K. Blize; Melanie Woodruff (Human Resources Associate); Jane Stapleton (Executive Assistant to Alan Blize); and agents of Defendant ASDI's Information Technology vendor, Intelligent Services.

8.  Identify each employee who ever had supervisory responsibility over Plaintiff.

**RESPONSE:**  Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome.  For example, the Interrogatory seeks information not limited to the Relevant Period and, insofar as a response requires knowledge of Plaintiff's employment history prior to and subsequent to his employment with ASDI, such information is unknowable to Defendants.   Subject to and without waiving the foregoing objection, Defendants direct Plaintiff to their response to Interrogatory No. 2.

9.  Identify and describe all your evaluations/reviews of Plaintiff's performance as an ASDI employee.  Identify all communications or documents relating to or referring to your opinions, observations, or recommendations of Plaintiff's evaluations/reviews.

**RESPONSE:**   Defendants object to this Interrogatory on the ground that it is incomprehensibly vague and on the ground that it constitutes multiple interrogatories, which should be set forth separately as such.  Subject to and without waiving the foregoing objections, Defendants respond to each Interrogatory separately.  In response to Interrogatory No. 9.1, Defendants point Plaintiff to previously produced document, D0006, which is a copy of Plaintiff's performance evaluation, dated December 21, 2006.  In response to Interrogatory No. 9.2, and as indicated by D0006, in preparation for Plaintiff's 3-month review, Defendant Blize solicited feedback from the managerial employees with whom Dougherty had interacted during his employment at ASDI.  The feedback Defendant Blize received suggested that Plaintiff had not developed a full working knowledge of the internal operations of ASDI, which limited his ability to manage successfully.  Plaintiff's lack of knowledge also contributed to a low sense of confidence in Plaintiff's leadership abilities by his direct reports.

10. **Describe and identify all reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is overly broad and unduly burdensome.  Defendants further object on the ground that this Interrogatory is incomprehensibly vague in that it is not limited to any specific period of time, to any particular context, or even limited to reports, drafts, notes, or correspondence with other ASDI employees or relating to Plaintiff's employment.  Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the responsive documents produced as D02748-3254, constituting all e-mails to and from Plaintiff retrieved by Intelligent Systems from the ASDI servers.   Non-responsive attachments to the e-mails were not produced.  The attachments are spreadsheets containing scientific documentation relating to various ASDI projects and total approximately 13,000 pages.  If Plaintiff determines that there is a specific attachment he contends to be relevant to this matter, a request for that document should be made and will be considered by Defendants in an appropriate manner.

11. **Have you, your agents, representatives or attorneys, obtained from any person, who is not a party to this case, any document, including, but not limited to, any statement (signed or unsigned), concerning the allegations in this case?  If your answer is in the affirmative, identify each such document and from whom it was obtained and when it was obtained.**

**RESPONSE:**    Defendants object to this Interrogatory to the extent that it seeks production of attorney-client privileged or attorney work-product information in the form of any statement obtained or made at the request of counsel for Defendants.  Subject to and without waiving the foregoing objections, Defendants identify and produce the written statement of Brian Pearce dated February 16, 2007.  Also produced are summaries by various managers of their

conclusions and determinations regarding the Cephalon project. Although Defendants do not

believe these to qualify as "statements," Plaintiff is directed to them to ensure comprehensive

disclosure.

12. **Relating to the subject matter of this litigation, list all affirmative defenses on which Defendants intend to rely and describe the complete basis for any such defense. Identify the statute, judicial opinion, or other authority recognizing the applicability of this defense to the subject matter of this litigation.**

   **RESPONSE:**    Defendants object to this Interrogatory as premature at this early

stage of litigation because depositions in this action have not yet begun. Defendants further

object to the extent that the Interrogatory seeks to invade the litigation strategy of Defendants'

counsel in violation of the attorney-client privilege and the protections of the work-product

doctrine. Interrogatory No. 12 is a contention interrogatory that is premature at this stage of

discovery. Fed. R. Civ. P. 33(c).

13. **Identify all pay records relating to Plaintiff.**

   **RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

incomprehensibly vague, overly broad, and unduly burdensome. It is unclear what is meant by

"all pay records." Plaintiff, like any other employee of Defendant ASDI, was paid through

ASDI's normal payroll system. Subject to and without waiving the foregoing objections,

Defendants respond that all responsive documents have been produced in a summary of payroll

payments issued to Plaintiff during his employment with Defendant ASDI.

14. **Identify every person who had knowledge of Mr. Dougherty's meeting with Kabana Perkins and Alan Blize, in November 2006, to discuss Ms. Blize's divulging to an unsuccessful job applicant that the applicant was turned down based on Mr. Perkins's recommendation that he not be hired; and describe any action(s) taken against Plaintiff after such meeting.**

**RESPONSE:**     Defendant denies the allegations contained in Paragraphs 15-19 and 23 of Plaintiff's Complaint. The burden is on Plaintiff to affirmatively prove the allegations of his Complaint. Defendants further object on the ground that the Interrogatory is phrased in such a way as to form a factual conclusion with which Defendants have not conceded. Subject to and without waiving the foregoing objections, Defendants respond that following Plaintiff's meeting with Defendant Blize regarding the circumstances involving an "unsuccessful job applicant" and Mr. Perkins, Defendant Blize asked Trula K. Blize to provide him with any information she had about the same incident.

