IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN BLIZE and ASDI<br>INCORPORATED,<br>a Delaware Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-674-SLR/LPS<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OBJECTIONS TO
REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT AND DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS AND TO DISMISS PLAINTIFF'S
STATE LAW CLAIMS FOR LACK OF JURISDICTION**

Pursuant to Fed. R. Civ. P. 72, plaintiff John J. Dougherty ("Dougherty") hereby submits for *de novo* review two objections to the above-referenced Report and Recommendation of the Honorable Leonard P. Stark, U.S. Magistrate Judge, dated June 25, 2008 (the "Report"). First, Dougherty's proposed Amended Complaint (D.I. 38, Ex. C) alleges facts sufficient to state a claim for relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for classifying Dougherty as exempt while improperly docking his salary. Second, the Court has both supplemental and diversity jurisdiction over Dougherty's state law claims, and therefore should not require a terminated employee to litigate claims against his former employer arising from his termination in two different courts.

**A.    The Amended Complaint Sufficiently Pleads an FLSA Claim.**

1.    Dougherty's proposed Amended Complaint alleges facts sufficient to state a claim for violation of § 216 of the FLSA. The Amended Complaint alleges that Defendants ("ASDI")

1

violated 29 U.S.C. § 216 by failing "to pay not only Dougherty but also other ASDI exempt employees during disciplinary leave, even when such employees worked during a workweek." D.I. 38, Ex. C, ¶¶ 46-49. Without the benefit of discovery, Dougherty identified himself and two other management level employees whose salaries were improperly docked at or about the time of his employment at ASDI. *Id.* ¶ 46; D.I. 51, at 12 n.10. These facts are sufficient for purposes of Rule 8 and Rule 12 to permit Dougherty to take discovery to learn the extent of ASDI's improper practice and to show that the employees whose salaries were docked were in the same job classification.

2. The Report errs by recommending dismissal of the FLSA claim in the Amended Complaint based on the following regulation:

> If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions. Employees in different job classifications or who work for different managers do not lose their status as exempt employees.

29 C.F.R. § 541.603(b); Report 8.

3. First, the Report erroneously concludes that there is "no allegation" that ASDI took "improper deductions" from Dougherty because ASDI paid his January 2007 salary fourteen months later. The Amended Complaint in fact alleges that Dougherty's salary was improperly deducted. In any event, restitution during the course of post-employment litigation has no bearing on whether an actual practice of improper deductions existed.

4. Second, the Report erroneously concludes that Dougherty has no plausible way to show through discovery that improper deductions were made "for employees in the same job classification working for the same managers responsible for the actual improper deductions." The Report concludes this is so because of ASDI's claim that Dougherty was the sole Senior

2

Manager and the only person to report directly to Blize. Report 8-9 (citing ASDI's brief at D.I. 36 ¶ 18). Even assuming that only Dougherty had that particular title; titles are not dispositive.[1] What matters is whether the victims of improper salary deductions were "similarly situated." See Final Rule Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122-01 at 22180, available at 2004 WL 865626 (Apr. 23, 2004) ("An exempt employee who has not suffered an actual deduction nonetheless may be harmed by an employer docking the pay of a similarly situated co-worker"). Only through discovery can Dougherty learn the extent of the improper practice and prove that he and the other victims of it were similarly situated, so as to satisfy the "same job classification" test. Based on the Amended Complaint, it is more than plausible that Dougherty can prove that he and the other managers were in the same job classification due to Blize's control over all decisions regarding them, and that they all ultimately reported to Blize. D.I. 38, Ex. C ¶ 2 (Blize had "operational control over ASDI"); see also D.I. 38 ¶ 11 (ASDI admitted that Blize was ultimately was responsible for ensuring that ASDI was "properly managed" and had "authority to discipline all employees").

5. More generally, the Report erroneously placed on Dougherty the burden to prove in his pleading the inapplicability of the exemption. The law does not require dismissal of an FLSA claim for failure to plead details that can only be uncovered through discovery. See Wright & Miller, *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1239 at pp. 414-415 (2004) (stating "[d]etails as to the . . . names of other employees similarly situated need not be stated . . . . The complaint need not contain denials of possible exemptions or

---

[1] See *Baden-Winterwood v. Life Time Fitness*, 2007 WL 2029066, at *9 (S.D. Ohio) (explaining that "same job classification" essentially means "similarly situated"). Indeed, in the *Baden-Winterwood* case, "department heads" were considered of the same job classification even though they were the heads of diverse departments. *Id.* at **4-6.

affirmative defenses allowed by the Act; that is part of the defendant's burden of pleading"). Indeed, the burden of proving the application of an exemption is on ASDI. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (1974) (holding that the application of an exemption under the FLSA is "a matter of affirmative defense on which the employer has the burden of proof").

