IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. DOUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-674-SLR/LPS |
| | ) |
| ALAN BLIZE, and ASDI INCORPORATED, a Delaware Corporation, | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S PARTIAL
OBJECTION TO PROPOSED REPORT AND
RECOMMENDATIONS**

Defendants Alan Blize and ASDI, Inc. (together, "ASDI"), by and through their undersigned counsel and pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's partial objection to the Report and Recommendation issued by the United States Magistrate (the "Recommendation"). (D.I. 63). Plaintiff has objected to Paragraphs 2(a) and 2(e) of the Recommendation (the "Disputed Paragraphs"). (D.I. 64). Defendants respond that the Disputed Paragraphs were correctly decided and respectfully request that they be adopted by the Court. The grounds for Defendants' request are as follows:

**THE COURT SHOULD ADOPT PARAGRAPH 2(a)**

1.  Plaintiff's first objection is to Paragraph 2(a), recommending the dismissal of Count I of Plaintiff's Complaint. Count I alleged that Plaintiff was subject to an improper salary deduction during the first week of January 2007, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA").[1]  (D.I. 63).

---

[1] Plaintiff has since been compensated in an amount twice the alleged deduction but contends that "restitution during the course of post-employment litigation" has no impact on his claim. (D.I. 63 at 8).

2. The Parties do not dispute the applicable standard of law. As stated by the Magistrate, if an improper deduction is made, the employee loses his exempt status "during the time period in which the improper deductions were made for employees in the same job classification working for the same manager."[2]

3. Thus, the unambiguous language of the regulation explains that there cannot be an improper-deduction claim unless other employees were also subject to such deductions: (1) during the same time period as Plaintiff; and that those employees (2) were in the same job classification; and (3) reported to the same manager as Plaintiff. The Recommendation finds that Plaintiff failed to sufficiently allege these required elements. (D.I. 63 at ¶ 4).

4. Plaintiff objects to this finding on the ground that, "based on the Amended Complaint, it is more than plausible that Dougherty can prove that he and other managers were in the same job classification . . . and that they all ultimately reported to Blize." (D.I. 64 at ¶ 4). This objection is flawed for two reasons.

5. First, Plaintiff's contention improperly relies on language from the proposed Amended Complaint. The Magistrate denied Plaintiff's Motion for Leave to Amend and Plaintiff has not objected to that paragraph of the Recommendation. (D.I. 63 at 17, ¶ 1). Therefore, the arguments asserted in the proposed Amended Complaint are irrelevant to the present analysis; only the allegations in the original Complaint may be considered.

6. Plaintiff's original Complaint makes no mention of any other ASDI employees who may have been subject to improper deductions. (D.I. 63 at 3-4). For this reason, Plaintiff's Objection to Paragraph 2(a) should be overruled.

---

[2] 29 C.F.R. § 54.603(b).

7. Plaintiff's Objection to Paragraph 2(a) is flawed for a second and equally fatal reason. Even assuming, *arguendo*, that it could be considered, in this analysis, the Amended Complaint, like its predecessor, does not allege the three elements required by the Regulation.

8. There is only one reference to possible, potential comparators. Paragraph 46 of the proposed Amended Complaint states: "upon information and belief, ASDI failed to pay not only Dougherty but also other ASDI exempt employees during disciplinary leave . . . ." (D.I. 26 at ¶ 3).

9. There is no allegation that the "other ASDI exempt employees" were in Plaintiff's same job classification, nor that they reported to the same manager.[3] Plaintiff's Objection states that it is "plausible" that he may be able to prove that they were, in fact, managers, and that they, like Plaintiff, reported to Blize. (D.I. 64 at ¶ 4). But to make this factual leap, the Court must infer allegations that have not been pleaded. The Court cannot be asked to draw unwarranted inferences from Plaintiff's proposed Amended Complaint. Despite repeatedly amending his Complaint, Plaintiff has not alleged a factual basis to support his FLSA contention. A vague and meaningless assertion that it is "plausible" that he may be able to provide such facts is insufficient.

10. Even if inference was layered upon inference, as would be necessary to infer the reading requested by Plaintiff, one of the three elements would still remain unsatisfied.

