IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN J. DOUGHERTY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-674-SLR/LPS |
| | ) | |
| ALAN BLIZE and ASDI | ) | |
| INCORPORATED, | ) | JURY TRIAL DEMANDED |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL OBJECTIONS TO PROPOSED REPORT AND RECOMMENDATIONS**

Pursuant to Fed. R. Civ. P. 72, plaintiff John J. Dougherty ("Dougherty") hereby responds to Defendants Alan Blize and ASDI, Inc.'s (collectively "Defendants") partial objection to the Report and Recommendation of the Honorable Leonard P. Stark, U.S. Magistrate Judge, dated June 25, 2008 (the "Report"). Contrary to Defendants' claims, Dougherty's Complaint (D.I. 1) alleges facts sufficient to state a claim for relief under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq.*, for Defendants' provision of a COBRA notice that included "false and/or deceptive information."

**A.   The Court Correctly Held That The Complaint Sufficiently Pleads a COBRA Claim.**

1.   The Court correctly held that Dougherty's Complaint alleges facts sufficient to state a claim for violation of § 1166 of COBRA. Specifically, the Court held that "Dougherty's allegations that the COBRA notice he received was false and/or deceptive and incomplete do state claims on which relief may be granted." Report at 11. In doing so, the Court properly accepted as true Dougherty's allegation that the COBRA notice included false and/or deceptive

information. *See id* at 11-12; *see also* D.I. 1, ¶ 51; *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). Specifically, the Court held that Dougherty's allegation, among others, that Defendants failed to identify the qualifying event on the COBRA notice stated a claim that the notice was inadequate under COBRA in that it included false and/or deceptive information.

2. The Court's holding with respect to Dougherty's COBRA claim is wholly consistent with Third Circuit case law. Employers or plan administrators must make a "good faith" attempt to comply with COBRA and provide proper notification. *Williams v. New Castle County*, 970 F.2d 1260, 1265 (3d Cir. 1992); *see also Kane v. United Indep. Union Welfare Fund*, 1998 WL 78795, at *5 (E.D. Pa.). This "good faith" standard "require[s] … that no part of the notice be false or deceptive[.]" *Hummer v. Sears, Roebuck & Co.*, 1994 WL 116117, at *6 (E.D. Pa.).[1]

3. Based on that standard, Dougherty sufficiently alleged in his Complaint that information in the notice was false and/or deceptive. *See* D.I. 1 at ¶ 52. Moreover, it is clear from the other facts alleged that there is some question as to the propriety of the use of May 3, 2007, as the "qualifying event." *See* D.I. 1 at ¶ 29 (describing January 2, 2007, meeting where Dougherty was placed on a "leave of absence"); ¶ 32 (alleging that Defendants ignored Dougherty's requests for clarification of his employment status); ¶¶ 33-34 (same regarding Dougherty's payment status); ¶ 36 (describing Dougherty's uncertainty regarding his employment status). This five-month period of uncertainty culminated in Defendants unexpectedly providing the false and/or deceptive COBRA notice on May 18, 2007. *See* D.I. 1 at ¶¶ 40-41. Given the animosity between the parties on January 2, 2007, the Defendants'

---

[1] Defendants continue to rely on cases that were decided at the summary judgment stage, after the parties had the benefit of full discovery. *See Hummer*, 1994 WL 116117, at *1. Such cases that would require Dougherty to satisfy a burden of proof are inapposite at this stage of the proceedings.

subsequent refusal to communicate with Dougherty, and Dougherty's sudden "termination," Dougherty's Complaint sufficiently states a violation of COBRA. With additional discovery, Dougherty expects that he will be able to more fully develop these claims. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008) (holding that a complaint will survive a motion for judgment on the pleadings in the Third Circuit where it "state[s] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element"). Thus, taking the allegations as true, the Court properly held that Dougherty adequately pled a COBRA violation under applicable Third Circuit law.

4. Despite the Court's clear holding and adherence to the applicable standard of review, Defendants make several strained arguments. Defendants' claims that Dougherty did not assert the false or deceptive nature of the COBRA notice in his Complaint and that such an assertion is inconsistent with his Complaint are meritless. *See* Defs.' Part. Obj. at ¶¶ 8-9 (D.I. 65). As shown above, the allegations in Dougherty's Complaint, taken as true,[2] adequately and consistently plead that the COBRA notice was false and/or deceptive. Defendants' remaining arguments regarding the COBRA notice are equally meritless based on the Court's finding that the deficiencies of the COBRA notice must, at this stage, be taken as true. Such issues are factual and require development through discovery.

5. Dougherty's Complaint adequately pleads a violation under COBRA. Specifically, Defendants failed to provide a notice free of any false and/or deceptive information. Thus, Defendants did not, in good faith, attempt to comply with the statutory provisions of COBRA. Through discovery, Dougherty will have a chance to further develop the precise contours of Defendants false and deceptive notice. At this stage, however, the Court correctly

---

[2] Moreover, if the allegations in the Complaint are somewhat unclear, the "brief may help explain a legal theory advanced in the complaint[.]" *Williams*, 970 F.2d at 1266 n.4.

3

held that Dougherty adequately stated a claim under COBRA for a notice that included false and/or deceptive information. Therefore, the Report, as to Dougherty's remaining COBRA claim, should be affirmed.

Respectfully Submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Matthew F. Boyer (Del. Bar No. 2564)
Email: Mboyer@cblh.com
Timothy M. Holly (Del. Bar No. 4106)
Email: Tholly@cblh.com
Josiah R. Wolcott (Del. Bar No. 4796)
Email: Jwolcott@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207

Date: July 24, 2008                Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for John J. Dougherty*

4