15. **Identify the number of employees employed by ASDI who are classified as tax exempt on each of the following dates: August 16, 2006, January 1, 2007, the date this interrogatory is answered, and on the date of trial.**

**RESPONSE:**     Defendants object to this Interrogatory on the ground that it is incomprehensibly vague insofar as the term "tax-exempt employee" is not previously defined. Defendants further object to this Interrogatory on the ground that it requests information outside the scope of the relevant time period.

16. **Identify every tax exempt employee since August 16, 2006, who was placed on suspension.**

**RESPONSE:**     Plaintiff is directed to Defendants' objections and response provided in response to Interrogatory No. 15, above.

17. **Since August 16, 2006, for each suspended employee, identify all ASDI payment records for each such employee during the period of suspension.**

**RESPONSE:**     Defendants object to this Interrogatory on the ground that it is incomprehensibly vague insofar as "suspended" has not been previously defined, nor does the Interrogatory identify from what the employee would have been suspended.  Further, Defendants object to this Interrogatory to the extent that it seeks personal, private, and confidential information about third parties.

18. **Identify any written policy applicable to all employees pertaining to non-payment of wages during any suspension.**

**RESPONSE:**     Defendants object to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome.  The Interrogatory is not limited to any relevant period of time.  Similarly, the Interrogatory does not identify any potential source for such a policy.

19. **Since August 16, 2006, separately list and qualify the value of every form of compensation (including all wages and benefits and wage supplements, as defined by 19 Del. C. § 1101(a)(5) and 1109) that Defendants paid to Dougherty during his term of employment; and state the dates on which such compensation was paid.**

**RESPONSE:**     Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague insofar as it is unclear what is meant by the request to "qualify the value" of compensation.  Subject to and without waiving the foregoing objections, Plaintiff is directed to Defendants' response to Interrogatory No. 13.

**20. Identify the contents of Plaintiff's personnel record.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is incomprehensibly vague to the extent that "personnel record" is an ambiguous term not previously defined.  Subject to and without waiving the foregoing objections, Defendants respond that Plaintiff's personnel file was produced as part of Defendants' Rule 26 Initial Disclosures. The documents in that personnel file speak for themselves but, in part, included Plaintiff's I-9 verification documents, Plaintiff's offer letter and acceptance, Plaintiff's December 12, 2006 performance evaluation; Plaintiff's resume; Plaintiff's attendance records, Plaintiff's Wage and Tax Statements; Plaintiff's Application for Group Enrollment and related benefits documents.

**21. Identify the date upon which you contend that ASDI terminated the employment of Dougherty and explain the reasons for such conclusion.**

**RESPONSE:**    Plaintiff was placed on administrative leave without pay on January 2, 2007.  Subsequent to being placed on leave without pay, Plaintiff retained legal counsel, who contacted ASDI via letter. ASDI turned the letter over to its legal counsel.  Counsel for the parties thereafter communicated about Plaintiff's employment, including his administrative leave. On or about May 3, 2007, ASDI decided to separate Plaintiff from employment.  Plaintiff was thereafter notified that he had a "qualifying event" under COBRA.

**22. Identify all standards acknowledged by ASDI as applying to ASDI for the protection of its employees from health, safety, or environmental hazards.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is incomprehensibly vague, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing objections, Defendants respond that ASDI acknowledges any standards imposed

pursuant to applicable state, local, or federal laws relating to health, safety, or environmental

hazards.

23. **Identify all communications or documents between ASDI and /or Blize and Plaintiff regarding any weekly meetings routinely held on Thursday morning involving Blize and Plaintiff for the month of December 2006, and specifically for the week of 12/26.**

**RESPONSE:**    Defendant objects to this Interrogatory on the ground that it is

incomprehensibly vague.    Subject to and without waiving the foregoing objections, Plaintiff is

directed to Defendants' objections and responses provided in response to Interrogatory No. 10,

above.

24. **Describe in detail the meeting held on or about January 2, 2007, which Alan Blize, Michael Rugusters, and others attended regarding a project for ASDI-client Cephalon, including but not limited to:  (a) the identities of the person in attendance; (b) the approximate time and duration of the meeting; (c) the location of the meeting; (d) the purpose of the meeting, as explained to you and as you perceived it to be; (e) the substance of the discussion including what comments were made by which individuals; (f) how the meeting was concluded; and (g) what were your actions in the final moments of the meeting and after the conclusion thereof.**

**RESPONSE:**    Defendants object to this Interrogatory on the ground that it is

vague, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing

objections, Defendants respond as follows regarding the meeting held during the early afternoon

of January 2, 2007:  (a-c) Defendant Blize, Plaintiff Dougherty, Chuck Herrmann, Brian Pearce,

Kabana Perkins, Mike Regusters, and Ron Paolini, Jr., attended the meeting, which was held in

the "Large Conference Room" at the ASDI facility in Newark, Delaware; (d) Defendant Blize

responds that, as the person calling the meeting, no one "explained to him" what the purpose of

the meeting was.  By way of further answer, Defendant Blize called the meeting to address the

failure of ASDI to meet the client's inflexible and critical deadline on the "Cephalon project" for which Plaintiff had supervisory responsibility. The failure of the Cephalon project caused ASDI to incur serious financial costs, as well as jeopardizing the client relationship. The meeting was called after Defendant Blize had reviewed the reports of other team leaders on the Cephalon project, which strongly suggested that Plaintiff's gross negligence in executing his job duties had caused the project to fail.; (f) Defendant Blize concluded the meeting by announcing his determination that Plaintiff and Regusters were being placed on administrative leave without pay. The two employees were escorted out by Paolini, Jr.; (g) following the conclusion of the meeting, Defendant Blize met with Pearce, Perkins, and Herrmann to review how the chain of command would be managed in Plaintiff's absence. It was determined that the three managers and Brian Madeuski, would make decisions as a group in lieu of Plaintiff's direction and authority.