6. Finally, the Report incorrectly suggests that Dougherty cannot recover unpaid overtime for his entire period of employment because he was the victim of an improper deduction only in January 2007. Report 10. The DOL considered and rejected exactly this argument in announcing its Final Rule adopting the current salary-basis regulations:

> We are concerned with those employees who actually suffer harm as a result of salary basis violations and want to ensure that those employees receive sufficient back pay awards and other appropriate relief. We disagree, however, with those comments arguing that only employees who suffered an actual deduction should lose their exempt status. An exempt employee who has not suffered an actual deduction nonetheless may be harmed by an employer docking the pay of a similarly situated co-worker. An exempt employee in the same job classification working for the same manager responsible for making improper deductions, for example, may choose not to leave work early for a parent-teacher conference for fear that her pay will be reduced, and thus is also suffering harm as a result of the managers' improper practices. Because exempt employees in the same job classification working for the same managers responsible for the actual improper deductions may reasonably believe that their salary will also be docked, such employees have also suffered harm and therefore should also lose their exempt status.

Final Rule, 69 F.R. 22122-01 at 22180, 2004 WL 865626. And, whatever ASDI may say was its "intent," its intent is proved by its actual practice, the extent of which can only be shown through discovery. See 29 C.F.R. § 541.603(a).

7. Dougherty respectfully requests that the Court decline to accept the recommendation dismissing Count I of the Amended Complaint and grant Dougherty's motion to amend his complaint. See D.I. 38, Ex. C.

**B.     This Court Has Supplemental and Diversity Jurisdiction Over State Law Claims.**

8. This Court may exercise supplemental jurisdiction over Dougherty's State law claims because Dougherty's State and Federal claims arise from the same case or controversy and the State law claims do not predominate over the Federal claims (particularly if the FLSA claim is permitted to go forward, as it should). See D.I. 51, pp. 18-26.

9. But even without the FLSA claim, this Court has exclusive jurisdiction over Dougherty's COBRA claim, and it is undisputed that this Court has diversity jurisdiction over Dougherty's State law claims. ASDI does not dispute that there is complete diversity of citizenship, as well as an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). Respectfully, the Court should not exercise its discretion in favor of forcing a terminated employee to litigate the claims arising out of his termination in two different jurisdictions at the same time. There is no equity in such a position, particularly since ASDI waited until seven months after the case was filed to raise it; there is also no prejudice to ASDI in allowing this case to continue in one forum. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C, § 1653; see also *Neely v. Club Med Mgmt. Services, Inc.*, 63 F.3d 166, 180 n.9 (3d Cir. 1995) (recognizing the ability to cure defective jurisdictional allegations "to avoid the great waste of judicial resources that would otherwise attend" having to determine issue of pendent jurisdiction over state law; and holding that district court had diversity jurisdiction "at all times" even though facts supporting such jurisdiction were not initially pled).

          Respectfully Submitted,

          CONNOLLY BOVE LODGE & HUTZ LLP

          */s/ Matthew F. Boyer*
          Matthew F. Boyer (Del. Bar No. 2564)
          Email: Mboyer@cblh.com
          Timothy M. Holly (Del. Bar No. 4106)
          Email: Tholly@cblh.com
          Josiah R. Wolcott (Del. Bar No. 4796)
          Email: Jwolcott@cblh.com
          The Nemours Building
          1007 North Orange Street
          P.O. Box 2207

Date: July 10, 2008          Wilmington, Delaware 19899
          (302) 658-9141
          *Attorneys for John J. Dougherty*

## CERTIFICATE OF SERVICE

I, Matthew F. Boyer, hereby certify that on the 10th day of July, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**VIA HAND DELIVERY**
Barry M. Willoughby, Esquire
Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

／s／ Matthew F. Boyer
Matthew F. Boyer (DE Bar No. 2564)