---

[3] Plaintiff's Objection contends that were "two other management level employees" who were subject to improper deductions. This allegation, in fact, is not contained in the Complaint or proposed Amended Complaint. Plaintiff's attempt to reinterpret his own pleadings so that they meet the requirements of the statute is unavailing. No claim is made regarding employees in a "management level." Nor did Plaintiff previously assert that there were two such employees. Such allegations are not properly asserted in a brief. See Williams v. New Castle County, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992) ("a contention in a brief clearly may not be used to substitute for an allegation in a complaint").

As stated above, it is not sufficient to allege that other employees in the same job classification who reported to the same manager were also subject to deductions. It must also be alleged that Plaintiff and his alleged comparators were subject to deductions *during the same time period* as the deductions from the alleged comparators. There is nothing in his Complaint from which it even could be inferred that any other ASDI employee was subject to improper deductions during the week of January 1, 2007.

11. Although Plaintiff claims, incorrectly, that his Complaint contains allegations sufficient to satisfy the second and third requirements of the Regulations, he fails to even address the first requirement—that the alleged comparators were subject to improper deductions *during the same time period* that Plaintiff was subject to such deductions.

12. Because Plaintiff has failed to allege the elements required to sustain a viable FLSA claim, Paragraph 2(a) of the Magistrate's Recommendation should be adopted and Plaintiff's objection to that paragraph overruled.

## THE COURT SHOULD ADOPT PARAGRAPH 2(e)

13. Plaintiff's second objection is to Paragraph 2(e) of the Magistrate's Recommendation, which would dismiss for lack of jurisdiction, the state-law claims asserted in Counts IV, V, and VI. The basis for this objection is unclear. Plaintiff first states that the Court has discretionary authority to exercise supplemental jurisdiction. (D.I. 64 at ¶ 8). Of course, Defendants do not contest that the Court has discretion to exercise, or to refrain from exercising, supplemental jurisdiction.

14. Plaintiff does not actually claim that the Magistrate exercised its discretion in error. Instead, Plaintiff concludes, without support or legal authority, that the "Court should not exercise its discretion in favor of forcing a terminated employee to litigate . . . in two

different jurisdictions at the same time." (D.I. 64 at ¶ 9).  He goes on to assert, again without support, that "[t]here is no equity in such a position . . . [and] there is also no prejudice to ASDI in allowing this case to continue in one forum." (D.I. 64 at ¶ 9).  Plaintiff has presented no new facts and has provided no explanation for his failure to assert this claim in previous amendments.  Therefore, his objection is without merit.[4]

15.   As explained in the Recommendation, Plaintiff has not filed a motion to amend the Scheduling Order.  And the current Order provides that the time to file a motion for leave to amend has expired.  (D.I. 63 at 16).  Nor has Plaintiff filed a motion for leave to file a second Amended Complaint to plead diversity jurisdiction, which was not pleaded in either of his two prior complaints.  (D.I. 63 at 16).  Plaintiff offers no reason or support to explain on what basis the Court should permit him to "submit another set of pleadings where he failed to plead the elements of jurisdiction on two prior occasions, and particularly where the exercise of diversity jurisdiction would only save two state law claims."  (D.I. 63 at 16).

16.   And the Magistrate's refusal to do so is well-supported by the case law of this Circuit.[5]  Because Plaintiff does not point to any error in the Court's reasoning, his objection to Paragraph 2(e) should be overruled.

---

[4] See Allen v. City of Beverly Hills, 911 F.2d 367 (9th Cir. 1990) (denying leave to amend on the grounds that there were no additional facts and no explanation for the plaintiff's failure to develop the new theory in two previous amendments).

[5] See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002); 6 Wright & Miller, Fed. Practice & Proc., at § 1487 ("where plaintiff has had sufficient opportunity to state a claim but has failed to do so, leave to amend may be denied").

WHEREFORE, Defendants Alan Blize, and ASDI, Inc., respectfully request that this Court OVERRULE Plaintiff's objections to Paragraphs 2(a) and (e) and SUSTAIN Defendants' Objection to Paragraph 2(c) of the Recommended Disposition and, in every other respect, to ADOPT the Recommended Disposition, thereby GRANTING Defendants' Motion for Judgment on the Pleadings (D.I. 41), in full and dismissing Plaintiff's Complaint in its entirety.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby (Bar I.D. 1016)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; -5008
Facsimile: (302) 576-3345; -3476
E-mail: bwilloughby@ycst.com; mdibianca@ycst.com

*Attorneys for Defendants*

DATE: July 24, 2008