**25. Identify all communications or documents between Blize and/or any employee of ASDI regarding whether to reinstate Plaintiff as an employee of ASDI.**

**RESPONSE:** Defendant objects to this Interrogatory on the ground that it is vague, overly broad, unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff is directed to Defendants' objections and responses provided in response to Interrogatory No. 10, above.

**26. If you contend that Dougherty has made any admissions with respect to the subject matter involved in this action, please state the substance of such admissions(s), identify the person(s) who made the admission, the date(s) upon which each admission was made, and identify all witnesses to the admission.**

**RESPONSE:** Defendants object to this Interrogatory on the grounds that it is vague and overly broad. Defendants further objects to the extent that the term "admissions" has

not been previously defined.  Subject to and without waiving the foregoing objections,

Defendants respond that, to the extent that further discovery reveals any "admission" made by

Plaintiff with respect to the subject matter involved in this action, such statement is a party

opponent admission not subject to discovery pursuant to Rule 26.


YOUNG CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esquire*
Barry M. Willoughby (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623; 5008
Facsimile: (302) 576-3299; 3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendants*


Dated: April 7, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | Jury Trial Demanded |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Margaret M. DiBianca, Esquire, hereby certify that on April 7, 2008, a true and correct

copy of **Defendants' Responses to Plaintiff's First Set of Interrogatories Directed to**

**Defendants** was delivered by hand to the following counsel of record:

> Timothy Holly, Esquire
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE  19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esquire*
Barry M. Willoughby, Esquire (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
E-mail: mdibianca@ycst.com
*Attorneys for Defendants*

## VERIFICATION

The undersigned hereby states under penalty of perjury that he has read the foregoing Answers to Interrogatories, that he is familiar with the facts, and that, to the best of his knowledge, information and belief, the statements of fact made therein are true and correct.

Executed on this _____ day of _____, 2008.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, a Delaware | ) | |
| Corporation, | ) | |
| | | |
| Defendants. | | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

**<u>Preliminary Statement and General Objections</u>**

1.      Defendants object to Plaintiff's document requests to the extent that they

seek discovery of:

- Information or documents subject to the attorney-client privilege, or any other privilege;

- Information or documents constituting the work product of Defendants or its attorneys; and

- Information generated or documents prepared in anticipation of litigation or for trial by or for Defendants or its agents and representatives.

2.      Defendants object to each document request to the extent that it calls for

confidential or private information or documents, including, without limitation, trade

secrets, personnel or competitively sensitive information or documents, unless and until

the information or documents are the subject of a suitable protective order.  Defendants

reserve the right to produce documents and designate certain documents as "confidential"

based upon the expectation that the parties will reach agreement on the terms of a

protective order.  Defendants reserve the right, however, to withhold further production

to the extent that the parties are unable to reach agreement on the terms of a protective order or to the extent that Plaintiff withholds its production pending finalization of a protective order.

3.     Defendants object to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Defendants that are not provided for by the Federal Rules of Civil Procedure or other applicable law.

4.     Defendants have made diligent inquiry but, given the breadth of the information requested, Defendants cannot be certain that it has produced "all" documents responsive to Plaintiff's requests. Defendants reserve the right to revise, correct, add to, supplement, and/or clarify any of their responses as may be necessary.

5.     Defendants reserve the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The responses given by Defendants are subject to these general objections as well as the objections, if any, made to each specific document request.

## Specific Objections and Responses

**1.     All documents identified, referred to, relied upon, or requested in answering Plaintiff s First Set of Interrogatories directed to Defendants.**

**RESPONSE:** Defendants respond that all responsive non-privileged documents have been produced.

2.    **All documents that Defendants identified or referred to in their initial disclosures.**

**RESPONSE:** Defendants respond that all responsive non-privileged

documents have been produced.

3.    **All documents which relate or refer in any way to Plaintiffs employment with ASDI, including but not limited to, employment applications, performance evaluations / reviews of Plaintiff's performance as an ASDI employee, records of wages and fringe benefits, other pay records, employee handbooks, acknowledges of receipt of employee handbooks, policy manuals, disciplinary rules, notification of wage changes, notification of awards and honors, notification of warnings or other disciplinary actions taken against Plaintiff, correspondence or memoranda and documents to and from Plaintiff.**

**RESPONSE:** Defendants object to this Request to the extent that it is

overly broad and burdensome. Subject to and without waiving the foregoing objections,

Defendants responds that all responsive non-privileged documents have been produced.,

including Plaintiff's personnel file, performance evaluation, payroll records, offer letter,

employee handbook, and all correspondence, notes and other relevant documents within

the scope of Rule 26(a).

4.    **From August 16, 2006 *forward* (including specifically, but not limited to, the dates of January 2, 2007, January 4, 2007, January 19, 2007, January 23, 2007, and May 23, 2007), all emails, reports, drafts, notes, and correspondence sent to, from, or regarding Plaintiff, Alan Blize, Trula Blize, Kabana Perkins concerning Plaintiff's employment or termination of employment.**

**RESPONSE:** Defendant objects to this Request on the ground that it is

overly broad and beyond the scope of Rule 26. Subject to and without waiving the

foregoing objections, Defendants respond that all responsive non-privileged documents

have been produced, including all e-mails sent to or from Plaintiff's ASDI-sponsored e-mail account.

5.    **All documents, including, but not limited to, any statement from any person (signed or unsigned), concerning the allegations or defense(s) in this case.**

   **RESPONSE:**  Defendants object to this Request to the extent it seeks production of attorney-client privileged or attorney work product information. Defendants further object on the ground that it is overly broad, incomprehensibly vague, and unduly burdensome.  Subject to and without waiving the foregoing objections, Defendants respond that all responsive non-privileged documents have been produced.

6.    **All documents which mention, discuss, describe, relate to, refer to, or embody in any way any defense on which Defendants intend to rely in defense of this case.**

   **RESPONSE:**  Defendants object to this Request on the ground that it is premature at this early stage of the litigation.  And Defendants object to the extent it seeks production of attorney-client privileged or attorney work product information. Defendants further object on the ground that it is overly broad, incomprehensibly vague, and unduly burdensome.  Defendants have produced all responsive, non-privileged documents and will supplement as required

7.    **All documents which relate or refer in any way to Plaintiffs November 2006 Complaint regarding Trula Blize.**

   **RESPONSE:** Defendants object on the ground that a "Complaint regarding Trula Blize" has not been previously defined but, subject to and without

waiving their objection, Defendants respond that all responsive non-privileged documents have been produced.

8.    **All documents which relate or refer in any way to discipline of Plaintiff.**

   **RESPONSE:** Defendant responds that all responsive non-privileged documents have been produced.

9.    **All documents which relate or refer in any *way* to the knowledge of any person who was involved in Plaintiff's November 2006 Complaint regarding Trula Blize.**

   **RESPONSE:** Plaintiff is directed to Defendants' response to Request No. 7.

10.    **All documents which relate or refer in any way to Plaintiffs COBRA rights and/or ASDI and/*or* Blize's obligations attendant thereto.**

   **RESPONSE:** Defendant responds that all responsive non-privileged documents have been produced to the extent that the Request is not objectionably overly broad or ambiguous.

11.    **All documents which pertain to health, safety, or environmental hazards.**

   **RESPONSE:** Defendants object to this Response on the ground that it is overly broad, incomprehensibly vague, and beyond the scope of Rule 26.

12. **All documents which relate or refer in any way to the termination of Plaintiff's employment with ASDI.**

**RESPONSE:** Defendant responds that all responsive non-privileged documents have been produced.

13. **All documents which relate or refer in any way to communications between ASDI employees regarding the events that gave rise to this lawsuit, or the subject matter of this litigation.**

**RESPONSE:** Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and ambiguous and vague. Subject to and without waiving the foregoing objections, Defendants respond that all responsive non-privileged documents have been produced, including all e-mail correspondence to and from Plaintiff during his employment at ASDI.

14. **Each and every report, draft, note, engagement agreement, contract relating to each person whom Defendants expect to call as an expert witness, including but not limited to that which he will rely upon for his testimony, all documents supplied to or reviewed by each expert, and each expert's qualifications as an expert, including a curriculum vitae or its equivalent.**

**RESPONSE:** Defendants object to this Request on the ground that it is premature at this early stage of the litigation. And Defendants object to the extent it seeks production of attorney-client privileged or attorney work product information. Defendants further object on the ground that it is overly broad, incomprehensibly vague, and unduly burdensome. Defendants have not retained a witness at this time.

15. **All documents which Defendants intend to introduce as exhibits at the trial of this matter.**

**RESPONSE:** Defendants object to this Request on the ground that it is premature at this early stage of the litigation. And Defendants object to the extent it seeks production of attorney-client privileged or attorney work product information. Defendants further object on the ground that it is overly broad, incomprehensibly vague, and unduly burdensome. Defendants have produced all responsive, non-privileged documents and will supplement as required

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.

Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
E-mail: mdibianca@ycst.com
Attorneys for Defendants

DATED: April 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN J. DOUGHERTY,         )
                                        )
                 Plaintiff,     )
                                        )
              v.              )    C.A. No. 07-674-SLR/LPS
                                        )
ALAN BLIZE, and ASDI       )
INCORPORATED, a Delaware   )
Corporation,                  )

                        Defendants.

## NOTICE OF SERVICE

    I, Margaret M. DiBianca, Esquire, hereby certify that on **April 7, 2008**, a true and

correct copy of **Defendants' Responses to Plaintiff's First Request for the Production

of Documents** was served via Hand Delivery to the counsel of record as indicated below,

and that I electronically filed a true and correct copy of this Notice of Service with the Clerk

of the Court using CM/ECF, which will send notification to the following counsel of record:

                  Timothy Holly, Esquire
                  Connolly Bove Lodge & Hutz, LLP
                  The Nemours Building
                  1007 North Orange Street
                  P.O. Box 2207
                  Wilmington, DE  19899

                  YOUNG CONAWAY STARGATT & TAYLOR, LLP

                  */s/ Margaret M. DiBianca, Esq.*
                  Margaret M. DiBianca, Esquire (Bar I.D. 4539)
                  The Brandywine Building, 17th Floor
                  1000 West Street
                  Wilmington, Delaware 19899-0391
                  Telephone: (302) 571-5008
                  Facsimile: (302) 571- 3476
                  E-mail: mdibianca@ycst.com
                  Attorneys for Defendants

# EXHIBIT E

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**        tholly@cblh.com
**REPLY TO:**   Wilmington Office

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 25, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

      **RE:    Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

      We are in receipt of your letter dated April 16, 2008.  Your continued use of words like "absurd" continues to be ironic given Defendants' responses to Dougherty's discovery requests.  While Mr. Dougherty responded to Defendants' discovery requests in good faith (and as set forth in detail his verification), Defendants continue to provide nearly no substantive information.  We respond to your letter and proffer our own notice of deficiencies as follows:[1]

      PI1; DI1.  As you well know, Defendants have taken the position that all but two witnesses identified by Mr. Dougherty must only be contacted through you.  Thus, Mr. Dougherty's ability to substantively respond to this interrogatory is significantly less than Defendants'.   The most recent information we have to supplement already provided information is that Wayne Whittaker's cellular telephone number is 302-379-1846 and his address is 2419 Grubb Rd., Wilmington, DE 19810.  Given your representation that you have spoken with each identified witness, I find it difficult to believe that Defendants lack knowledge sufficient to answer this interrogatory (or initial disclosures) more thoroughly.  We expect immediate supplement if Defendants have additional responsive information.

      PI2.  We have consistently sent you as much information as we can regarding damages—most recently, on April 1, 2008, when we provided thorough damage calculations.  Your letter ignores our April 1 correspondence and you continue to rant about damage calculations.  You have all the information we can presently provide.

      PI3.  I encourage you to reread Mr. Dougherty's verification and also FRCP 33(a)(2).  We are in the early phases of designated discovery.  Our claims, as set forth in our complaint, form the basis of our discovery.  As stated in the response, "defendants are in the best position to know their role in the events outlined in the complaint."  We continually learn information we did not have before.  For example, although vague and evasive, Defendants respond to Mr. Dougherty's second interrogatory by admitting that Mr. Blize was ultimately responsible for ensuring ASDI was properly managed.  Indeed,

---

[1] "PI[#]" refers to Plaintiff's Interrogatory No.  "DI[#]" refers to Defendants' Interrogatory No.

605065

Margaret M. DiBianca, Esquire
April 25, 2008
Page 2

it appears that Mr. Blize had operational control over ASDI. Regardless of whether Mr. Blize had limited or no "management responsibility", as he claims, which we find difficult to believe (based upon information and belief—to be further explored in discovery, e.g., depositions), he, by his own admission, clearly played a paramount role at all levels of management. When we are finished with designated discovery we will be in a better position to answer this interrogatory more thoroughly.

DI3. For the sake of clarity (assuming *arguendo* the matter is not already clear), the interrogatory seeks information regarding who specifically at ASDI was responsible for providing Mr. Dougherty with his COBRA notification. To be even clearer—we require Defendants to explain what person is specifically designated as "administrator" in any ERISA-governed plan that included Mr. Dougherty as a participant; who the "sponsor" was of such plan(s) (as defined by 29 U.S.C. 1002 § 16(A)); and, regardless of the above, what responsibilities Mr. Blize had in overseeing and / or managing COBRA notices to Mr. Dougherty.

DI4. We refer you to Mr. Dougherty's verification. We have no further information we can provide at this time.

PI4. You refer me to your Initial Disclosures. I note that your Initial Disclosures (and their supplement) fail to provide all required information. Please update them immediately, providing all information required by FRCP 26(a) (e.g., address and telephone numbers).

DI5. Your comment regarding this interrogatory is incorrect. We refer you again to Mr. Dougherty's response. This also stands true of the paragraph numbered 12 from your letter. Mr. Dougherty further stands by his response to Defendants' Request No. 9. Although Defendants' request is, among other things, unduly burdensome, Mr. Dougherty has continued his search for responsive documents and we can offer the additional documents marked P01022-P1058 (for you to decide for yourself if it helps get at whatever you are looking for).[2]

DI7. Mr. Dougherty stands by his response. To be clear, the only offers of employment Mr. Dougherty received were from the employers identified in his response to Defendants' Interrogatory No. 8.

DI8. Mr. Dougherty received unemployment compensation in 2007 only. Mr. Dougherty responded regarding Gerson Lehman Group the best he could. In an effort to provide additional information, we refer you to the additional documents Dougherty produces as P01022-P1058 (for you to decide for yourself if it helps get at whatever you are looking for). As for your complaints about a lack of "method of calculating", I refer you to the interrogatory itself, which was properly answered.

---

[2] As I previously stated to you, we acknowledge that a copy error occurred and documents marked P605-P993 were produced in error. However, to avoid confusion, we pick back up at P0994.

Margaret M. DiBianca, Esquire
April 25, 2008
Page 3

PI8.  Mr. Dougherty interprets Defendants' response to Interrogatory No. 8 to mean that only Mr. Blize (i.e., the only ASDI employee referenced in response to Mr. Dougherty's Interrogatory No. 2) had supervisory responsibility over Mr. Dougherty during Mr. Dougherty's employment with ASDI.  If that is incorrect, we require a supplemental response.

DI9.  Defendants misunderstand the nature of Mr. Dougherty's Fourth Count of the Complaint.  The Claim is premised on 19 Del. C. § 1703(4), which does not place at issue the definition of "public body."

PI9.  Defendants claim that Mr. Blize "solicited feedback from the managerial employees . . . ."  Yet, Defendants fail to provide any of the information contained within the definition of "identify."  To this extent, Defendants' response is deficient and must be supplemented.

DI10.  Defendants draw unjustified conclusions from Mr. Dougherty's response. Clearly included within produced documents (as identified by the response to Defendants' Interrogatory No. 5, as referenced in his response to Interrogatory 10), all requested information was produced.  Although we already extended to you the courtesy of producing an index of our production (a courtesy you criticized and certainly did not reciprocate), which clearly identifies the responsive documents, we refer you to P014-015, 25-26, and 44.  The documents speak for themselves.  If Defendants intended to request something else, see the objections provided.

PI10.  Defendants' response is deficient to the extent that only correspondence is identified that was to, from, or copied to Mr. Dougherty, but not that was about (i.e., "regarding") Mr. Dougherty.  For example, an email between Mr. and Ms. Blize and / or between other employees of ASDI discussing Mr. Dougherty (but not including Mr. Dougherty as a recipient) would be responsive.  Defendants' methodology of responding to this request must be expanded to account for this deficiency.

DI12.   In perhaps your most insincere, personal criticism of Mr. Dougherty's efforts to participate in discovery (i.e., challenging Mr. Dougherty's good faith), you criticize his objections while proffering your own (i.e., to his Interrogatory No. 26). Specifically, you object that the interrogatory is "vague or overly broad" and state that the request, as Defendants understand it, is "not subject to discovery."  Yet this interrogatory emerged from Defendants.  We take from Defendants's response that they concede that the interrogatory is objectionable.  Certainly, Defendants are in the best position to know what they meant by "admission."  Defendants' response to Mr. Dougherty's Interrogatory No. 26 is deficient to the extent that Defendants' Interrogatory No. 12 was sent to Mr. Dougherty in good faith.  To any other extent, Defendants' interrogatory directed to Mr. Dougherty was in bad faith.  Mr. Dougherty stands by his response to Defendants' Interrogatory No. 12.

In sum, as set forth in his verification, and as further set forth above, Mr. Dougherty has made every effort to comply with his discovery obligations.  Any deficiencies that Defendants feel remain and have not been addressed above, should be explained in better detail.  In addition to the above, Mr. Dougherty further identifies the

Margaret M. DiBianca, Esquire
April 25, 2008
Page 4

additional deficiencies in Defendants' responses to the interrogatories directed to Defendants:

PI14.  Defendants' response reflects that a meeting did occur in November 2006, regarding an incident of "an 'unsuccessful job applicant.'"  If the subject matter of no other meeting more closely approximates the subject matter identified in Mr. Dougherty's Interrogatory No. 14, Defendants must provide a response, as requested, as to the meeting they admit occurred.  To the extent they do not provide additional information, their response is deficient.

PI15.  For the sake of clarity, "tax exempt" refers to those employees whom ASDI did not pay at separate rates of pay for working hours 40 and under, as compared with hours over 40.  Defendants' objection regarding the time period covered by the interrogatory is unsustainable.  Defendants are expected to answer this interrogatory in full, including each of the identified time periods.

PI16.  Defendants are directed to the deficiency and explanation provided for Mr. Dougherty's Interrogatory No. 15, which applies to Interrogatory NO. 16.

PI17.  For purposes of this interrogatory, Defendants may define "suspension" as Defendants use the term in responding to Mr. Dougherty's Interrogatory No. 2.  For purposes of responding to this interrogatory, the nature of suspensions is irrelevant.  The requested information regarding all suspensions must be provided.  A confidentiality order is in place.  Any objection based on the confidential nature of information is unsustainable.  Defendants' response to this interrogatory should reveal any instance where ASDI suspended an employee who was not paid different rates of pay depending on the number of hours worked, and did not pay such employee while on such suspension.

PI18.  To clarify, Mr. Dougherty's Interrogatory No. 18, seeks any responsive written policy that governed practices of employees of ASDI, regardless of the source or time period of such policy.  If ASDI has ever maintained a written policy applicable to all employees pertaining to non-payment of wages during any suspension, such policy must be identified.

PI19.  Mr. Dougherty's Interrogatory No. 19 seeks information beyond that which Defendants provided in response to his No. 13.  "Wages" and "benefits and wage supplements" are defined with specificity.  Each and every wage and benefit and wage supplement must be listed, the value of such wage and benefit and wage supplement stated, and the date on which such payment was made provided.  Until such information is provided, Defendants' response is deficient.

PI20.  Defendants may define "personnel record" as "personnel file" is defined in 19 Del. C. §731(3).  To the extent this clarification changes Defendants' response, their response is deficient.

PI21.  Mr. Dougherty interprets Defendants' evasive response to mean that ASDI terminated the employment of Mr. Dougherty on May 3, 2007.  If Mr. Dougherty's

Margaret M. DiBianca, Esquire
April 25, 2008
Page 5

interpretation is incorrect, Defendants' response is deficient, as the answer to the interrogatory is incomprehensible. Regardless, Defendants' response is deficient because Defendants fail to explain the reasons for their conclusion that the stated date was the date ASDI terminated Mr. Dougherty's employment.

PI22. Defendants' acknowledgement of the existence of standards is insufficient. To cure their deficiency, Defendants must include within their response an identification of any standard that ASDI has implemented pursuant to (i.e., in compliance with or in accordance with) state, local, or federal laws relating to health, safety, or environmental hazards.

PI23. Defendants' reference to approximately 500 pages of documents—only approximately five of which are from the week of 12/06 and a large percentage of which are not even from December 2006—is insufficient (if not deliberately designed to waste time). Moreover, Defendants' objection that Mr. Dougherty's Interrogatory No. 23 is not limited to any specified time period is clearly without merit. As previously requested, Defendants' response must be limited to December 2006 and to meetings between Messrs. Blize and Dougherty. Mr. Dougherty was able to retrieve a copy of reports of the nature we seek (produced as part of the range P0994-1021). We note that these documents were not produced by Defendants, although it is clearly responsive to our requests. This creates a concern about the comprehensiveness of Defendants' responses. All similar documents must be produced—even they are one of the email attachments that Defendants intentionally failed to produce.

PI24. Defendants' objections appear to be in bad faith; or their Interrogatory No. 11 was propounded in bad faith, because the language of the interrogatory originated from Defendants, yet they object. To the extent Defendants failed to provide information on the basis of their objections, their response is deficient.

PI25. Defendant's reference to approximately 500 pages of emails that predated Defendants' termination of Mr. Dougherty's employment is insufficient (if not deliberately designed to waste time). Defendants must respond properly to this interrogatory, including, but not limited to, any email, on or after January 2, 2007, between any ASDI employee discussing Mr. Dougherty's return from (or ASDI's refusal to return Mr. Dougherty from) what Defendants have characterized as "administrative leave." As further set forth regarding Mr. Dougherty's Interrogatory No. 10, Defendants' methodology of responding to this request must be expanded.

For many of the reasons set forth above, Defendants' response to document requests are deficient. Among other things, as stated repeatedly above, Defendants have failed to produce any electronic mail correspondence between any parties that did not also involve Mr. Dougherty. To that extent, if no other, Defendants' responses are deficient and additional documents must be produced.

While Defendants criticize the objections proffered by counsel for Mr. Dougherty (e.g., objections based on relevance issues), Defendants themselves state a relevance objection in their "General Responses and Objections". Given Defendants' professed mastery of the role of relevance objections in discovery responses, all

Margaret M. DiBianca, Esquire
April 25, 2008
Page 6

previously withheld information that was withheld for reason of relevance should be provided immediately, or will be regarded as withheld in bad faith. In any event, Mr. Dougherty fully expects Defendants to provide more complete responses to the above-referenced deficiencies within five days of the date of this letter. Please note that Mr. Dougherty reserves the right to raise other inadequacies with Defendants' responses after taking more time to fully examine them.

Sincerely,

Timothy M. Holly

cc: John J. Dougherty (via electronic mail)

# EXHIBIT F

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

May 8, 2008

**BY HAND DELIVERY**

Timothy M. Holly Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

        Re:    Dougherty v. Blize, et al.

Dear Tim:

        Pursuant to your letter dated April 25, 2008, Defendants are providing additional documents to supplement their previously filed responses to Plaintiff's First Request for Production of Documents. When combined with the previously produced documents, these documents, labeled D03192-D03356, make up all e-mails on the ASDI server (1) sent to Mr. Dougherty's ASDI e-mail account; (2) sent by Mr. Dougherty using his ASDI e-mail account; or (3) that include Mr. Dougherty's name in either the list of recipients, the subject line, or in the body of the message. In short, if there is an e-mail on the ASDI network that involves Mr. Dougherty in any way, you are now in possession of it.

        Please contact me with any questions or concerns about this production.

                        Sincerely,

                        *MMDiBi*

                        Margaret M. DiBianca

MMD:y

DB02:6807120.1                                                         066253.1003

# EXHIBIT G

# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**        tholly@cblh.com
**REPLY TO:**    Wilmington Office

April 1, 2008

**BY FIRST CLASS MAIL AND ELECTRONIC MAIL**

Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**RE:    Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

Please find enclosed the Motion to Amend the Complaint. We acknowledge receipt of your letter dated March 27, 2008. We have already provided a "computation of each category of damages" claimed by Mr. Dougherty. Defendants have failed to clarify the date upon which they claim to have terminated Dougherty's employment (or even if they admit having terminated his employment), which is relevant to our damages calculations. Regardless, these matters are likely to be issues of fact for a jury. Therefore, in a continued effort to provide as much information as possible, we offer the following further computations, which are based on termination dates most favorable to each claim and supportable by evidence. Because some categories of damages require information from Defendants, estimates are included. Dougherty will update damage computations as additional information becomes available.

I.     **Wage Payment & Collection Act.**

(A) Unpaid Wages in the weekly net amount of $1,300.31 * the number of weeks between January 1, 2007, and May 3, 2007 (i.e., 18 weeks) = $23,405.58.

(B) Liquidated Damages for I(A) in the net amount of $23,405.58.

(C) Unpaid benefits and wage supplements require information from Defendants, to be calculated between January 1, 2007, and May 3, 2007, estimated to be approximately $1,500 net per month (for an estimated total of approximately $7,500).

(D) Civil Penalty of $45,000 (i.e., $5,000 per violation * 9 unpaid bi-weekly paychecks).

TMH/cp
601701_1

Margaret M. DiBianca, Esquire
April 1, 2008
Page 2

    (E) Costs of the action, including reasonable attorney's fees – estimated at
        $100,000 for the entire action[1]

**II.    Whistleblower Protection Act.**

    (A) Back wages in the weekly net amount of $1,300.31 * the number of
        weeks between January 1, 2007, and the date of judgment (presently
        more than $78,000.
    (B) Lost benefits of an amount depending on evidence from
        Defendants, to be calculated between January 1, 2007, and the date of
        judgment, estimated to be approximately $1,500 net per month.
    (C) Front pay in the weekly net amount of $1,300.31 * a number of weeks
        found reasonable by the court.
    (D) Expungement of records relating to the disciplinary action and / or
        discharge of Dougherty.
    (E) All costs of litigation, including attorney's fees, incurred in bringing
        this claim.

**III.    Implied Covenant of Good Faith and Fair Dealing.**

    (A) See damages claimed under Whistleblower Protection Act.
    (B) $1,017.00 for penalty for taking distribution from 401(k).
    (C) Lost benefits of an amount depending on evidence from
        Defendants, to be calculated between January 1, 2007, and the date
        of judgment, estimated to be approximately the net amount of $1,500
        per month.

**IV.    Personnel File Act.**

    (A) Civil Penalty of $5,000.
    (B) Inclusion of a written statement from Dougherty explaining his
        position as to an adverse action taken against him after January 1,
        2007, to be used by Defendants as required by 19 Del. C. § 734.

**V.    COBRA.**

    (A) Civil Penalty (in the amount of $110.00 per day) for each day in
        which a violation is found to have occurred, which appears to be
        approximately 150 days (i.e., January 16, 2007-June 14, 2007),
        meaning a total penalty in the amount of approximately $16,500.

---

[1]    We cannot at this time estimate how these fees will be broken down between the five
different causes of action.

Margaret M. DiBianca, Esquire
April 1, 2008
Page 3

      (B) All costs of litigation, including attorney's fees, incurred in bringing this claim.

**VI.    FLSA.**

      (A) If unsuccessful on non-exempt status claim but successful on exempt claim:

          (1) Wages in the net amount of $1,300.31.

          (2) Liquidated Damages of an amount equal to VI(A)(1).

          (3) All costs of litigation, including attorney's fees incurred in bringing this claim.

      (B) If successful on non-exempt status claim:

          (1) Wages of an amount depending on evidence from Defendants, but estimated to be approximately the net amount of $6,000 (i.e., calculated roughly as an overtime rate of $48.75 at 12 weeks of 10 overtime hours per week).

          (2) Liquidated damages of an amount equal to VI(B)(1).

          (3) All costs of litigation, including attorney's fees, incurred in bringing this claim.

      Dougherty's damages related to income are properly reduced by the amount he has been able to earn during the relevant date used in computing the loss, which might include: (1) unemployment compensation totaling $13,728.00; (2) work for Gerson Lehrman Group totaling $861.00; and (3) work for Yoh Scientific totaling $37,860.04.

                  Sincerely,

                  Timothy M. Holly

cc: John J. Dougherty

CBLH: 595868

# EXHIBIT H

# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

WILMINGTON, DE

Timothy M. Holly
**DIRECT DIAL:** (302)-252-4217
**DIRECT FAX:** (302)-658-0380
**EMAIL:**        tholly@cblh.com
**REPLY TO:**    Wilmington Office

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 9, 2008

**BY HAND DELIVERY**
Margaret M. DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

RE:    **Dougherty v. Blize, et al., No. 07-574-SLR**

Dear Molly:

If your letter of May 8, 2008, is intended as a full response to our deficiency letter of April 25, 2008, it is exceedingly unsatisfactory. We require a full and immediate response. Interestingly, while in your Motion to Compel you criticize the timing of our response to your deficiency letter, your response is less timely and much less comprehensive than ours. We are being left with no alternative but to seek relief from the Court to compel Defendants' compliance with their discovery obligations.

We, of course, will respond to your Motion to Compel, but Dougherty has been through your discovery requests multiple times and has made sincere effort to respond thoroughly. Dougherty has been through your discovery requests yet again and the only additional information he can provide is an email he retrieved, which we produce here as P1059. You now have everything he has been able to retrieve or remember that is responsive to your requests. At this point, we are uncertain what would be accomplished even if your Motion to Compel is granted. Dougherty can do nothing more than he has already. Nonetheless, Dougherty continues to ponder your requests and will continue to supplement discovery if he is able to remember or retrieve anything else. We strongly encourage Defendants to do the same.

Sincerely,

Timothy M. Holly

Enclosure
cc: John J. Dougherty (via electronic mail)

605065

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA